# ANTHONY P. DELLUNIVERSITA
## Attorney at Law
5036 Jericho Turnpike-Suite 305
Tel: (631)-462-6900              Fax: (631)-462-6999
Email: anthony@apdlaw1.com

January 31, 2019

Hon. Joan M. Azrack
United States District Court Judge
E.D.N.Y.
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11723

      Stevens Baldo Lighty, PLLC v. Anthony J. DellUniversita et al.
      Civil Action No.: 2:18-cv-1600

Judge Azrack,

      Pursuant to Rule IV (B) of Your Honor's Individual Rules, this letter is respectfully submitted in response to the plaintiff's letter requesting a pre-motion conference. It is not clear from plaintiff's counsel's letter what motion he anticipates filing. Plaintiff's counsel has failed to set forth any basis or bases for any anticipated motion. Plaintiff's counsel's only intention with his letter is to misrepresent material issues of this case and once again state outright lies pertaining to my conduct. Mr. Walsh's antics could not be more transparent or misguided. Asserting inaccuracies believing it will influence the court or Mr. Dibenedetto, the agreed upon mediator, is intolerable.

      I will address each of plaintiff's counsel's misrepresentation in the order they appear in his letter.

      Counsel's assumption that I have any knowledge about any property owned by Anthony J. DellUniversita and/or Gail Delluniversita that has been listed for sale is unfounded. The characterization that any asset of Anthony J. DellUniversita and/or Gail Delluniversita was previously undisclosed continues to illustrate Mr. Walsh's inability to efficiently represent his clients. Assuming arguendo, that Anthony J and Gail do in fact own this property described in counsel's letter. There has not been request or demand made in writing or verbally. However, even if he did, neither is under any legal obligation to him or the plaintiffs to disclose any information. Gail DellUniversita was not a party to the underlying action and is not the judgment-debtor yet Mr. Walsh continues to proceed as if she was.

To make such an irresponsible and unfounded statement that I would attempt to leave a false impression with the court is indicative of the poor gamesmanship that counsel wishes to engage in. I simply will not engage in such elementary tactics. My affidavit was in response to an ex parte motion filed in which I had less than twenty-four hours to respond. Mr. Walsh should be sanctioned for such a statement.

Counsel characterizes the transfer of property located at 56 Easton Avenue North Babylon, NY 11703 as fraudulent. Said transfer is only alleged to be fraudulent by Mr. Walsh. The defendants disagree and will rely on the facts that will be presented to the court and mediator, that when applied to the law, will prove the conveyance was not fraudulent. Similarly, counsel states fraudulent conveyances were made to Mass Mutual into Anthony J and Gail's retirement accounts. These conveyances are only alleged to be fraudulent by Mr. Walsh. The defendants respectfully disagree with his position but will reserve any argument on those issues for the appropriate time.

Plaintiff's counsel again makes an allegation that I have failed in my obligations to the court. Counsel is correct that the Order issued on November 6, 2018 directed that an answer be submitted. He must have read that Order wrong as the date to submit said answer was December 5, 2018 (D.E. 40), not the date stated counsel's letter. I am sure that Mr. Walsh is aware that pursuant to Your Honor's Individual Rules, a pre-motion conference letter is a timely filing of the motion in which the pre-motion conference letter seeks to file. I intended and still intend to file my motion to dismiss. As counsel knows a pre-answer motion to dismiss must be filed before the answer is filed. *Fed.R.Civ.P. 12(b) (6)*. The Order denying my request for a motion conference was due to the court wanting the parties to engage in mediation first. The Order does not direct an answer to be submitted. Counsel does not need an answer to understand what the defendants' position is to his claims. It is well documented. In addition to that Mr. Walsh will be served with a mediation statement, as per Mr. Dibenedetto's direction, prior to the mediation, which will provide him with a detailed disclosure of the defendants' legal position.

The allegation that I am stalling the progress of this proceeding so that a Florida property the plaintiff alleges my parents own and is subject to any enforcement is once again baseless. I am not sure why Mr. Walsh is bringing Ms. Weinstein into this discussion. However, I am sure she will attest that I kept her apprised of the defendants' progress in selecting a mediator and had a lengthy discussion with her regarding the defendants' position on waiting to hear about the pre-motion conference. Once the Order was issued to pick a mediator, the defendants complied. The only reason a mediator was not picked sooner is the defendants did not have the amended complaint until the November 6, 2018 hearing. When mediation was agreed to, it was without the knowledge of the baseless and frivolous complaint the plaintiff's had filed. Plaintiff's counsel is grossly misrepresenting facts he has no idea about.

The only person who has failed to comply with the court's direction and Orders is Mr. Walsh himself. Mr. Walsh failed to answer my pre-motion conference letter until dismissal was threatened should he not respond. Mr. Walsh has failed to understand the Order issued on December 19, 2018. The Order states the court will not entertain any motions until the parties engage in mediation and submit a mediation statement. (D.E. 42. Yet here he is requesting a motion. The November 6, 2018 Order states that discovery is to be handled through Magistrate

Tomlinson. (D.E. 40). Yet Mr. Walsh has filed a pre-motion conference letter regarding discovery to Your Honor. The discovery that Mr. Walsh seeks has already been addressed with Mr. Dibenedetto during a phone conference on January 17, 2018. Mr. Dibenedetto informed Mr. Walsh that he would address any financial inability claim of the defendants with counsel and that he would request the appropriate proof should that be a position the defendants take. Mr. Walsh is trying to circumvent the mediation process by requesting court intervention on issues already discussed and resolved.

The plaintiff's request should be denied and Mr. Walsh should be sanctioned for this misconduct and waste of judicial time. Should the pre-motion conference be granted I respectfully request that the conference also include setting a motion scheduled for the defendants' anticipated motion for sanctions.

Respectfully,

/s Anthony P. DellUniversita

_____

Anthony P. DellUniversita- (APD 9294)
Attorney for Defendants

CC:   Kenneth Walsh
      Joseph DiBenedetto