# ANTHONY P. DELLUNIVERSITA
### ATTORNEY AT LAW
2 W. Main Street, Suite SE3 Bay shore, New York 11706
Telephone: 631-251-7570          Facsimile: 833-245-6690
anthony@apdlaw1.com

---

March 15, 2019

Hon. Judge A. Kathleen Tomlinson
United States District Court Magistrate Judge
Eastern District of New York
Long Island Courthouse
100 Federal Plaza- Courtroom 910
Central Islip, NY 11722

      RE:         Stevens Baldo & Lighty, PLLC vs. Anthony J. Delluniversita et. al
      Civil Action No.:  2:18-cv-1600

Judge Tomlinson:

      Pursuant to section *III (A) (1) Letter Motions,* of Your Honor's Individual Practice Rules, I respectfully submit this response to the letter motion of the plaintiff requesting I be disqualified as defense counsel. Plaintiff's motion for disqualification appears to be pursuant to Rule 3.7(b) (1) of the Rules of Professional Conduct. I will address both Rule 3.7 (a) and (b) to clear up the confusion of plaintiff's counsel. The motion respectfully should be denied and plaintiff's counsel should withdraw this frivolous motion which was made to harass and annoy the defendants and clearly to drive the cost of litigation up in hopes it would force a settlement. I intend to file a motion pursuant to FRCP 11 should this frivolous application not be withdrawn.

      Unfortunately for the fifth time I must address the blatant and unethical misrepresentations and omissions of pertinent facts plaintiff's counsel continues to make to the court.

*Background of Litigation*

      Plaintiff's counsel refers to one of the defendant's as Big Anthony. His motivation is clear but misguided. His continued disrespect and arrogance has no place in a litigation. I urge the court to reprimand plaintiff's counsel for assigning nicknames and to address the parties by their names or not to address them at all. The underlying matter was fully litigated and went to a trial and an appeal. The factual findings inconsistent with plaintiff's counsels asserted facts in his letter motion, include but are by no means limited to the following. At no time was PCA determined to be a boiler room operation. That is plaintiff's counsel's unoriginal imagination of the facts. Paul Delluniversita was found not liable on all claims, including not being found to have pierced the corporate veil. As plaintiff's counsel blatantly omits the fact that there is no judgment against Paul Delluniversita, or any defendant in this action, except Anthony J. Delluniversita. The assertion of high pressure sales is again a misrepresentation intended to put the defendants in an unfavorable light. The claim that the Delluniversitas engaged in a series of inter-family fraudulent transfers is unfounded, cannot be backed with any credible evidence and as is most of the plaintiff's claims it is frivolous.

      The deed counsel refers to was not done with any intention to defraud any creditor. It was a legitimate transfer upon the payoff of a mortgage. I will reserve the legal for my motion to dismiss. Plaintiff's counsel omits yet another pertinent fact, that while the deed may be dated May 21, 2015, it was not recorded for nearly a year on April 12, 2016.

Plaintiff's claim that Paul systematically dispersed over a one million dollars of PCA funds is blatantly fabricated. My adversary claiming I was involved in any type coin-fraud scheme proves his ignorance. I did not defend the underlying action. The law firm I was working for at the time was a New York based liaison with the lead attorneys that were hired from Dallas, TX. Counsel should do a thorough fact check before lying to the court.

*Procedural History*

Judge Azrack entered an Order to Show cause with a TRO on an ex parte application. What counsel omits is that the defendants consented to the application since the Order would not have substantially harmed them and to avoid having to get separate counsel for a hearing. The right to having the hearing was preserved on the record. See plaintiff's Exhibit B, P. 13, l. 1-12 (D.E. 50-1).

Again counsel insinuates that I had knowledge of any house owned by my parents being put up for sale. The fact is I did not say I didn't know of this property. This is a meager attempt to manipulate my words. What I stated in response to Judge Azrack's inquiry was that I did not have any knowledge about the property being put up for sale. However, counsel realizes that the property he refers to was not under any restraint. The claim that I delayed anything so that my parents could sell a house at a tremendous loss is foolish and I will not address it further.

*The Alleged Fraudulent Transfer*

The allegation that the property in question was transferred fraudulently is unfounded. I will preserve the legal argument for my motion to dismiss, simply stating that it was done for legal consideration. My role in the transfer had nothing to do with any decision or judgment. As mentioned earlier, the deed was not recorded for nearly a year after the decision by the court. When it was signed is irrelevant. In contrast to counsel's opinion, my role was not central to any transfer. I deeded myself off a property nothing more.

*Plaintiff's Counsels Argument for Disqualification is Frivolous*

Plaintiff's counsel seems confused as to what section of Rule 3.7 applies here. Any application is a frivolous one. Again, misrepresenting the fact that I refused to permit discovery at this point is exhausting. The proof is documented in emails attached to a previous letter to the court in which my conversation with the mediator was compliant with his request. (D.E. 48-1) and (D.E. 48-2). The fact is that plaintiff's counsel disrupted the process. He complained that the mediator wanted him to send the documents he had. He complained that the mediator didn't initially require what counsel wanted. He complained the entire time. Counsel cannot bring himself to have any self-awareness that he was the problem. He can pretend all he wants otherwise, but he knows that is a fact.

