**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
STEVENS BALDO & LIGHTY, PLLC,,

                       Plaintiff,

        - against -

ANTHONY J. DELLUNIVERSITA and
PAUL A. DELLUNIVERSITA,

                      Defendants.
-----------------------------------------------------------X

**ORDER**

CV 18-1600 (JMA) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      By Electronic Order dated March 21, 2019, this Court granted the defendants' motion to adjourn the Initial Conference, which was scheduled for today, March 22, 2019. At that time, the Court did not have the time or opportunity to respond in any detail to DE 54, the opposition filed by defendants' counsel to the request for the adjournment. The Court would be remiss if it did not address the contents of DE 54. First, the Court finds shocking the presentation made by plaintiff's counsel in that letter. For reasons that should be self-evident, the contents of the letter display not only a lack of civility, but also a demonstrable lack of professionalism. The filing of a communication of this nature on the official docket of a case is reprehensible and is undoubtedly reflective of the animosity between counsel in this action. It is simply unacceptable.

      Notwithstanding the prior actions of defendants' counsel, which the Court is not defending here, there is no excuse for the tone and contents of DE 54. As one example, the Court finds footnote no. 2 on page 1 to be particularly appalling - and raises the question to Plaintiff's counsel "what were you thinking?" The fact that counsel would go so far as to consult a thoracic surgeon – to confirm how long a surgery similar to that which the wife of defendants'

counsel was about to undergo -- in order to "test" the veracity/credibility of the representations of defendants' counsel exceeds the bounds of rationality.

In addition, it is clear to the Court that the attachments to DE 54 have been submitted primarily for the purpose of making defendants' counsel look as bad as possible. Counsel's level of frustration does not justify such conduct – conduct which reflects the complete loss of objectivity and good judgment. The Court is therefore directing the Clerk's Office to seal the exhibits attached to DE 54.

This Order should not in any way be construed as condoning the conduct of defendants' counsel in this action – conduct which has previously been addressed by Judge Azrack. Counsel for both sides are hereby on notice that any future submissions of the nature found in DE 54 will be met with swift action by the Court, up to and including, if necessary, referral to the appropriate attorney review entities.

**SO ORDERED.**

Dated: Central Islip, New York
March 22, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge