**LAW OFFICE OF KENNETH G. WALSH**
100 S. Bedford Road, 3rd FL.
Mt. Kisco, New York 10549
(929) 241-7307

May 3, 2019

Via ECF

Magistrate Judge James Orenstein
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Stevens Baldo & Lighty, PLLC v. Anthony J. Delluniversita & Paul A. Delluniversita*,
2:18-CV-1600 (E.D.N.Y.)

Dear Judge Orenstein,

On May 2, 2019, Anthony P. Delluniversita ("Attorney Delluniversita") filed his response [D.E. 75] to the court's Minute Order of May 1, 2019. The response is implausible.

Attorney Delluniversita states in pertinent part: "Postage was purchased and the motion was packaged on April 26, 2019….Prior to leaving I deposited the motion in the care of the United States Postal Service in a mailbox of the United States Post Office located, (sic) in West Islip, New York." *Id*. at ¶ 2.

April 26th was a Friday. Presumably he deposited the package after the last collection on Friday. The United States Postal Service ("USPS") collects mail from its mailboxes six days a week. Saturday was a collection day. The postage Attorney Delluniversita purchased was "United States Postal Service Mail 1-Day priority" (sic), according to his Certificate of Service ("CoS"). The package I ultimately received has a bar code on it. Annexed as Exhibit A is a photo of said package. This bar code allows the sender (Attorney Delluniversita) or the recipient to track the package, if they have the tracking number. The USPS Tracking system did not have any record of this package in their possession until 7:31 PM on Tuesday, April 30, 2019. *See* Exhibit B. If we are to believe Attorney Delluniversita's response, the USPS failed to either (i) collect the package he placed in a mailbox during its collections on Saturday, April 27th or again on Monday, April 29th or (ii) failed to scan the package when they collected it on either of these two collection days. Why did this package not register in the USPS Tracking system until the evening of April 30th, four days after this "United States Postal Service Mail 1-Day priority" was placed in their collection box as Attorney Delluniversita claims? His response does not answer this.

A more plausible explanation is that it was placed in a USPS mailbox on Tuesday, April 30th after Attorney Delluniversita received my email of 2:24 PM that day inquiring where the package was. Annexed hereto as Exhibit C is a copy of said email to Attorney Delluniversita. The USPS's Tracking system suggests this is the more likely because this package was scanned

when it was received at the Bay Shore postal facility.  The USPS's tracking information, coupled with the fact that Attorney Delluniversita purchased his "Click-N-Ship" label on April 26, 2019 and identified on his CoS that he sent the package "United States Postal Service Mail 1-Day priority" that evening.  One would expect the package to have arrived at my office on Monday, April 29, 2019 since it was sent via 1-Day Priority Mail as stated in the CoS.

Attorney Delluniversita makes the point in the penultimate paragraph on the first page of his response that "[w]hat is conveniently left out is at the very top of the document, under the tracking number it clearly states, 'the package is on its way to the USPS facility." Response at Page 1. D.E. 75.  What Attorney Delluniversita is referring to is the standard section of the USPS Tracking webpage.  On April 26, 2019, Attorney Delluniversita simply sent "Pre-shipment Info Sent to USPS, **USPS Awaiting Item**." Emphasis added. *See* Exhibit A to my letter of April 30, 2019. D.E. 74. This is triggered when the Click-N-Ship is generated.

What Attorney Delluniversita should be focusing on is the section entitled "Tracking History".  That is the portion of the USPS's website that tells us the journey this package is making based on its unique Tracking No. 9405 5036 9930 0490 0640 55.  This tracking number is not found in their system until April 30, 2019 at 7:31 PM as being accepted in Bay Shore, NY. But his CoS says he deposited in a mailbox in West Islip.  West Islip has a post office, then why does the initial tracking information state it was received in Bay Shore and not West Islip?

Why was this package not scanned by a USPS employee on Saturday, April 27, 2019? According to Attorney Delluniversita's account, his package sat somewhere in the USPS system for almost four full days (Saturday, April 27th to Tuesday, April 30th at 7:31 PM) before it was scanned and the tracking information registering in its system. The scanning and Tracking system's information more than suggests that Attorney Delluniversita's version is simply not true and that his CoS is subject to some form of sanction.

Today, I went to the Thornwood, New York Post Office and had an opportunity to speak to three USPS employees.  They looked at the package and ran the Tracking No. through their computer system; all three agreed that this package was not deposited with the USPS until April 30, 2019.  Because Attorney Delluniversita's own label on the package states that the ***Expected Delivery Date 4/27/19.***  Emphasis added. *See* Ex. B. So why did this tracking number not appear in the system?  The simple answer is because it was not deposited with the USPS until Tuesday, April 30, 2019, after Attorney Delluniversita received my email.  *See* Exhibit C.

