# ANTHONY P. DELLUNIVERSITA
Attorney at Law
2 W Main Street, Suite SE3A
Bay Shore, New York 11706
Tel: (631) 251-7570     Fax: (716) 919-1480
Email: anthony@apdlaw1.com

May 28, 2019

Hon. Magistrate Judge
James Orenstein
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Stevens Baldo Lighty, PLLC v. Anthony J. DellUniversita et al.
      Civil Action No.: 2:18-cv-1600

Judge Orenstein,

      Defendants' respectfully submit the following in accordance with Your Honor's Minute Order dated May 21, 2019. The defendants had limited discussions regarding the substitution of counsel due to the short work week and the long Holiday weekend during which some defendants were traveling. The process has started; however, new counsel has not been selected

      It is respectfully requested that the court permit defendants select new counsel by October 15, 2019 which is directly between the September 17, 2019, next status conference date, and the pretrial conference date of November 15, 2019. The request for October 15, 2019 is for the following reasons. This will allow the transition to not prejudice either party. Until the April 5, 2019 conference the defendants thought they would not have to select new counsel until after discovery was complete, including deposition as per Judge Azrack's Order on November 6, 2018. It is respectfully requested that the defendants do not have to select new counsel until the completion of discovery, including depositions, or the October 15, 2019 substitution date, whichever occurs first. The plaintiff has served documents demands on Anthony J., Gail A. and Paul A., and has served a notice of deposition on Kelly DellUniversita which is currently scheduled for June 4, 2019. Defendants have served a document demand on the plaintiff. In light of plaintiff's counsel's demands and his position that he has essentially most of the discovery he needs, it seems that discovery should be completed before the next status conference.

      Further it is respectfully requested that I be permitted to make an application to the court whether via phone conference or letter motion to remain as counsel through the resolution of this matter, or in the alternative until the completion of discovery, including depositions. Since the April 5, 2019 conference it has become clear that I should not be a defendant in this action. The second amended complaint does not state a claim against me individual and the plaintiff's have no meritorious against me for any fraudulent transfer. I was not a defendant in an action for money damages, there is no judgment against me regarding this plaintiff and I have not hindered or delayed the collection of the plaintiff's debt. I demanded plaintiff's counsel discontinue against me as a defendant due to the frivolous nature of the allegations against me and the legal impossibility or recovery. I anticipate at the very least the cause of action against

me will be dismissed via the motion to dismiss that was just filed. When I made the demand for counsel to withdraw against me and theorized that counsel only included me to leverage the judgment debtor, he responded in an email that I was included because Judge Azrack wanted all people listed on the deed of the home in question included in the complaint. Clearly counsel did not believe I should have been a defendant in this action and only followed the direction of Judge Azrack when he applied for the TRO ex parte. This was an error. I had no role in the transfer of the property, other than removing myself from the deed, which has no impact of the creditor's collection of the debt or ability to reach it. I did not transfer my ownership in the property to the judgment debtor, I was not the transferee, I received no benefit from the transfer. I simply took myself off the deed.

In addition to the above, rule 3.7 clearly sets forth the standard in which a lawyer should not act as an advocate. There is no conflict of interest in this case. My testimony, if any, can only be on an uncontested issue. I can only testify that the property was transferred. This encompassed two of twenty-four causes of action. I will not be questioned regarding any of the other causes of action as I have no knowledge of the facts these causes of action are based on. I did not work for PCA, or Paul A., or Anthony J. I am not a witness on any contested issue. I am not a witness on any significant issue of fact. Plaintiff's counsel cannot disagree with that. I believe that it is evident in the fact that counsel has served discovery on all the other defendants, expect me. Disqualifying me as counsel would work a substantial hardship on the remaining defendants.

I do not want to burden the court with any further legal argument or authority on the issue as this letter is not for that purpose. However, it is respectfully requested that Your Honor set a telephone conference date to discuss possible motion schedule on the issue or a verbal application, whichever the court prefers. Should that be denied I would as the date set forth above to substitute counsel.

Thank you.

Respectfully,

/s Anthony P. DellUniversita

———————————————
Anthony P. DellUniversita- (APD 9294)
Attorney for Defendants
2 W. Main Ste- Suite SE3A
Bay Shore, New York 11706
(631) 251-7570

CC: Kenneth Walsh
Via email to kwalsh@kgwalshlegal.com