**LAW OFFICE OF KENNETH G. WALSH**
100 S. Bedford Road, 3rd FL.
Mt. Kisco, New York 10549
(929) 241-7307

June 17, 2019

<u>Via ECF</u>

Magistrate Judge James Orenstein
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Stevens Baldo & Lighty, PLLC v. Anthony J. Delluniversita et al.*,
        2:18-CV-1600-MKB-JO (E.D.N.Y.)

Dear Judge Orenstein:

  In accordance with this Court's Scheduling Order of June 10, 2019, Plaintiff respectfully replies to Defendants' letter of May 28, 2019.[1] Simply stated, the Advocate-Witness Rule, found in Rule 3.7(b)(1) of the Rules of Professional Conduct (22 NYCRR 1200.0)[2], precludes Anthony P. Delluniversita ("Attorney Delluniversita") from continuing to represent the defendants in the above-referenced matter.[3]

  Since the matter was transferred to this Court, your honor has issued two Minute Orders confirming the professional conflict afflicting Attorney Delluniversita and requiring him to disclose substituted counsel by May 28, 2019.[4] He has failed to comply and unilaterally determined that substituted counsel is not necessary until October 15, 2019. He asserts that requiring defendants to obtain substitute counsel would be some unidentified prejudice. Plaintiff respectfully submits that the prejudice runs the other way. Attorney Delluniversita's participation in this matter is simply designed to delay this proceeding while his family continues to frustrate the collection of the judgment entered in the matter entitled *Albert P. Malvino, Representative of the Estate of Bonnie Pereida, Deceased v. Paul A. Delluniversita*, No. 2:12-cv-401 (S.D.TX.) ("Malvino Action") through the attempted use of additional fraudulent conveyances.

---

[1]  Procedurally, Defendants' May 28, 2019 letter was not a motion, therefore, the Court's three-page limitation should not apply. If it is deemed a letter motion, Plaintiff respectfully requests that it be permitted to exceed three pages to provide the Court with a more fulsome and robust picture of why Attorney Delluniversita should be disqualified based on his and his clients misconduct.
[2]  Formerly, Code of Professional Responsibility DR 5-102 (b) (22 NYCRR 1200.21(b)).
[3]  Plaintiff respectfully requests that its prior application to disqualify Attorney Delluniversita be incorporated herein by reference. D.E. 50.
[4]  See Minute Orders of April 15, 2019 and May 21, 2019.

1

*Inaccuracies Contained in Attorney Delluniversita's May 28th Letter*

Attorney Delluniversita's May 28th Letter contains a number of inaccurate statements which relate directly to his continued participation in this matter and must be addressed straightaway.

First, he mischaracterizes Judge Azrack's Minute Orders of November 6, 2018. Nowhere did the Court state that Attorney Delluniversita could remain as counsel until discovery was completed, including depositions. Judge Azrack merely ruled that he could remain as defense counsel while the parties went to mediation and undertook limited discovery.[5] The Court was troubled by Attorney Delluniversita's continued representation of the other defendants. Judge Azrack was willing to permit Attorney Delluniversita to continue provided that the parties entered into mediation and exchanged limited discovery. Neither has happened.

Attorney Delluniversita claims that he believes that he should not be a defendant in this matter. He is a defendant because he participated in the May 21, 2015 transfer of 48 Easton Avenue, North Babylon, New York (the "North Babylon Property") as a grantor. This occurred while he was representing the defendants in the Malvino Action and therefore should have been aware that this was a fraudulent transfer.

He also claims there are "no conflicts of interest." However, this Court expressly stated in its Minute Order of April 15, 2019, that "defendants' counsel is already in a position to anticipate that his testimony on the merits will be necessary, and that his testimony may or may not agree in a material respects with his codefendant clients." The Court has clearly identified that a conflict will likely arise and as a result Attorney Delluniversita cannot appear as counsel for defendants.

Attorney Delluniversita states that "*I did not work for PCA, or Paul A. or Anthony J.*" (Emphasis added). This statement is demonstrably false. Attorney Delluniversita is listed as the lead attorney for Paul, PCA and Anthony—the Judgment Debtor in the Malvino Action.[6]

*Second Amended Complaint*

On January 29, 2019, Plaintiff brought to the Court's attention that the Judgment Debtor and his wife, Gail A. Delluniversita ("Gail") were attempting to sell a previously undisclosed property in Florida.[7] D.E. 45. During a teleconference on March 5, 2019, Judge Azrack directed Plaintiff to amend the complaint to allege these new facts by March 22, 2019. Plaintiff filed its Second Amended Complaint ("SAC") on March 22, 2019. The SAC expressly alleged the listing of the Lantana Property for sale by the Judgment Debtor and Gail in violation of

---

[5] Annexed hereto as Exhibit A for the Court's ready reference is the transcript of the November 6, 2018 hearing before Judge Azrack.

[6] Annexed hereto as Exhibit B is a copy of the Docket Sheet. He is listed as the "Lead Attorney" on this federal docket sheet. Pages 1-4 of the docket confirm that Attorney Delluniversita has misrepresented a basic fact concerning his involvement in the Malvino Action.

[7] 806 E. Windward Way, Lantana, Florida ("Lantana Property"). Although previously served with a subpoena and restraining notices, Anthony and Gail disregarded said notices and placed this property for sale.

restraining notices. The SAC also requested that a constructive trust be imposed upon the home of defendants Paul A. Delluniversita ("Paul") and his wife, Kelly Walsh ("Kelly") located at 428 Myrtle Avenue, West Islip, New York (the "West Islip Property") because the property was purchased with funds derived from Anthony and Paul's fraudulent coin sale scheme. *See* SAC at ¶87.

