**LAW OFFICE OF KENNETH G. WALSH**
100 S. Bedford Road, 3rd FL.
Mt. Kisco, New York 10549
(929) 241-7307

June 20, 2019

Via ECF

Magistrate Judge James Orenstein
225 Cadman Plaza East
Brooklyn, New York 11201

Re*: Stevens Baldo & Lighty, PLLC v. Anthony J. Delluniversita et al.*,
2:18-CV-1600-MKB-JO (E.D.N.Y.)

Dear Judge Orenstein:

Stevens Baldo & Lighty, PLLC, ("Plaintiff") in the above-captioned matter seeks the
Court's assistance in resolving a discovery dispute concerning Anthony J. Delluniversita's
("Judgment Debtor") refusal to respond and produce responsive documents to Plaintiff's First
Request for the Production of Documents dated April 26, 2019 ("Requests"). In accordance with
your Honor's Individual Practice Rules, Plaintiff hereby moves pursuant to Rule 37(a)(1) of the
Fed. R. Civ. P. for an order to compel Judgment Debtor to respond and produce responsive
documents to Requests.

Prior to making this application, the parties had a meet and confer on June 19, 2019, in an
attempt to narrow or resolve the discovery dispute. Unfortunately, Anthony P. Delluniversita's
("Attorney Delluniversita") only response was that they "will take some time."

**BACKGROUND**

As the Court is aware, this is an action to recover a series of fraudulent conveyances and
to collect an unpaid, registered judgment originally entered in the matter entitled *Albert P.
Malvino, Representative of the Estate of Bonnie Pereida, Deceased v. Paul A. Delluniversita, et
al*., No.2:12-cv-401 (S.D.TX.) ("Malvino Action") in the amount of $1,337,201.08.[1] While the
Malvino Action was pending, the Delluniversitas systematically stripped PCA Collectibles, Inc.
("PCA") of its assets through a series of fraudulent transfers to make the Judgment Debtor and
PCA judgment proof.

On April 26, 2019, Plaintiff served Attorney Delluniversita with Plaintiff's First Request
for the Production of Documents addressed to the Judgment Debtor. A copy of the Requests is
annexed hereto as Exhibits A and are respectively incorporated herein by reference. Counsel for

---

[1] The Malvino judgment has now been domesticated in the Supreme Court of the State of New York, Suffolk
County. *Albert P. Malvino, Representative of the Estate of Bonnie Pereida, Deceased v. Paul A. Delluniversita, et
al.*, Index No. 601594/2018 (Sup. Suffolk Co.) ("State Court Proceeding").

the Judgment Debtor, Attorney Delluniversita requested several extensions to respond that
Plaintiff granted. However, the Judgment Debtor has failed to respond and his counsel will not
give a firm date on when responses will be forthcoming.

The Requests seek eight (8) categories of documents which contain relevant information
necessary for Plaintiff to enforce and collect on the judgment entered in the Malvino Action.
The categories are as follows:

      1. Tax Returns—Requests Nos. 1 & 2;
      2. Bank & Investment Accounts—Requests Nos. 3-9[2];
      3. North Babylon Property—Requests Nos. 10-12;
      4. Lantana Property—Requests Nos. 13-16;
      5. 2006 BMW 650 Convertible—Requests Nos. 17 & 18;
      6. Fair Consideration given to PCA—Requests Nos. 19 & 20;
      7. Interest in PCA and other similar businesses—Requests Nos. 21-23; and
      8. Real Estate Interests—Requests Nos. 24-29.

Federal Rule of Civil Procedure 69, provides judgment creditors with authorization to
conduct post-judgment discovery, *see* Fed. R. Civ. P. 69(a). This rule permits "wide latitude in
using the discovery devices provided by the Federal Rules in post-judgment proceedings."
*Gibbons v. Smith,* No. 01 Civ. 1224, 2010 WL 582354, at *3 (S.D.N.Y. Feb. 11, 2010) (citing
Fed. R. Civ. P. 69(a)(2)). In fact, the "scope of post-judgment discovery is broad, and a
[judgment creditor] is entitled to a very thorough examination of a judgment debtor with respect
to its assets." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* No. 88 CV 3039, 1993 WL
50528, at *1 (E.D.N.Y. Feb. 23, 1993) (quotation omitted); *see also Banco Central De Paraguay
v. Paraguay Humanitarian Found.,* No. 01 Civ. 9649, 2006 WL 3456521, at *8 (S.D.N.Y. Nov.
30, 2006) ("Under Rule 69(a), a judgment creditor is entitled to a wide range of discovery
concerning the assets and liabilities of a judgment debtor.").

For instance, Plaintiff requested the Judgment Debtor's federal and state tax returns to see
precisely what assets he has and where he works. Tax returns would tell us where the Judgment
Debtor works or is drawing compensation from. According to co-defendant, Kelly Walsh, her
father in-law sells "rare coins." Walsh Dep. Transcript at 16:9-11. Annexed hereto as Exhibit B
is a copy of the relevant pages of the Walsh Deposition Transcript from June 4, 2019. The tax
returns would also tell us what real property the Judgment Debtor has an interest in. The
Judgment Debtor also received a retirement account at Mass Mutual funded by PCA. *See* SAC at
¶¶ 72-75 & 168-75. Plaintiff would like to know if there are other accounts the Judgment Debtor
has. Therefore, bank and other investment accounts need to be produced. He also had his tax
liabilities paid for with PCA funds. *See* SAC at ¶¶ 129-38, 176-84, 194-207. As the recipient or
beneficiary of these fraudulent transfers from PCA, the Judgment Debtor's tax returns are
relevant and are properly calculated to assist in the collection of the Malvino Action judgment.
*See Boaziz v. Torati*, No. 14-cv-8024 (RA) (RLE), 2016 U.S. Dist. Lexis 72906, *21 (S.D.N.Y.
Jun. 1, 2016).

---

[2] Plaintiff withdraws Request No. 4.

The Requests propounded on the Judgment Debtor are relevant to the action at bar because they seek information concerning the Judgment Debtor's assets and potential assets which he may have transferred to his wife and children.  The Requests are properly calculated to assist in collecting the judgment entered in the Malvino Action. *See* Fed. R. Civ. P. 69(a)(2) and 26(b)(1); *see also EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *First City, Texas-Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002); *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011).

The Judgment Debtor's refusal to provide any discovery is part of the overall strategy to frustrate the collection of the judgment entered in the Malvino Action. The Judgment Debtor and his son, Attorney Delluniversita have frustrated the enforcement of the Malvino Judgment long enough.  For these reasons, Plaintiff respectfully requests that the Judgment Debtor should be given a short window to respond to these Requests, because if given the opportunity, the Judgment Debtor has demonstrated that he will simply engage in another fraudulent conveyance.

Respectfully submitted,

Kenneth G. Walsh