**LAW OFFICE OF KENNETH G. WALSH**
100 S. Bedford Road, 3rd FL.
Mt. Kisco, New York 10549
(929) 241-7307

June 24, 2019

<u>Via ECF</u>

Magistrate Judge James Orenstein
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: *Stevens Baldo & Lighty, PLLC v. Anthony J. Delluniversita et al.*,
        2:18-CV-1600-MKB-JO (E.D.N.Y.)

Dear Judge Orenstein:

    Stevens Baldo & Lighty, PLLC, ("Plaintiff") in the above-captioned matter seeks the Court's assistance in resolving a discovery dispute concerning Paul A. Delluniversita's ("Paul's") evasive responses contained in Paul's Responses and Objections to Plaintiff's First Set of Document Requests ("Responses") dated May 9, 2019 to Plaintiff's First Request for the Production of Documents dated April 26, 2019 ("Requests").[1] In accordance with your Honor's Individual Practice Rules, Plaintiff hereby moves pursuant to Rule 37(a)(4) of the Fed. R. Civ. P. for an order to compelling Paul to provide complete and accurate responses and produce responsive documents to Requests. Plaintiff respectfully requests that the Court take judicial notice of the authority cited in Plaintiffs' application to compel responses from Anthony J. Delluniversita dated June 20, 2019. D.E. 101.

    Prior to making this application, the parties had a meet and confer on June 19, 2019, in an attempt to narrow or resolve the discovery dispute. The parties could not resolve the matter because Anthony P. Delluniversita's ("Attorney Delluniversita") has taken a restrictive view on the Relevant Time Period as defined in the Requests.[2] Attorney Delluniversita has limited the Relevant Time Period to December 2012 to November 2015 (the time period the in which the Malvino Action was pending), which he uses to restrict the scope of relevancy under Rule 26. Attorney Delluniversita's attempt to recast Plaintiffs' Requests are procedurally improper under Rule 34 (b)(2)(B) & (C).

**BACKGROUND**

    As the Court is aware, this is an action to recover a series of fraudulent conveyances and to collect an unpaid, registered judgment originally entered in the matter entitled *Albert P.*

---

[1] Although the Responses are dated May 9. 2019, they were not served until June 17, 2019. A copy of which is annexed hereto as Exhibit A and incorporated herein by reference.
[2] The Requests define the Relevant Time Period as January 1, 2011 to Present.

*Malvino, Representative of the Estate of Bonnie Pereida, Deceased v. Paul A. Delluniversita, et al.*, No.2:12-cv-401 (S.D.TX.) ("Malvino Action") in the amount of $1,337,201.08.[3] While the Malvino Action was pending, Paul, as the CEO of PCA Collectibles, Inc. ("PCA") systematically distributed its assets to his family members and their creditors to make PCA judgment proof. Anthony J. Delluniversita ("Judgment Debtor") was also found liable for the Malvino Action judgment.

The application at bar focuses on four (4) specific Requests that are calculated to assist Plaintiff in collecting and enforcing the Malvino Action judgment: Requests Nos. 1, 2, 9 & 11.

### Federal & State Tax Returns-Request No. 1

Request No. 1 seeks Paul's tax returns during the Relevant Period. The Responses claim that Paul does not have any responsive documents to Request No. 1.

During the meet and confer with Attorney Delluniversita, he took the position that Paul does not have any federal or state tax returns—"he doesn't keep them." When pressed about the 2018 return, Attorney Delluniversita stated Paul "filed for an extension." When asked for the papers on the extension, Paul responds that he "doesn't have them and neither does his accountant." So, there will be no responsive documents to Request No. 1. He then claimed that they were not relevant to the claims because they are beyond the relevant period he established. Paul's response is not in compliance with Rule 34(b)(2)(B) or (C). A defendant cannot simply make a blanket objection without specifically outline what is being withheld.

Paul's current tax returns are important because Paul works with the Judgment Debtor in the coin business. Through the production of Paul's tax returns, Plaintiff will learn where the Judgment Debtor is working and what new company he has an equity interest in. Kelly Walsh, Paul's wife, was deposed on June 4, 2019. She claimed to not know the name of the company her husband currently works at. All she knew was that her father in-law sells rare coins. *See* Kelly Walsh's Deposition Testimony dated June 4, 2019 at Tr. 16:9-11 & 19:7-10. Annexed hereto as Exhibit B is a copy of the relevant pages of the Walsh Deposition.

