# ANTHONY P. DELLUNIVERSITA
Attorney at Law
2 W Main Street, Suite SE3A
Bay Shore, New York 11706
Tel: (631) 251-7570     Fax: (716) 919-1480
Email: anthony@apdlaw1.com

June 25, 2019

Hon. Magistrate Judge
James Orenstein
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Stevens Baldo Lighty, PLLC v. Anthony J. DellUniversita et al.
    Civil Action No.: 2:18-cv-1600

Judge Orenstein,

    Defendants' respectfully submit the following in accordance with Your Honor's Order dated June 21, 2019 directing the defendants to respond to the letter motion of plaintiff by June 25, 2019. Counsel's letter motion seems a bit premature. It is unclear what counsel is asking for the court to order. Is plaintiff asking for the court to Order a response by an exact date or to Order the disclosure of specific requests. The following will address both issues.

    As has become the usual course of business I will address the many misrepresentations made by plaintiff's counsel in his application. First, plaintiff's motion appears to be moot at this point. The objections and responses of Anthony J. DellUniversita were served upon counsel on June 24, 2019 as was represented to counsel during the meet and confer on June 19, 2019. Counsel misrepresents that my response to when he can expect Anthony J's disclosures was "it will take some time." Counsel served plaintiff's request for Gail A., Anthony J. and Paul A., simultaneously on Friday April 26, 2019, via email, at approximately 8 pm.[1] This was the same day that defendants' motion to dismiss was due.[2]

    I have attempted to explain to counsel that his demands date back seven years and it takes time for the identification of documents. At the time of the meet and confer on June 19, 2019 it had only been two weeks past the thirty-day due date for defendants' responses. However, counsel did consent to an extension of time which would extend that thirty days. Counsel agreed willingly; the defendants did not ignore the requests as implicated by counsel. Making the statement that the Judgmetn Debtor has refused to provide any discovery is simply untrue. On

---

[1] Each request for production made 28, 29 and 16 demands respectively.
[2] Counsel also served a motion for contempt in the action that is pending in the Suffolk County Supreme Court that was returnable April 25, 2019 and then adjourned to May 9, 2019.

June 19, 2019 it was represented to counsel that he would have the remaining response to his demands within a week.³ The objections and responses of Gail A. were served June 21, 2019 and the objections and responses of Anthony J. were served June 24, 2019. Both within a week of the June 19, 2019 meet and confer.

    The subject matter of plaintiff's letter motion has nothing to do with the discussion of the June 19, 2019 meet and confer. The judgment debtor was discussed for approximately one minute when counsel asked when he could expect the response of Anthony J. and he was told within a week. The meet and confer was regarding the objections and responses of Paul A.⁴ What counsel has done or is attempting to do with this current letter motion is essentially submit two motions to compel regarding Anthony J. The legal dispute presented in the instant motion was discussed in the meet and confer but only regarding the responses and objections of Paul A. Counsel is applying those argument in this motion to compel as to Anthony J. At the time this motion was filed counsel did not have the objections and responses of Anthony J., yet took the opportunity to address specific demands made. This tactic goes against the spirit of the parties resolving discovery issue amongst themselves, before seeking court intervention. I respectfully ask the plaintiff be precluded from making any additional application to compel as to Anthony J., and the court take judicial notice that this application by plaintiff covers and contemplates any and all current or future application's to compel against Anthony J. Additional motions by plaintiff would be only an attempt to make Anthony J. look as if he is non-compliant, would be done with sole purposes to harass and annoy Anthony J. and to run up litigation costs. It would be fundamentally unfair if the plaintiff was permitted additional opportunities to present what he perceives as discovery issues to the court.

    There is no dispute that Fed. R. Civ. P. 69(a)(2) authorizes post judgment discovery. Rule 69(a)(2) does not permit any broader range of discovery and it does not defeat well settled discovery parameters in civil actions. The legal standard regarding discover remains that the Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Counsel's motion lists eight categories of documents but only discusses one category, tax returns.

