# ANTHONY P. DELLUNIVERSITA
Attorney at Law
2 W Main Street, Suite SE3A
Bay Shore, New York 11706
Tel: (631) 251-7570     Fax: (716) 919-1480
Email: anthony@apdlaw1.com

June 26, 2019

Hon. Magistrate Judge James Orenstein
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Stevens Baldo Lighty, PLLC v. Anthony J. DellUniversita et al.
   Civil Action No.: 2:18-cv-1600

Judge Orenstein:

  Defendants' respectfully submit the following in accordance with Your Honor's Order dated June 25, 2019 directing the defendants to respond to the letter motion of plaintiff by June 27, 2019. Counsel's letter motion requests an Order compelling Paul A. to provide complete and accurate responses to plaintiff's requests 1, 2, 9 and 11 respectively.

  In all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way. Fed. R. Civ. P 26(b)(2).; Crawford-El v. Britton, 523 U.S. 574, 598-99, 118 S. Ct. 1584, 140 L. Ed. 2d 713 (1998). I did not arbitrarily limit the relevant time period. Plaintiff's counsel selects the relevant time period based on whatever benefits his position, which varies application to application. For example, in his opposition to the defendants' motion to dismiss, plaintiff's counsel established and recognized the relevant time frame for when the subject matter of this litigation occurred from December 20, 2012 to May 21, 2015. *Please see Plaintiff's Opposition to Defendants' Motion to Dismiss (D.E. 91-95, pp. 2, 3, 4, 5, 6, 8, 9, 10, 12, 13, 14, 16, 18).*[1] Counsel needed that narrow or limited the time frame to attempt to diminish the importance of Judge Ramos's decision that Paul A. was found **not (emphasis added)** to be liable on any count and was found **not (emphasis added)** to have any knowledge of the underlying fraud against the deceased, Bonnie Perieda.[2] Now counsel seeks to expand the relevant time period as that would benefit his discovery demand.

  The relevant time period in the plaintiff's requests is not proportionate to the needs to the needs of this case and will not assist the court in the resolution of the issues. Defendant has therefore limited its search to materials requested from the time period originally set by the plaintiff. The time period that plaintiff is suggesting creates and unreasonable burden upon the defendants. The plaintiff is alleging fraudulent transfers during the course of the Malvino

---

[1] this illustrates the amount of times plaintiff directly states the relevant time period was during the pendency of the Malvino action. plaintiff implies or indirectly states the relevant time period on each page of the opposition papers submitted to the docket.
[2] Please see Judge Ramos's Findings of Fact and Conclusions of Law, D.E. 88, p.4, ¶ 34 and p. 9, ¶ 53.

litigation. Paul A. is not the judgment debtor. Counsel is seeking discovery to assist in the prosecution of his claims. Requests that are years removed from the Malvino action could not possible have any proportionate importance assisting the plaintiff in proving Paul A. fraudulently transferred property. Plaintiff operates under the assumption that Paul A. has a judgment against him or that it is a foregone conclusion one will be obtained. The fact is that Paul A. is not a judgment debtor so there is no relevant request that plaintiff could make under the theory that it is assisting in the enforcement of a judgment against an individual that there is no judgment against.

**Tax Returns**

Mr. Walsh conveniently omits parts of our discussion during the meet and confer that do not benefit his position. As an officer of the court with an obligation to provide the court with all pertinent facts, and not selectively submit portions of a conversation that benefit only his client's interest. What was left out and is most important is when Mr. Walsh as asked, "Why are you seeking tax returns?" Mr. Walsh answered, "I want to see if the defendants reported the checks I have in my possession." He did not say he wants to obtain the tax returns because he will learn where the judgment debtor works. Paul A.'s response is not a blanket objection. It specifically states the request is not proportionate to the needs of the case. Paul A. objects because the information requested is already in the possession of the plaintiff or was believed to be so at the item of the response.

