**LAW OFFICE OF KENNETH G. WALSH**
100 S. Bedford Road, 3rd FL.
Mt. Kisco, New York 10549
(929) 241-7307

July 11, 2019

Via ECF

Magistrate Judge James Orenstein
225 Cadman Plaza East
Brooklyn, New York 11201

Re*: Stevens Baldo & Lighty, PLLC v. Anthony J. Delluniversita & Paul A. Delluniversita*,
2:18-CV-1600 (MKB) (JO) (E.D.N.Y.)

Dear Judge Orenstein:

In accordance with your Individual Practice Rules and the Court's Minute Order of July 10, 2019, requiring Plaintiff to respond Defendants' letter motion of July 10, 2019 requesting a second stay of discovery with respect to Anthony J. Delluniversita ("Judgment Debtor") and Gail A. Delluniversita ("Gail"), Plaintiff respectfully submits that their application should be denied.

***Procedural Background***

On June 26, 2019, Anthony P. Delluniversita ("Attorney Delluniversita") made an initial application for a stay of all discovery pertaining to all the Delluniversita Defendants. D.E. 105. On June 27, 2019, the Court denied the application stating in pertinent part:

"ORDER denying [105] Motion to Stay -- The motion is denied without prejudice to the ***defendants' right to seek an appropriately particularized accommodation for Anthony J. DellUniversita's medical condition***. To the extent, in making any such request for more targeted relief, counsel wishes to support it with ***evidence regarding the defendant's medical treatment …***"

Emphasis added.

***Good Cause Has Not Been Demonstrated***

The current application for a stay appears to be deficient on two grounds. First, there is no doctor or clinician providing any evidence of the Judgment Debtor's condition or treatment per the Court's Order of June 27th. The only description of the Judgment Debtor's medical treatment and symptoms is from Attorney Delluniversita. Where is the evidence from a medical professional discussing the following claims by Attorney Delluniversita:

1. That the Judgment Debtor "suffered significant vision impairment or that he is unlikely he will regain his vision";
2. That he will need "extensive physical therapy";
3. That "the June 23rd stroke has caused Judgment Debtor's respiratory system to significantly fail";
4. "He has lost the inability [sic] to walk due to intense vertigo"; and
5. "Cannot swallow solid food or drink".

Simply put, aside from an MRI report, there is no medical professional confirming the Judgment Debtor's medical condition or treatment as alleged by counsel. Without such information, defendants have not shown good cause.

Second, assuming arguendo that the Judgment Debtor is in this purported state, the stay should not extend to Gail. It appears that the Judgment Debtor requires special treatment. There is no claim that Gail has any special training to coordinate or assist in the Judgment Debtor's care. Without good cause the stay application to Gail fails.

### *Gail Has Been Hiding Judgment Debtor's Funds*

On July 8, 2019, Attorney Delluniversita sent an email to Plaintiff's counsel admitting that Gail has been filtering the Judgment Debtor's funds through her bank account. Annexed hereto as Exhibit A is said email. This admission proves several of the allegations contained in Plaintiff's Second Amended Complaint that the Delluniversita family has been actively assisting in concealing the Judgment Debtor's assets. A stay of Gail's deposition would be highly prejudicial in light of this admission by her counsel.

In addition, a stay to either the Judgment Debtor or Gail would be prejudicial to Plaintiff. First, Judgment Debtor has not responded to Plaintiff's discovery at all. *See* Court's July 2, 2019 Minute Order. Second, Gail's responses to Plaintiff's First Request for the Production of Documents were deficient as Paul's, but Plaintiff could not schedule a meet and confer with Attorney Delluniversita because he would not provide a time for such a discussion, which is a prerequisite to a motion to compel.

### *Hearing to Hold Judgment Debtor and Gail in Contempt in State Court*

Plaintiff respectfully requests that the Court take judicial notice of the matter styled *Albert P. Malvino, Representative of the Estate of Bonnie Perieda, Deceased v. Paul A. Delluniversita and PCA Collectibles, Inc., et al.*, Index No. 601594/2018 (Sup. Suffolk). On July 12th, Gail is scheduled to appear before the Hon. Paul J. Baisley for a hearing to determine the sanction and/or penalties to be imposed on her for failing to obey the court's March 15, 2019 order. A copy of which is annexed hereto as Exhibit B for the Court's ready reference.

On July 10th, the parties appeared before Judge Baisley, where Attorney Delluniversita sought to stay the civil contempt hearing against his mother on the same basis they have alleged herein. Judge Baisley denied Attorney Delluniversita's request and the civil contempt hearing on sanction and/or penalties is proceeding on July 12th. Hours after leaving Judge Baisley's chambers, Attorney Delluniversita filed his second request for a stay in this proceeding. He neglected to advise the Court of this proceeding and this development.

In light of Attorney Delluniversita's recent applications [D.E. 114 & 115], Defendants are attempting to avoid their discovery obligations, while attempting to depose every member of Plaintiff's firm. It is apparent from Attorney Delluniversita's posture in this case, he believes that only the Plaintiff should submit to discovery, not his clients. To date, Plaintiff has produced approximately 4,000 pages of documents to Defendants' 200 pages. This case concerns over 1,000 fraudulent conveyances the Delluniversita family engaged in. Attorney Delluniversita has intimated that the money is gone. Yet he produces no documents to support his position and he refuses to permit his clients/family members from producing relevant documents. Yet they continue to attempt to dissipate assets while this case creeps forward. Discovery is a two way street. Plaintiff has complied, the Court must now put an end to Attorney Delluniversita's shenanigans. No stay should be granted. Plaintiff will hold off on the Judgment Debtor's deposition, but he should have to produce responsive documents. The Judgment Debtor's counsel should be required to submit bi-monthly reports on Judgment Debtor's condition to determine if he can participate in this proceeding before discovery closes. Since Gail has been laundering his deposits through her account, she should have to produce her bank documents immediately. Plaintiff believes she also files joint returns with the Judgment Debtor, those should be produced immediately. The Court needs to deny Attorney Delluniversita's frivolous motions [D.E. 114 & 115] and sanction him under Rule 37 and force the Defendants to produce relevant material as previously ordered or suffer the consequences under Rule 37.

Respectfully submitted,

Kenneth G. Walsh