**LAW OFFICE OF KENNETH G. WALSH**
100 S. Bedford Road, 3rd FL.
Mt. Kisco, New York 10549
(929) 241-7307

July 11, 2019

<u>Via ECF</u>

Magistrate Judge James Orenstein
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Stevens Baldo & Lighty, PLLC v. Anthony J. Delluniversita et al.*,
2:18-CV-1600-MKB-JO (E.D.N.Y.)

Dear Judge Orenstein:

Stevens Baldo & Lighty, PLLC, ("Plaintiff") in the above-captioned matter seeks an order from the Court that Anthony J. Delluniversita ("Judgment Debtor") and Paul A. Delluniversita ("Paul") have failed to comply with this Court's Minute Order dated July 2, 2019 under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. This Minute Order expressly stated that: "As set forth on the record, I granted the plaintiff's motions to compel. The defendants shall disclose all records responsive to the outstanding requests by July 9, 2019."

Both the Judgment Debtor and Paul have failed to comply with this Court's Order and some form of penalty under Rule 37(b)(2)(A)(i-vii) should be imposed.

In an attempt to forestall this sanction motion, Judgment Debtor and Paul filed a document entitled First Motion for Extension of Time to File Response/Reply to Plaintiff's So Ordered Request for Production. D.E. 115. Procedurally this purported application is improper. The proper vehicle should have been a motion for reconsideration of the Court's July 2nd Order, which they failed to make. The Court should *sua sponte* deny this application [D.E. 115] immediately because it is an attempted end run around their failure to comply with the Court's Order.

Rule 37 sanctions are appropriate here. When imposing Rule 37 sanctions for failing to comply with a discovery order, courts consider various factors, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2018) quoting, *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). The noncompliance here has been willful by the Judgment Debtor, Paul and their counsel. For a year and a half, Plaintiff has been seeking these same documents in a supplementary proceeding in state court and through discovery in this matter since April 26, 2019. The Court has repeatedly warned defense counsel of his obligations under a Local Civil

Rule 26.4(a) and yet neither he or his clients have made any effort to comply. Attorney Delluniversita has been disqualified from this matter, yet he continues to frustrate the administration of this case as he departs.

### *Judgment Debtor*

As of this date, the Judgment Debtor has not provided a single responsive document or even bothered to interpose a response to Plaintiff's First Request for the Production of Documents dated April 26, 2019 ("Request").

Judgment Debtor claims that Plaintiff's Motion to Compel failed to satisfy Local Rules 5.1 and 37.1. Not true. Plaintiff incorporated Plaintiff's First request for the Production of Documents addressed to the Judgment Debtor by reference and annexing a copy as Exhibit A to the application. *See* D.E. 101.

### *Paul*

On July 9, 2019, at 7:00 p.m., Attorney Delluniversita emailed a document entitled: Defendant Paul A. Delluniversita's Response and Objection to Plaintiff's Request Compelled Pursuant to the Court Order on July 2, 2019 ("Response of July 9th"), a copy of which is annexed hereto as Exhibit A. This document signed by Attorney Delluniversita and fails to comply with the Court's Order of July 2, 2019. Paul was required to "disclose all records responsive to the outstanding request". He has not done so. The Court must impose some form of penalty upon Paul and his counsel under Rule 37(b)(2)(A)(i-vii) and Rule 37(b)(2)(C).

Plaintiff's Motion to Compel dated June 24, 2019, [D.E. 102] requested, pursuant to Rule 37(a)(4) of the Fed. R. Civ. P., an order to compel Paul to provide complete and accurate responses *and produce responsive documents to the Requests*. Emphasis added. The Motion to Compel outlines four areas where Paul's Response were deficient. The Response of July 9th simply recycles his insufficient initial responses and he fail to provide any documents.

### *Federal & State Tax Returns-Request No. 1*

Request No. 1 seeks Paul's tax returns during the Relevant Period. Paul claims not to have any documents responsive to the Request No. 1 in his possession. The Response of July 9th goes on to state "Paul A. will authorize the release of any responsive documents from his accountant once in receipt of the confidentiality agreement executed by the Plaintiff, as they are not in possession within thirty days from the service of this response."[1] Aside from the final clause not making any sense, this response is clearly in violation of the Court's July 2, 2019 Minute Order. The rationale for withholding documents is a farce. Prior to file any document on Pacer, a filer must affirm that they are complying with the Court's Redaction Notice. Every document for Requests Nos.1 & 2 would be covered under the Redaction Notice. This is simply another delay tactic employed by Attorney Delluniversita. This response compels the Court to impose sanctions under Rule 37(b)(2)((C) and deny Paul's request for a 30 day extension.

---

[1] Plaintiff provided Attorney Delluniversita with the proper confidentiality form and he has yet to circulate it to the undersigned.

*Bank and Investment Accounts-Request No. 2*

Paul's Response of July 9th essentially claims that he does not have a current bank or investment account. Paul claims he "has identified responsive documents that are not in his possession. Paul A. will authorize the release from any institution, if one exists, that are retaining control of any responsive documents, within thirty days upon receiving the executed confidentiality agreement from the plaintiff. The request is asking for document that may be costly to obtain. Should any be identified Paul A. will produce them within thirty (30) days if the cost of production is reasonable. Should the cost of production be unduly burdensome, Paul A. will make the appropriate objection and application within five (5) days of being notified of the time and cost. Additionally, plaintiff is in possession of some, possibly al [sic] of the responsive documents."

This response is nonsensical. Paul cannot produce a single statement from his bank account. Today, any account holder can download and print out their current account statement within minutes. Most banks allow an account holder to go back years, yet Paul cannot do this.

Paul's application for a 30 day extension does not even address the two other highly relevant requests highlighted in Plaintiff's Motion to Compel, namely a request for the consideration given by Paul to PCA Collectibles, Inc. ("PCA") for 268 checks he drew to himself from PCA's account.

Paul should be precluded from offering any evidence to opposing Plaintiff's claims concerning the 268 checks drawn on PCA's account payable to Paul under Rule 37(b)(2)(A)(ii) for failing to comply with the Court's July 2, 2019 Minute Order, if he cannot produce responsive documents immediately, he should be precluded from offering evidence in opposition to Plaintiff's Second and Fourth Counts in the Second Amended Complaint.

Plaintiff's motion to compel also sought documents pertaining to Interest in other Entities in the Numismatic Industry he has-Request No. 11. Paul doesn't even address this. As a result, he should immediately disclose relevant documents to this request of a sanction under Rule 37 should be imposed upon him for his failure to comply with the Court's Order.

In addition, Defendants have failed to comply with the fourth branch of the Court's July 2, 2019 Minute Order. Defendants have not promptly reimbursed the Plaintiff for reasonable costs of their counsel's arrival one hour after the scheduled start of the hearing on July 2nd. Attorney Delluniversita has ignored this issue when it was brought to his attention in three separate emails over the past week—all of which he ignored.

Respectfully submitted,

Kenneth G. Walsh