# ANTHONY P. DELLUNIVERSITA
Attorney at Law
2 W Main Street, Suite SE3A
Bay Shore, New York 11706
Tel: (631) 251-7570     Fax: (716) 919-1480
Email: anthony@apdlaw1.com

July 13, 2019

Hon. Magistrate Judge
James Orenstein
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Stevens Baldo Lighty, PLLC v. Anthony J. DellUniversita et al.
  Civil Action No.: 2:18-cv-1600

Judge Orenstein:

  Pursuant to Your Honor's July 12, 2019 Order please find my response to show cause why the plaintiff's motion for sanctions should not be granted. There was no willfulness on the part of the defendants in providing the discovery that compelled and due by July 9, 2019. This evidenced by the three or four requests to plaintiff's counsel that there was no way to provide everything he requested in the period provided due to the July 4th holiday. It is further evidenced by the request for an extension.

  The court is correct that a protective order should have moved for, however that application was not made because the noncompliance was not because of the missing confidentiality agreement. The only reason for noncompliance on July 9, 2019 was time and unavailability of sources that had documents requested in their control. Specifically, Paul A.'s and Anthony J.'s accountant who was on vacation or closed from July 3, 2019 through July 10, 2019. It has been relayed to counsel on numerous occasions that Paul A. and Anthony J. do not have the tax returns in their possession. Upon the return of their accountant I have obtained and provided them to counsel. Counsel has also been provided with the bank accounts as requested.

  I still do not understand why plaintiff's counsel refers to the plaintiff seeking any documents for a year and a half. This action has been pending since November 2018. Discovery began in April 2018. The supplementary proceedings he mentions did not involve Paul A. he was discontinued from that action. Paul A.'s response does not say he cannot produce bank account statements, he since has. Paul A. does not have any other retirement accounts; they simply do not exist.

  Plaintiff's counsel did not confer with me regarding the issue. I took steps to discuss the disclosure with counsel and was stone walled. Despite the court's opinion that the defendants do

not want to address the merits of the case, the fact is that the defendants are more than happy to comply with as much full disclosure as they can obtain because it strengthens their position. Except for tax returns, prior to the court's order, the plaintiff was going to get all his discovery but never once wanted to cooperate and understand he is requesting documents that are 9 years old from three different defendants who must obtain them. Add in that one defendant is incapacitated at this time, the communication has been open, but counsel would prefer to file a motion each time. It should be noted that the plaintiff's counsel makes this application with unclean hands. He served his responses and objections and provided a CD purporting to have corresponding documents on it, approximately 3,900. I have brought the CD to three different Staples to have the file put on a zip drive. Each one has said the file on the CD is blank. I informed counsel and request multiple times to send a usable form of discovery. To date I have not received such. In addition to that each of his responses and objection state, "an objection on the grounds that is seeks documents that are neither relevant to any party's claim or defense not reasonably calculated to lead to discovery of admissible evidence." It is well established that the 2015 amendment to Rule 34 has omitted this type of objection. This is not the first-time counsel has made it difficult regarding the disclosure he claims to have. He stonewalled the mediation process when the mediator requested, he send all the alleged checks he has in a binder.

I have sent one last request, which is now the 5th request to send a usable form of discovery, which if unanswered I will have no choice but to move to compel. I have made efforts regarding the defendants' disclosures and the responses of the plaintiff to avoid bringing these issues before the court. They are issues that could and should be resolved by the parties. I have not been able to accomplish such.

I am respectfully requesting the motion for sanctions be denied. All the documents requested that are in the possession of control of the defendants have been provided and always were going to be provided. Had the defendants willfully ignored the Order sanctions would be appropriate, but the Order was not ignored as far as attempting to address the reason for a minor delay.

I am respectfully requesting the conference date be adjourned to the any day the following week. On Sunday July 14, 2019 I am chaperoning my four-year-old son's camp trip out east. I will be returning Thursday evening from that trip. On Friday July 19, 2019, I am participating in and assisting in the coordination of the Soldier Ride in Babylon Village. The Soldier Ride is a 25-mile back ride as part of the Wounded Warrior Project. This is my 8th year participating and assisting in coordination. Our team has fund raised thousands of dollars and my commitment to this event and this cause is as important as anything. I respectfully ask the matter to be adjourned into the following week so that I can see that commitment through. I appreciate the court's consideration of my request.

Thank you.

Respectfully,

/s Anthony P. DellUniversita

_____

Anthony P. DellUniversita- (APD 9294)
Attorney for Defendants
2 W. Main Ste- Suite SE3A
Bay Shore, New York 11706
(631) 251-7570

CC: Kenneth Walsh
Ecf