# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

STEVENS BALDO & LIGHTY, PLLC )
)
v. ) Case No.: 2:18-cv-1600 (MKB) (JO)
ANTHONY J. DELLUNIVERSITA, et al. )
)

## BILL OF COSTS

Judgment having been entered in the above entitled action on _____ against _____,
the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk ................................................................... | $ |
| Fees for service of summons and subpoena ............................ | |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... | |
| Fees and disbursements for printing ....................................... | |
| Fees for witnesses *(itemize on page two)* ............................... | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case................................................ | |
| Docket fees under 28 U.S.C. 1923 ......................................... | |
| Costs as shown on Mandate of Court of Appeals .................... | |
| Compensation of court-appointed experts .............................. | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | |
| Other costs *(please itemize)* ................................................... | $1,462.50 |
| TOTAL $ | 0.00 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

[✓] Electronic service    [ ] First class mail, postage prepaid
[ ] Other:

s/ Attorney: *(signature)*

Name of Attorney: Kenneth G. Walsh

For: Steven Baldo & Lighty, PLLC    Date: July 26, 2019
*Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of _____ and included in the judgment.

_____    By: _____
Clerk of Court            Deputy Clerk        Date

AO 133 (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
   "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
   "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
   Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

   When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

   Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVENS BALDO & LIGHTY, PLLC,

                Plaintiff,     Civil Action No. 2:18-CV-1600 (MKB) (JO)

v.

ANTHONY J. DELLUNIVERSITA, et al.,

                Defendants.

## DECLARATION OF KENNETH G. WALSH

I, Kenneth G. Walsh, make this declaration under the penalty of perjury under the laws of the United States:

1. I am the attorney of record for Stevens Baldo & Lighty, PLLC ("Plaintiff") in the above-captioned case.

2. This declaration is submitted in accordance with the Court's Minute Order dated July 24, 2019 requesting Plaintiff to file a Bill of Cost for an award of Plaintiff's attorney's fees in connection with defense counsel's failure to arrive on time for the July 2, 2019 Status Conference and in connection with the Court's July 24, 2019 Minute Order granting in part Plaintiff's request for Rule 37(b)(2)(A) sanctions.

3. Pursuant to the Court's July 24, 2019 Minute Order, Plaintiff was also ordered submit their reasonable costs associated with their July 11, 2019 motion for sanctions.

4. Plaintiff's counsel has spent 2.25 hours in making the Rule 37 application for sanctions and waiting for defense counsel to arrive for the July 2, 2019 Status Conference. My current billable rate is $650 per hour (2.25 hours @ $650 per hour equals $1,462.50). Annexed

hereto as Exhibit A are my time records supporting the entry of a judgment in the amount of $1,462.50.

       I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1924.

       Executed this 26th day of July 2019, at Mt. Kisco, New York.

                                                    Kenneth G. Walsh

**EXHIBIT A**

Kenneth G. Walsh's
Time for *Stevens Baldo & Lighty, PLLC v. Anthony J. Delluniversita, et al.*, Case No. 2:18-CV-1600 (MKB) (JO)

| Date | Description of Task | Time |
|---|---|---|
| 7/2/19 | Wait time for opposing counsel to appear at Status Conference before Magistrate Judge James Orenstein on July 2, 2019. Counsel for defendants was one hour late. | 1.0 |
| 7/2/19 | Review file and draft motion for Rule 37 sanctions against Anthony J. Delluniversita-Judgment Debtor and Paul A. Delluniversita. | 1.25 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | TOTAL | 2.25 |

# CERTIFICATE OF SERVICE

    I, Kenneth G. Walsh, hereby certify that on this 26th day of July 2019, a true and correct copy of Bill of Costs and the Declaration of Kenneth G. Walsh dated July 26, 2019 and Certificate of Service was filed electronically. Notice of this filing will be electronically mailed to all parties registered with the Court's electronic filing system. Additionally, a copy of the same was delivered via First Class Mail to the following:

Paul A. Delluniversita, CEO
PCA Collectibles, Inc.
428 Myrtle Avenue
West Islip, NY 11795

PCA Collectibles, Inc.
1045 Route 109, Suite 104
North Lindenhurst, NY 11757

Paul A. Delluniversita
428 Myrtle Avenue
West Islip, NY 11795

Kelly Walsh
428 Myrtle Avenue
West Islip, NY 11795

Anthony J. Delluniversita
56 Easton Avenue
North Babylon, NY 11703

Gail A. Delluniversita
56 Easton Avenue
North Babylon, NY 11703

Gail A. Delluniversita, Trustee
Gail Delluniversita Living Trust
56 Easton Avenue
North Babylon, NY 11703

                                                                                        __/s/Kenneth G. Walsh_____
                                                                                          Kenneth G. Walsh