**LAW OFFICE OF KENNETH G. WALSH**
100 S. Bedford Road, 3rd FL.
Mt. Kisco, New York 10549
(929) 241-7307

August 7, 2019

<u>Via ECF</u>

Magistrate Judge James Orenstein
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Stevens Baldo & Lighty, PLLC v. Anthony J. Delluniversita & Paul A. Delluniversita*,
           2:18-CV-1600 (E.D.N.Y.)

Dear Judge Orenstein:

      In accordance with the Court's Order of August 5, 2019 and your Individual Practice Rules, Plaintiff respectfully replies to Defendant Anthony P. Delluniversita's letter motion [D.E. 126] for reconsideration of the Court's Minute Order of July 24, 2019. D.E. 121.

*Motion for Reconsideration*

      Anthony P. Delluniversita's motion for reconsideration should be denied. The gravamen of his application is that there was no meet and confer prior to the Plaintiff's First Motion for Sanctions. D.E. 117. Not true. There was a meet and confer between counsel in advance of the application. In Attorney Delluniversita's July 13, 2019 response to the motion for sanction, he concedes this point by stating: "*I took steps to discuss the disclosure with counsel and was stone walled.*" See D.E. 188. (Emphasis added). The opening paragraph of his July 13th responses states "[t]his is evidenced by the three or four requests to plaintiff's counsel that there was no way to provide everything he requested in the period provided due to the July 4th holiday." *Id.* The parties were in communication concerning defendants' failure to comply with the Court's July 2, 2019 Order.

      As the Court noted during the July 24, 2019 hearing on Plaintiff's First Motion for Sanctions, "[t]he defendants did not appear in person or through counsel and failed to seek leave to be excused." If counsel had attended the hearing, I would have pointed out that the parties did have numerous discussions on their disclosure and their counsel conceded this point in his opposition to the motion.

      Moreover, Attorney Delluniversita's motion for reconsideration again concedes the fact that the parties "*attempted to resolve the issue without court intervention.*" See D.E. 126. (Emphasis added). This fact was not overlooked by the Court. Those were the meet and confers. Nothing more is required under Local Civil Rule 37.3(a) prior to making the application under Fed. R. Civ. P. Rule 37.

*Bill of Costs*

The Court's July 24, 2019 Minute Order directed Plaintiff to file a bill of costs and granted defendants three days to file an objection. Defendants failed to do so. The argument that Paul A. Delluniversita ("Paul") was responsible for doing this is of no moment. Attorney Delluniversita received an ECF Notice of the Court's July 24th Minute Order. He could have filed a timely objection individually via his ECF login and password. He did not. Paul could have filed any purported objection with the clerk's office in Islip by its due date on July 31, 2019. He chose a different path. Paul filed a Letter dated July 25, 2019 seeking a thirty-day extension to find new counsel. D.E. 123. Attorney Delluniversita filed a "medical update" on July 31, 2019. D.E. 124. Defendants should have prioritized their filings. They didn't. The Court's bill of costs should not be disturbed.

It is respectfully requested that Anthony P. Delluniversita's motion for reconsideration be denied in its entirety.

Respectfully submitted,

Kenneth G. Walsh