Rule 3.7, entitled "Lawyer as Witness" states:
(a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:

(1) the testimony relates solely to an uncontested issue;

(2) the testimony relates solely to the nature and value of legal services rendered in the matter;

(3) disqualification of the lawyer would work substantial hardship on the client;

(4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or

(5) the testimony is authorized by the tribunal.

(b) A lawyer may not act as advocate before a tribunal in a matter if:

(1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client; or

(2) the lawyer is precluded from doing so by Rule 1.7 or Rule 1.9.

Applying either section (a) or (b) plaintiff's motion should be denied. Disqualification under subsection (a) applies only when the attorney-witness actually serves as trial counsel. See *Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 179 (2d Cir. 2009); *Finkel v. Frattarelli Bros., Inc.*, 740 F. Supp. 2d 368, -4- Case 1:12-cv-01748-DLI-MDG Document 71 Filed 01/10/14 Page 4 of 8 PageID #: 373 (E.D.N.Y. 2010). Plaintiff's counsel takes the liberty of highlighting for the court the parts of the transcript from the November 6, 2018 hearing that he believes proves his claim that Judge Azrack had an issue with my representation of all defendants. It is insulting to the court to think that simply because he highlighted certain portions the court is not going to read the attached transcript and see the relevant substance of the discussion between myself and Judge Azrack. Judge Azrack addresses the issue clearly upon my asking for clarification. See plaintiff's Exhibit B, P. 12, l. 2-12 (D.E. 50-1). Counsel's implication that I was proceeding outside of the Judge's direction is a misrepresentation to this court. It has been made clear that I can represent the defendants through discovery and for a motion and up until a trial or TRO hearing. Disqualification pursuant to Rule 3.7 (a) is inapplicable.

[W]e now hold that a law firm can be disqualified by imputation only if the movant proves by *clear and convincing evidence* that [a] the witness will provide testimony prejudicial to the client, *and* [B] the integrity of the judicial system will suffer as a result. This new formulation is consistent with our prior efforts to limit the tactical misuse of the witness-advocate rule. *Murray*, 583 F.3d at 179. The movant "'bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring to the witness-advocate's client is substantial.'" *Id*. (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989)). "Prejudice" refers to testimony "that is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony.'" *Id*. First it should be noted that plaintiff's motion for disqualification by imputation is inapplicable. Rule 3.7 (b) would not apply to this case. Second, the plaintiff has not set forth any issue of prejudice occurring. The plaintiff has not set forth what testimony, if any, would be prejudicial to the client and would risk the integrity of the adversary process. One allegation of fourteen hardly seems to be significant considering the only possible testimony if this claim services a motion to dismiss, is not adverse to any defendants. Counsel's application is clear tactical misuse of the witness-advocate rule, which the court specifically seeks to limit. *Id at 179*.

A court should be reluctant to deprive defendant of its choice of counsel under these circumstances. See *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983) (noting that disqualification motions are disfavored because they impinge on a "client's right freely to choose his counsel"). The defendants are my relatives. After long discussions they asked me to defend this case as far as the judge will allow. That is my intention so long as the court permits me to continue. I have done nothing to frustrate this process. On page three in the final paragraph of Counsel's motion he references to Judge Azrack finding my representation of the defendants impractical and not permitted is telling of the plaintiff's inability to represent to the court the actual facts and circumstances of the case, whether good or bad for our clients. His only intention is to omit facts or manipulate them hoping he is not checked and discredited. If Judge Azrack believed my representation of the defendants was not permitted under the ethical rules, she would have said exactly that and directed all parties to get separate counsel. It is unclear to me why counsel is speaking on Judge Azrack's behalf or interpreting her saying I could represent all the defendants up until a trial equates to my representation of all defendants to be violating ethical rules. His argument that my representation taints the process illustrates his lack of thoroughness in reading through the rules and case law. Had he done so he would have not filed this frivolous motion.

The plaintiff has failed to show any prejudice and risk to the integrity of the process by clear and convincing evidence. Respectfully his motion should be denied. Should the court rule in favor of disqualification it is respectfully requested that each defendant be given sixty days to find new counsel, that discovery be stayed and that the matter be set down for a hearing on the TRO for each defendant.

                    Respectfully submitted,

                    /s Anthony P. DellUniversita

                    _____
                    Anthony P. DellUniversita (APD-9294)
                    Attorney for Defendants

cc: Kenneth G. Walsh via ECF
    via Fed. Ex. 100 S. Bedford Road, 3rd Fl Mt. Kisco, NY

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, the foregoing document was served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District's Local Rules and/or the Eastern District's Rules on Electronic Service, upon the following parties and participants:

Law Office of Kenneth Walsh
100 S. Bedford Road, 3rd F.
Mt. Kisco, New York 10549
(929) 241-7307

/s *Anthony P. DellUniversita*

_____

Anthony P. DellUniversita
AD-9492
2 W. Main Street-Suite SE3
Bay Shore, New York 11706
Tel. 631-251-7570
Fax. 833-245-6690

Email. Anthony@apdlaw1.com
*Attorneys for Defendants*