When the package finally arrived at my office on Wednesday, May 1st, five days after it was purportedly sent via one day delivery--it was incomplete. Missing from the package were Exhibits F & G to Attorney Delluniversita's Declaration of April 26, 2019.  We are now a week into Plaintiff's fourteen days to respond to the motion under Judge Brodie's Scheduling Order dated April 30, 2019 and I have yet to receive a complete set of the motion papers. Moreover, defendants' memorandum of law in support of their motion has changed by his own admission. *See* D.E. 75. According to Attorney Delluniversita's Motion to Exceed the Page Limit requesting an additional 9.5 pages and disclosing that he used the wrong type face. The memorandum of law Plaintiff is dealing with is still not proper.  The pagination will change once the appropriate

font is used. I still do not have the corrected memorandum of law yet. I will note, that Attorney Delluniversita's response again uses the wrong font size.

The reason for Attorney Delluniversita's gamesmanship is that his motion to dismiss is a dead-letter. He simply repackaged arguments he previously presented to Judge Azrack in November 2018 when he requested in a Letter requesting a Pre-Motion Conference. D.E. 42. That request was denied on December 19, 2018. During our last interaction with Judge Azrack on March 5, 2019, Judge Azrack stated "*I would just suggest—from what I've read of your [Attorney Delluniversita] papers, I don't think a motion to dismiss is going to be successful, so I would suggest you answer*." TR 4:13-16. Annexed hereto as Exhibt D is a copy of the transcript with the court on that day.[1]

Attorney Delluniversita is doing everything to avoid having to deal with the merits of this case. He was advised by Judge Azrack that his previous arguments would not be successful in December and March. Thereafter, this case was then transferred from Islip to Brooklyn and he is seizing upon that transfer to present a series of hollow arguments again and sandbag Plaintiff's ability to address his motion to dismiss through the sharp practice of filing a false Certificate of Service that cannot stand up to scrutiny.

As it stands, Plaintiff's time to respond to the court's Scheduling Order concerning this motion is running and we do not have a complete and proper set of motion papers. The explanation Attorney Delluniversita proffers strains creditability and is implausible. Some type of relief or sanction needs to be imposed by the court to curtail his behavior and allow the case to proceed on the merits.

Respectfully submitted,

Kenneth G. Walsh

Cc: Anthony P. Delluniversita, Esq.

---

[1] The court convened this teleconference with the parties because it was discovered that Defendants Anthony J. Delluniversita and Gail A. Delluniversita had listed a previously undisclosed property in Florida for sale in violation of restraining notices served upon them in supplementary proceedings to enforce Plaintiff's judgment out of the Southern District of Texas. *See* D.E. 45. Attorney Delluniversita denied knowledge of this property which has been in his family's name for 13 years. Judge Azrack instructed Plaintiff to amend the complaint in March to add these allegations. Now we have defendants motion to dismiss the allegations contained in the Second Amended Complaint. Exhibit E attached hereto is the Palm Beach Assessor's webpage showing defendants are the registered owners of the property discussed.

**EXHIBIT A**

**Kenneth Walsh**

**From:** Ken Walsh <kgwalsh78@gmail.com>
**Sent:** Friday, May 3, 2019 12:46 PM
**To:** Kenneth Walsh



Sent from my iPhone

1

**EXHIBIT B**

# USPS Tracking®   FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** 9405503699300490064055        Remove ✕

**Expected Delivery by**

# WEDNESDAY

# 1 MAY 2019 ⓘ

by

**8:00pm** ⓘ

## In-Transit

April 30, 2019 at 8:48 pm
Departed USPS Regional Origin Facility
METRO NY DISTRIBUTION CENTER

**Change Delivery Instructions** ⌄

| Text & Email Updates | ⌄ |
|---|---|
| Delivery Instructions | ⌄ |
| Tracking History | ⌃ |

**April 30, 2019, 8:48 pm**
Departed USPS Regional Origin Facility
METRO NY DISTRIBUTION CENTER
Your item departed our METRO NY DISTRIBUTION CENTER origin facility on April 30, 2019 at
8:48 pm. The item is currently in transit to the destination.