*Attorney Delluniversita is Now Assisting another Potential Fraudulent Transfer*

During Kelly's deposition on June 4, 2019,[8] she testified that she and Paul listed the West Islip Property for sale less than a week after the SAC was filed.[9] Tr. at 47:20-24. She confirmed that the property is now in contract and that Attorney Delluniversita is representing them. *Id.* at 49:18-50:3. This testimony shows that Attorney Delluniversita should be immediately disqualified from representing any of the defendants in this matter. This is precisely the same activity which caused Judge Azrack to raise the Witness-Advocate Rule *sua sponte* at the November 6, 2018 hearing. He is again assisting defendants in dissipating assets.

*Attorney Delluniversita's Obstructionist Tactics during Deposition*

The SAC alleges that Kelly was the beneficiary of nine fraudulent transfers of PCA funds to cover the tax liabilities of her and her husband, Paul. SAC at ¶¶ 176-184 & 203-211. During Kelly's deposition, Plaintiff introduced 12 items which were payable to taxing authorities drawn on PCA's account. Her and Paul's name appears on 2 of the 12 items. All 12 items had a social security no. XXX-XX-4900 on them. Attorney Delluniversita made 24 speaking objections to every question concerning (i) the consideration given in exchange for these payments[10] and (ii) the social security number on the checks. Kelly claimed not to know her husband's social security number—although Paul attended her deposition. Moreover, **Paul testified at his April 11, 2014 deposition in the Malvino Action that his social security number ended in 4900.**[11] She testified that she believes that she and her husband file joint federal and state tax returns.

On Friday, June 14, 2019, I obtained a LexisNexis report with the first five digits of Paul social security number. When the LexisNexis report five digits are coupled with the four given by Paul during his Malvino deposition, we get all nine digits on the 12 items introduced as exhibits during Kelly's deposition. Attorney Delluniversita was simply playing games to disrupt

---

[8] Kelly was represented at the deposition by Attorney Delluniversita—contrary to the court's Minute Order of April 15, 2019, which expressly stated that if Attorney Delluniversita had not withdrawn as defense counsel by the time deposition began, the court would entertain a renewed motion for disqualification.

[9] Annexed hereto as Exhibit C is a copy of Kelly Walsh's June 4, 2019 Deposition Transcript and a printout of the Multiple Listing Service of Long Island, Inc. confirming that the West Islip Property was listed for sale on April 27, 2019. Annexed hereto as Exhibit D is the MLS listing.

[10] Attorney Delluniversita finally instructed the witness not to answer; this prompted a call to chambers and we were advised to go forward and if the issue continued to call back. The deposition proceeded and Kelly testified that she gave no consideration or anything of value to PCA in exchange for the tax payments introduced as exhibits at her deposition.

[11] Ironically, Rule 5.2 of the Federal Rule of Civil Procedure is providing cover for defendants to claim ignorance of the social security numbers at issue here. The transcript of Paul's deposition in the Malvino Action only lists the last four digits of his social security number. Annexed hereto as Exhibit E are the relevant portions of Paul's deposition transcript from the Malvino Action defendant by Attorney Delluniversita. Attorney Delluniversita defended Paul at his deposition in the Malvino Action. In addition, Paul attended Kelly's June 4th deposition

the deposition and frustrate counsel's examination of the witness. Plaintiff will gladly submit these deposition exhibits and the LexisNexis report to chambers for an *in camera* review prior to the July 2, 2019, so that the Court can determine that virtually every objection Attorney Delluniversita made during Kelly's deposition was baseless and designed to frustrate the deposition.

### *Defendants Have Failed to Respond to Plaintiff's First Request for the Production of Documents*

Defendants have not yet responded to Plaintiff's First Request for the Production of Documents ("Requests") dated April 26, 2019. Attorney Delluniversita requested a short extension, Plaintiff agreed. When that time had passed, Plaintiff's counsel inquired as to when the responses would be forthcoming and Attorney Delluniversita unilaterally decided he would take an additional 7-10 days. That too has passed and the parties are schedule to have a meet and confer on June 19, 2019.

This case is 15 months old and defendants have not answered; Attorney Delluniversita has made a frivolous motion to dismiss[12]; Defendants have not responded to discovery in this proceeding and he is disrupting depositions with baseless objections. Now we know that Paul's social security number matches the number on Plaintiff's Exhibits 2-13 introduced at Kelly's June 4, 2019 deposition, Attorney Delluniversita should be disqualified under the Advocate-Witness Rule and for engaging in unreasonable and vexatious practices under the Court's inherent powers.

While he has delayed the proceeding, his family members and co-defendants are attempting to dissipate assets that should be available to satisfy the Malvino Action judgment. Allowing Attorney Delluniversita to continue as defense counsel prejudices Plaintiff's rights to collect and enforce the Malvino Action judgments. He has failed to articulate a real defense to this matter, his sole objective is to delay this proceeding in a baseless manner requiring the Court to deal with his non-compliance with its orders. Time has come for him to be disqualified.

Respectfully submitted,

Kenneth G. Walsh

---

[12] During the March 5, 2019, teleconference with Judge Azrack, the Court stated "I would just suggest -- from what I've read of [Attorney Delluniversita's] papers, I don't think a motion to dismiss is going to be successful, so I would suggest you answer. And I'm not going to stay discovery in the meantime….Discovery will not be stayed." Tr. 4:13-21. However, he re-packaged arguments Judge Azrack previously denied in his Letter Requesting a Pre-Motion Conference [D.E. 42] on December 19, 2018. Now Judge Brodie has to deal with these recycled arguments.