### Bank and Investment Accounts-Request No. 2

This request seeks Paul's bank and investment accounts. Since it is alleged in the Second Amended Complaint ("SAC") that Paul was the transferee or beneficiary of over 300 fraudulent transfers from PCA, his banking and investment accounts are relevant to Plaintiffs' claims. *See* SAC at ¶¶ 99-107, 114-18, 176-84 & 203-211.

Paul and his counsel have taken the position that Paul does not have responsive documents under their revised relevant time period. However, as stated above, they cannot unilaterally redefine the period and Paul as the account holder can request copies from the bank or investment company. The most recent bank statements will show where Paul and the

---

[3] The Malvino judgment has now been domesticated in the Supreme Court of the State of New York, Suffolk County. *Albert P. Malvino, Representative of the Estate of Bonnie Pereida, Deceased v. Paul A. Delluniversita, et al.*, Index No. 601594/2018 (Sup. Suffolk Co.) ("State Court Proceeding").

Judgment Debtor are currently engaging in coin sales and the name of the new entity. This will assist in collecting the Malvino Action judgment.

### *Fair Consideration Given for the Alleged Fraudulent Conveyances-Request No. 9*

This request seeks the fair consideration Paul gave PCA in exchange for all the checks he took from PCA while the Malvino Action was pending as alleged in the SAC. Paul's Response states in relevant part that he "***objects to the request as it asks him to …provide information based on a legal term and legal element of plaintiff's claim.***" This is precisely what Rule 26 was designed for—allowing a party to develop evidence to support his or her claim.

Under Plaintiffs' constructive fraud claims[4], the sole contested issue is the fair consideration. Under New York law, the burden of proof is on the defendant where the conveyances have been from one family member to another and the facts are in their exclusive control. Paul and his family members have the burden of persuasion here. *See Neshewat v. Salem*, 365 F. Supp. 2d 508 (S.D.N.Y. 2005), affirmed 194 Fed. Appx. 24, 2006 WL 2456810, certiorari denied 128 S. Ct. 247 (2007). Oddly, Paul produces PCA checks from periods prior to Plaintiffs' Relevant Time Period. Paul also redacted almost everything from the W-2s to make these useless. A copy of which are annexed hereto as Exhibit C.

### *Interest in other Entities in the Numismatic Industry-Request No. 11*

The Request called for "[a]ll documents concerning any other business in which YOU have or had an interest in that was involved in the numismatic industry during the Relevant Time Period. See Plaintiffs' Request No. 11. This request is designed to find out what the name of the entity is that the Judgment Debtor and Paul are currently operating under.

Paul and Attorney Delluniversita object to the time period by stating it is "well outside the Malvino Aaction and will not help resolve any issue before the court." The Response goes on to state that "Paul A. ***had*** no other interest in the industry during the pendency of the Malvino action." (Emphasis added); *see also* Paul's Response to Request 11. But the SAC alleges that PCA ceased operations and banking activities at TD Bank, shortly after Judge Ramos issued her Findings of Fact and Conclusion of Law in the Malvino Action on May 20, 2015. *See* SAC ¶ 76. The SAC goes on to state that Judgment Debtor and Paul are still engaged in the numismatic industry using new corporate identities. *Id*. at ¶ 77. Plaintiff is entitled to the names of these entities to enforce and collect the judgment. Discovery cannot logically be confined to the time period of the pendency of the Malvino Action. Rule 69 permits judgment creditors to conduct post-judgment discovery. Attorney Delluniversita's position with respect to the discovery sought is wrong and improper. This discovery is relevant and proper and needs to be compelled.

---

[4] Plaintiffs' constructive fraud claims are under New York Debtor & Creditor Law § 273-a. The elements for such as claim are: (i) conveyance made without fair consideration; (ii) that the conveyor was is a defendant in an action for money damages… & (iii) that the defendant has failed to satisfy the judgment. *Mitchell v. Garrison Protective Services, Inc.*, 819 F.3d 636 (2d Cir. 2016).

Respectfully submitted,

*/s/ Kenneth G. Walsh*

Kenneth G. Walsh