    Compelled disclosure of personal tax returns is generally disfavored; to obtain tax returns, "the moving party must make a strong showing of necessity and demonstrate that the information in the returns is not available from other sources"]). David Leinoff, Inc. v 208 W. 29th St. Assoc., 243 AD2d 418, 419 [1st Dept 1997]. "Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" Uto v. Job Site Servs., Inc., 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (quoting Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)). Discovery of tax returns requires satisfaction of a higher standard than

---

³ The objections and responses of Paul A. Delluniversita were served prior to the meet and confer on June 19, 2019.
⁴ Plaintiff's counsel filed a motion to compel as to Paul A. just prior to midnight at 11:24 pm on June 24, 2019.

discovery of other documents." Trilegiant Corp. v. Sitel Corp., 272 F.R.D. 360, 368 (S.D.N.Y. 2010). In civil cases a court will compel disclosure of a party's tax returns "only upon a two-part showing: '(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not otherwise readily obtainable.'" Garcia v. Benjamin Grp. Enters., Inc., 2010 WL 2076093, at *1 (E.D.N.Y. 2010) see also Denim Habit, LLC v. NJC Boston, LLC, 2016 WL 2992124, at *5 (E.D.N.Y. 2016).

Counsel represents to this court that the disclosure of tax returns would aid in the collection of the judgment and are relevant. During the June 19, 2019 meet and confer there was a lengthy discussion regarding whether the plaintiff was entitled to the disclosure of tax returns. Counsel was afforded the opportunity to explain why plaintiff was entitled, he was asked directly, "why are you seeking tax returns in this case?" Plaintiff's counsel responded, "I want to see if the defendants reported the checks I have in my possession." This response proves plaintiff's counsel does not need or want the tax returns to assist in his claim as he suggests, but to harass the defendants and if possible, leverage them in some way against the defendants. This mind frame was illustrated in the commentary of plaintiff's counsel in his opposition to the motion to dismiss when he uses approximately three pages to discuss the possibility that the defendants underreported income and may have tax issues. *Please see Plaintiff's Opposition to Defendants' Motion to Dismiss, (D.E. 91-95, pp. 21-23)*.

Counsel has not established that the returns are relevant to the subject matter of the action **and,** (emphasis added) there is a compelling need for the returns because the information is not otherwise readily obtainable. Id. If plaintiff wants to know whether Anthony J. is working currently, he could have made the appropriate demand in his request for document, he failed to do so. He could ask Anthony J. at his deposition if he is still working and where. Without doing counsel's job for him, simply put there are a multitude of additional discovery devise that plaintiff's counsel could attempt to use to find out whether he is still working and where. Plaintiff's counsel already knows the property interest of Anthony J. Additionally he has asked for that information in his first request for documents. That request was responded to appropriately. Counsel has not demonstrated any reason for any further discovery on that issue. The request for bank accounts and other investment accounts is also requested and responded to in the plaintiff's first request for documents.[5] Plaintiff has not established the information it is seeking is otherwise unattainable. More importantly the only reason Mr. Walsh has stated he wanted the returns was to see if the numbers match in hopes that they don't, and he can leverage that against the defendants.

Counsel has not made any representation that he as attempted to retrieve the information through discovery devices. Melendez v. Primavera Meats, Inc., 270 F.R.D. 143, 145 (E.D.N.Y. 2010) (quoting Carmody v. Vill. of Rockville Ctr., CV-05-4907, 2007 U.S. Dist. LEXIS 50933 (E.D.N.Y. July 13, 2007)); see D'Arpa v. Runway Towing Corp., 12-CV-1120, 2012 U.S. Dist. LEXIS 175452, at *9 (E.D.N.Y., Dec. 11, 2012), ("[T]he discovery of a plaintiff's tax returns in an FLSA case is generally not warranted as the information sought is at best only minimally relevant and can be more readily obtained from a less intrusive source, namely the defendant's own

---

[5] Plaintiff's counsel has recognized and conceded that Anthony J. has testified under oath in Malvino action that he does not maintain any bank accounts solely in his name during the relevant time period.

records (citing <u>Melendez v. Primavera Meats, Inc.</u>, 270 F.R.D. 143, 144-45 (E.D.N.Y. 2010) (denying motion to compel production of tax returns to identify plaintiff's "other employers," where defendant failed to utilize less intrusive discovery devices for the same information).

      Considering the above it is respectfully requested that plaintiff's motion be denied in all respects.

      Respectfully,
/s Anthony P. DellUniversita

_____

Anthony P. DellUniversita- (APD 9294)
Attorney for Defendants
2 W. Main Ste- Suite SE3A
Bay Shore, New York 11706
(631) 251-7570

CC: Kenneth Walsh
Via email to kwalsh@kgwalshlegal.com