I never represented to counsel anything about the current status of Paul A.'s extension. I state I believe he has filed an extension. The reasonable inquiry for documents requested by the plaintiff was made for the relevant years of 2012 through 2015. I informed counsel I did not know much about his 2018 returns. Furthermore, I stated to counsel I spoke to Paul A.'s accountant and they represented to me that they were not sure if they still had 2012 through 2015 on file and would let me know.

Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" Uto v. Job Site Servs., Inc., 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (quoting Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)).

Plaintiff's application to compel Paul A.'s tax returns should be denied due to the reason set forth by counsel in his June 24, 2019 letter motion.  Discovery of tax returns requires satisfaction of a higher standard than discovery of other documents." Trilegiant Corp. v. Sitel Corp., 272 F.R.D. 360, 368 (S.D.N.Y. 2010). In civil cases a court will compel disclosure of a party's tax returns "only upon a two-part showing: '(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not otherwise readily obtainable.'" Garcia v. Benjamin Grp. Enters., Inc., 2010 WL 2076093, at *1 (E.D.N.Y. 2010) see also Denim Habit, LLC v. NJC Boston, LLC, 2016 WL 2992124, at *5 (E.D.N.Y. 2016).

Counsel has put forth nothing but a suggestion that Paul A. and Anthony J. are still working together. Counsel is assuming a fact that has not been established. It further assumes that Paul A. or Anthony J. have any interest in any new company without providing any evidence. Counsel attaches the deposition transcript of Kelly Walsh who states Anthony J. sells rare coins. Counsel failed to follow up with the question do you know where he works? Or if he works with Paul A.? The fact is that Kelly Walsh was answering that question in a broad sense of the case not specifically to what Anthony J. does now.

Although plaintiff's original reason for requesting tax returns was "to see if the defendants reported the checks I have in my possession," taking into consideration his most updated reason for the request, to discover where the Judgment Debtor works, that request certainly is relevant. However, counsel has failed to establish a compelling need for the documents because the information he is seeking is not readily obtainable. Id. There are a multitude of discovery devices that counsel could use to try to obtain that information. In Bart Bryant et al, v. Allied Account Services Inc., et al, the court ruled that the request was relevant however, the second prong of this test has not been satisfied. Case 2:05-cv-05565 BMC-ARL. The court reasoned that the information sought is otherwise readily available in that plaintiffs may make inquiry during the depositions of these defendants as to this information. id. See also, Hazeldine v. Beverage Media, Ltd., 1997 WL 362229(S.D.N.Y. 1997), Open Housing Center, Inc. v. Kings Highway Realty, No. 93-766 (JBW), 1993 U.S.Dist. LEXIS 15927, *3 (Nov. 8, 1993); Cooper v. Hallgarten & Co., 34 F.R.D. 482, 484 (S.D.N.Y. 1964) (granting plaintiff's motion for a protective order as to the production of his income tax returns finding that defendant did not establish a "compelling need" where the information sought could be learned from other sources such as other financial records and the plaintiff's deposition.

Plaintiff's motion to compel tax returns should be denied.

## Bank and Investment Accounts

For purposes of not being repetitive, I respectfully ask the court to refer to my argument set forth above regarding limiting the relevant time period. Counsel again assumes the discovery of Paul A.'s accounts, if he has any, will provide any information regarding the judgment debtor. That logic is not based on any thing other than a guess by counsel. The fact of the matter is Paul A. does not have any investment accounts. The plaintiff is in possession of the checks from his bank account. It is unclear what else counsel is seeking.

## Fair Consideration for the Alleged Fraudulent Conveyance

Based on counsels statement that the sole contested issue is the fair consideration element of the plaintiff's claims, I respectfully request the court take judicial notice that plaintiff does not contest that Paul A. or any defendant alleged to the be the transferor, transferee or beneficiary of a transfer either accepted the transfer or accepted the transfer in good faith.[3] After the meet and