Case 2:18-cv-01600-MKB-JO   Document 76   Filed 05/03/19   Page 8 of 21 PageID #: 860

**April 30, 2019, 8:46 pm**
Arrived at USPS Regional Origin Facility
METRO NY DISTRIBUTION CENTER

**April 30, 2019, 7:31 pm**
Accepted at USPS Origin Facility
BAY SHORE, NY 11706

**April 27, 2019**
Pre-Shipment Info Sent to USPS, USPS Awaiting Item

---

**Product Information**                                                    ∨

---

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**
**app=UspsTools&appURL=https%**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

**EXHIBIT C**

## Kenneth Walsh

| | |
|---|---|
| **From:** | Kenneth Walsh |
| **Sent:** | Tuesday, April 30, 2019 2:24 PM |
| **To:** | Anthony P. Delluniversita |
| **Cc:** | Kenneth Walsh |
| **Subject:** | Stevens Baldo & Lighty, PLLC v. Delluniversita et al. |
| **Importance:** | High |

| **Tracking:** | Recipient | Delivery | Read |
|---|---|---|---|
| | Anthony P. Delluniversita | | |
| | Kenneth Walsh | Delivered: 4/30/2019 2:24 PM | Read: 4/30/2019 2:24 PM |

Dear Mr. Delluniversita,

On Friday, you filed a Certificate of Service with the court that appears to be inaccurate. I have not received the motion you represented to the court that you served via USPS's Priority Mail with the tracking no. on the attachment to the certificate of service.

Can you explain the issue? Where are this papers? Was the motion even served as you represented. Did you use the wrong tracking number? The bottom line is as of noon today, I have not received your papers, so you have not served them in accordance with Judge Brodie's Scheduling Order.

While I understand that you were under pressure to file this motion and make a few mistakes in doing so. Which the court just granted your application to exceed the page limit. Service is a significant issue and as of now, I have not been served. Please turn to this matter immediately because I want to see your motion papers in their entirety as Rule 5 requires.

Regards,

Kenneth G. Walsh

**EXHIBIT D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


```
----------------------------X
                            :
STEVENS BALDO & LIGHTY, PLLC,:
                            :      18-CV-1600 (JMA)(AKT)
            Plaintiff,      :
                            :      March 5, 2019
                            :
         V.                 :      Central Islip, NY
                            :
ANTHONY J. DELLUNIVERSITA,  :
et al.,                     :
            Defendant.      :
----------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
BEFORE THE HONORABLE JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:          KENNETH WALSH, ESQ.



For the Defendant:          ANTHONY DELLUNIVERSITA, ESQ.


Audio Operator:


Court Transcriber:          ARIA SERVICES, INC.
                            c/o Elizabeth Barron
                            102 Sparrow Ridge Road
                            Carmel, NY 10512
                            (845) 260-1377



Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1             THE CLERK:  Calling civil case 2018-1600,
2    Stevens Baldo & Lighty, PLLC v. Delluniversita.
3             Counsel, please state your appearances for
4    the record.
5             MR. WALSH:  Kenneth Walsh on behalf of the
6    plaintiffs.
7             MR. DELLUNIVERSITA:  Anthony Delluniversita
8    on behalf of the defendants.
9             THE COURT:  Good afternoon, gentlemen.
10            MR. DELLUNIVERSITA:  Good afternoon.
11            THE COURT:  My first question is to Mr.
12   Walsh.  Tell me, what's the basis for your assertion
13   that there's a Florida property?  Give me some
14   specifics about it, please.
15            MR. WALSH:  Your Honor, can you hear me?
16            THE COURT:  Yes, but speak up.
17            MR. WALSH:  My basis is, my private
18   investigator has done a detailed search, active search
19   on the defendants, and it's contained in my
20   investigative report.
21            THE COURT:  Okay, but what is it that leads
22   you to believe that this Lantana (ph) property is owned
23   by one of the defendants?
24            MR. WALSH:  Your Honor, I cannot hear you.
25            MR. DELLUNIVERSITA:  I'm having a difficult

3

```
 1   time as well.
 2            THE COURT:  What is it that leads you to
 3   believe -- what facts do you have that lead you to
 4   believe that one of the defendants owns the Lantana
 5   property?
 6            MR. WALSH:  My investigator has done a
 7   detailed search and I have a copy of the deed.
 8            THE COURT:  What does the deed say?  Who
 9   does the deed say the owner is?
10            MR. WALSH:  Pardon me, I mis-spoke, your
11   Honor.  I have a copy of -- I found it on the Palm
12   Beach County assessor's report, that Anthony J.
13   Delluniversita and Gail A. Delluniversita are the
14   owners of that property in Florida.
15            THE COURT:  So that's according to the tax
16   records?
17            MR. WALSH:  Yes.
18            THE COURT:  In Palm Beach County?
19            MR. WALSH:  Yes.
20            THE COURT:  Mr. Delluniversita, do you want
21   to be heard on that?
22            MR. DELLUNIVERSITA:  I haven't seen what
23   counsel is referring to.  I don't know -- I don't know
24   if that's a tax document or not or how (ui).  I'd have
25   to take a look at it before I comment on it.  I don't
```

4