---

[3] Again Mr. Walsh has elected to omit pertinent information that is not beneficial to his point. Fair Consideration is an essential element to claims under DCL §273-a, fair consideration is defined by DCL §272(a) as: "when in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed, or an antecedent debt is satisfied." Court's therefore analyze fair consideration by looking to evidence (1) that the recipient of the debtor's property either conveyed property in exchange or discharged an antecedent debt in exchange; (2) that such exchange was a "fair equivalent" of the property

confer it was clear that counsel is a bit confused about the fair consideration being paid to an employee or officer of a corporation. Paul A. was paid by PCA for work Paul A. performed for the business. The case law is clear on this issue. Payments made to an employee are presumed to be for fair consideration, to avoid them it must be established the salary payments were in bad faith or the payments were excessive in light of the employment responsibilities. *See* <u>HBE Leasing Corp v. Frank</u>, 48 F.3d 623, 634-35 (2d Cir. 1995); <u>Cilco Cement Corp. v. White</u>, 390 N.Y.S.2d 178, 178 (App. Div. 1976) (salary paid to corporate president was not a constructively fraudulent transfer because there was "no evidence that [the] salary was either excessive or unreasonable, or that the corporation did not receive full value in return"); <u>Bank Commc'ns v. Ocean Dev. Am., Inc.</u>, 904 F. Supp. 2d 356, 361 (S.D.N.Y. 2012) (Griesa, J.) (purchase of corporate asset for a fair price by a corporate insider was not a constructively fraudulent transfer). Unlike payments for antecedent debts, transfers to corporate insiders for *contemporaneous* value are not presumed to have been made in bad faith. *See* <u>Staudinger+Franke GMBH v. Casey</u>, No. 13-CV-6124, 2015 WL 3561409, at *11 (S.D.N.Y. June 8, 2015) (Koeltl, J.). This is because, "unlike the preferential payment of pre-existing debts, the transfer of a debtor's property to secure a present advance of commensurate value does not ordinarily prejudice other creditors, because the debtor receives new value in exchange for the property conveyed." <u>HBE Leasing</u>, 48 F.3d at 635; *see also* <u>Bank Commc'ns</u>, 904 F. Supp. 2d at 361. W-2 statements prove Paul A. was accepting payment as an employee, in good faith, without knowledge of the underlying fraud. Paul A. was not the transferor PCA was.

As for the checks produced. They are responsive to the request and prove that the payments to all the defendants and for the payments alleged in the SAC, were in the normal course of business. Plaintiff's counsel is in possession of a few copies of checks that the defendants were able to find while searching responsive documents. They are consistent with the spending prior to, during and after the Malvino action. There are no significant or unusual transfers. Wages were paid prior to and during, business expenses and health care premiums, were all paid the same way well before the Malvino action was commenced.

**Interest In other Entities**

For purposes of not being repetitive, I respectfully ask the court to refer to my argument set forth above in regard to limiting the relevant time period. Counsel states request No. 11 is designed to find what the name of the entity is that Paul A. and the judgment debtor are currently operating. Unfortunately, that is not what request No. 11 is seeking. Counsel has a responsibility to make clear and concise requests that are understandable. Given counsels statement of what the requests was designed for and what it says, it is not unreasonable if Paul A. could not connect the two. However, Paul A. responded, he had not interest in any other business.

Counsel alleges upon information and belief that Paul A. is still working in the numismatic industry. See SAC ¶ 77. Simply because counsel alleges it does not give him unfettered access to information from the defendants. Assuming arguendo Paul A. had multiple business interest in the numismatic industry, that information is irrelevant in proving Paul A.

---

received; and (3) that such exchange was made in good faith." In re Sharp Int' Corp., et al v. State Street Bank and Trust Company, 403 F.3d 43, 53-\54 (2d. Cir 2005).

fraudulently transferred property and far too speculative that if such information existed it would provide any information regarding Anthony J.

    Considering the above it is respectfully requested that plaintiff's motion be denied in all respects.

                                           Respectfully,
                                           /s Anthony P. DellUniversita

                                           Anthony P. DellUniversita- (APD 9294)
                                           Attorney for Defendants
CC: Kenneth Walsh                       2 W. Main Ste- Suite SE3A
Via ecf                                               Bay Shore, New York 11706
                                           (631) 251-7570