```
1   know what he's referring to, to make a competent
2   statement on it.
3              THE COURT:  All right, fine.  Why don't you
4   give him some information about it, Mr. Walsh?  Do you
5   want to amend your complaint and add that?
6              MR. WALSH:  I do, your Honor.  I also need
7   to add PCA Collectibles as a defendant, also.
8              THE COURT:  Okay.  So what we're going to do
9   is, you're going to amend, do whatever amendments you
10  want to the complaint by March 22nd.  And then the
11  defendants need to answer or move by April 26th.
12             MR. WALSH:  Okay.
13             THE COURT:  I would just suggest -- from
14  what I've read of your papers, I don't think a motion
15  to dismiss is going to be successful, so I would
16  suggest that you answer.  And I'm also not going to
17  stay discovery in the meantime.  So I'm going to be
18  sending the case to Judge Tomlinson for her to schedule
19  a discovery conference with you, and discovery is going
20  to begin whether you move or not.  Discovery will not
21  be stayed.
22             MR. DELLUNIVERSITA:  Understood.
23             THE COURT:  And if there are any issues with
24  discovery or with respect to the representation of the
25  various defendants, you need to raise them with Judge
```

```
 1   Tomlinson.   Do you hear me?
 2           MR. DELLUNIVERSITA:   All right.
 3           MR. WALSH:   Yes, your Honor.
 4           THE COURT:   All right, I think we're done.
 5   Thank you.
 6           MR. WALSH:   Thank you very much, bye-bye.
 7           MR. DELLUNIVERSITA:   Thank you.
 8                       * * * * * * *
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18      I certify that the foregoing is a correct

19   transcript from the electronic sound recording of the

20   proceedings in the above-entitled matter.

21

22

23

24

25   ELIZABETH BARRON            April 3, 2019

**EXHIBIT E**



ADJUST FONT SIZE: ➕ ➖ RESET

Select Language ▼

Website Search 🔍

# DOROTHY **JACKS**
CFA, AAS
Palm Beach County Property Appraiser
*We Value What You Value*

Real Property ⌄

Search by Owner Name(Last Name first) or Address or PCN   **Search**

☰ Classic PAPA   ★ MyPAPA   🖶 Print This Page   🗎 Save as PDF   🖶 Print Property Summary

🗎 2018 Proposed Tax Notice

Property Detail   Owner Information   Sales Information   Exemption Information   Property Information   Appraisals

Assessed and Taxable Values   Taxes

Full Property Detail

## Property Detail

PAPA Banner

| | |
|---|---|
| Location Address | 806 E WINDWARD WAY UNIT 203 |
| Municipality | LANTANA |
| Parcel Control Number | 40-43-44-34-39-000-2030 |
| Subdivision | MOORINGS AT LANTANA CONDOMINIUM NO 3 |
| Official Records Book | 19385     Page 1615 |
| Sale Date | AUG-2005 |
| Legal Description | MOORINGS AT LANTANA CONDOMINIUM NO 3 UNIT 203 |

| Owners | Mailing address |
|---|---|
| DELLUNIVERSITA ANTHONY J & | 806 E WINDWARD WAY # 203 |
| DELLUNIVERSITA GAIL A | LANTANA FL 33462 8012 |

| Sales Date | Price | OR Book/Page | Sale Type | Owner |
|---|---|---|---|---|
| AUG-2005 | $355,000 | 19385 / 01615 | WARRANTY DEED | DELLUNIVERSITA ANTHONY J & |

No Exemption Information Available.

Number of Units 1   *Total Square Feet 1265   Acres

| | |
|---|---|
| Use Code | 0400 - CONDOMINIUM |
| Zoning | MW - Waterfront Mixed Use ( 40-LANTANA ) |

| Tax Year | 2018 | 2017 | 2016 |
|---|---|---|---|
| Improvement Value | $163,500 | $174,500 | $167,500 |
| Land Value | $0 | $0 | $0 |
| Total Market Value | $163,500 | $174,500 | $167,500 |

All values are as of January 1st each year

| Tax Year | 2018 | 2017 | 2016 |
|---|---|---|---|
| Assessed Value | $163,500 | $174,500 | $167,500 |
| Exemption Amount | $0 | $0 | $0 |
| Taxable Value | $163,500 | $174,500 | $167,500 |

| Tax Year | 2018 | 2017 | 2016 |
|---|---|---|---|
| Ad Valorem | $3,290 | $3,562 | $3,455 |
| Non Ad Valorem | $304 | $236 | $233 |
| Total tax | $3,594 | $3,798 | $3,688 |