

# Moritt Hock & Hamroff LLP
ATTORNEYS AT LAW

**Danielle Marlow, Esq.**
Partner
Direct Dial: (516) 880-7205
Email: dmarlow@moritthock.com

August 20, 2019

**Via ECF**
The Honorable Magistrate Judge James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Stevens Baldo Light, PLLC v. Anthony J. Delluniversita, et al.,***
**Civil Action No.: 2:18-cv-1600**

Dear Judge Orenstein:

This firm was recently retained to represent Defendants Paul A. Delluniversita ("Paul"), Kelly Walsh ("Kelly"), and Gail A. Delluniversita ("Gail," and collectively, the "Non-Debtor Defendants"). We write pursuant to the Court's Order dated July 24, 2019 (ECF Doc No. 121) to certify that we have obtained a copy of the transcript of the minutes of the proceedings before this Court on July 24, 2019. A copy of the transcript is enclosed.

We stand ready should the Court need anything further.

Respectfully submitted,

Danielle J. Marlow

cc: Kenneth G. Walsh, Esq. (via ECF)

```
                        UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF NEW YORK

------------------------------------X
                                    :
STEVENS BALDO & LIGHTY, PLLC,       :
                                    :   18-CV-01600 (MKB)
            Plaintiff,              :
                                    :   225 Cadman Plaza
        v.                          :   Brooklyn, New York
                                    :
DELLUNIVERSITA, et al.,             :
                                    :
            Defendants.             :   July 24, 2019
------------------------------------X

        TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
            BEFORE THE HONORABLE JAMES ORENSTEIN
               UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:         KENNETH G. WALSH, ESQ.
                           100 S. Bedford Road
                           Mt. Kisco, New York 10549


For the Defendants:        NO APPEARANCE



Court Transcriber:         SHARI RIEMER, CET-805
                           TypeWrite Word Processing Service
                           211 North Milton Road
                           Saratoga Springs, New York 12866
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
                                                                2
 1   (Proceedings began at 10:04 a.m.)
 2              THE CLERK:  Civil Cause for a Status Conference,
 3   Stevens Baldo & Lighty, PLLC v. Delluniversita, et al., Docket
 4   No. 18-CV-1600.
 5              Would you please state your appearance for the
 6   record?
 7              MR. WALSH:  Kenneth G. Walsh on behalf of the
 8   plaintiff.
 9              THE COURT:  Good morning.  We have no appearance for
10   any of the defendants.  Have you been in contact with Mr.
11   Delluniversita?
12              MR. WALSH:  Yes.  I spoke to him yesterday.
13              THE COURT:  And he knows about the proceeding as far
14   as you know?
15              MR. WALSH:  Yes.
16              THE COURT:  Clearly the docket had given him
17   sufficient notice.  Do you know if his co-defendants were
18   planning to be here now that he's withdrawing?  Don't get up
19   every time.
20              MR. WALSH:  He said that they were looking -- they
21   had contacted a law firm.
22              THE COURT:  Okay.  Well, to minimize the prej -- I
23   haven't yet granted the application to withdraw as counsel of
24   record.  I wanted to wait until after today's conference in
25   the event that Mr. -- Attorney Delluniversita showed up but
```

1  the other defendants did not so that they would be represented
2  but even he has not shown up.
3       To minimize the resulting prejudice from the lack of
4  representation of today's proceeding I'll order the defendants
5  collectively to secure the minutes of today's proceeding and
6  to certify compliance within 30 days.
7       Mr. Walsh, I've got your motion for sanctions.
8  First of all, tell me what you do and don't have because there
9  seems to be some disagreement about that.
10      MR. WALSH:  It appears now that the judgment
11 debtor's name was taken off of a joint account with Gail.
12      THE COURT:  When you talk about the judgment debtor
13 you're referring to --
14      MR. WALSH:  Anthony J.
15      THE COURT:  Anthony J., okay.
16      MR. WALSH:  They had a joint account.  During the
17 Malaveno [Ph.] case the joint account was being used and then
18 as that proceeding progressed and it appeared that a judgment
19 was coming his name was taken off but the banking activity
20 continues.  It's very similar.
21      THE COURT:  Mr. Walsh, I'm sure you're quite
22 exercised about that but that's entirely unresponsive to my
23 request.
24      MR. WALSH:  All right.  Okay.
25      THE COURT:  If you would be so kind you have a

```
                                                                    4
 1   request for relief here.  I'm trying to -- based on their
 2   failure to provide you certain discovery.  I'd be grateful if
 3   you would tell me which discovery that you're seeking they
 4   haven't yet provided because there's a dispute about that.
 5             MR. WALSH:  Very well.  Request 10 through 12
 6   concern North Babylon property.  I've received nothing.
 7             THE COURT:  Okay.
 8             MR. WALSH:  The Lantana property is encompassed in
 9   Request 13 through 16, nothing.  They purchased a 2006 BMW 640
10   convertible.  Those are encompassing Requests 17 and 18.  I've
11   got nothing with respect to those.
12             THE COURT:  Can you go through the request in order?
13   First of all, the tax returns.  Have you gotten them?
14             MR. WALSH:  Tax returns.  I have 2012, 2015 and '16.
15             THE COURT:  Those weren't the only ones you had
16   requested; correct?
17             MR. WALSH:  I asked for six years.  So I've got half
18   of them.
19             THE COURT:  Okay.  Let me make a note here.
20                      [Pause in proceedings.]
21             THE COURT:  So you say tax returns.  You're still
22   missing which years?
23             MR. WALSH:  I'm missing 2013 and '14, 2017 and '18.
24   They say they didn't file 2018 yet.
25             THE COURT:  Request No. 2, bank investment -- bank
```

5

1  or investment accounts had during the relevant time period
2  including deposited checks drawn on PCAs TD Bank account and
3  checks listed in Schedule B in the second amended complaint.
4  Where do you stand on that?
5           MR. WALSH:  It appears that they have provided the
6  bank accounts.
7  (Phone ringing)
8           THE COURT:  Please turn that off and make sure it
9  doesn't ring again.
10          MR. WALSH:  I'm sorry.
11          THE COURT:  So -- sorry.  I'm trying to keep doing
12 this in an orderly way.  So for Request No. 2 you've gotten
13 that?
14          MR. WALSH:  I've got bank accounts yes, Your Honor.
15          THE COURT:  Okay.  Let me just go back to make a
16 note.
17                  [Pause in proceedings.]
18          THE COURT:  On the first one -- bear with me for a
19 moment.
20                  [Pause in proceedings.]
21          THE COURT:  All right.  So that's the second
22 request.  What else haven't they provided?
23          MR. WALSH:  They haven't provided any documents
24 concerning the Mass Mutual account in which they were funding
25 an IRA for the judgment debtor Anthony J. Delluniversita.

```
                                                                    6
 1              THE COURT:  What else?  Anything else?
 2              MR. WALSH:  That would take us from Request 5
 3   through 9 which are all investment grade or type accounts.  I
 4   haven't seen anything or I haven't received any communication
 5   from their counsel that they don't have these documents or
 6   they don't exist.
 7              THE COURT:  I'm sorry.  What was the last part?  You
 8   haven't had them say --
 9              MR. WALSH:  I haven't heard whether or not they even
10   have -- ever had those type of accounts.
11              THE COURT:  Okay.
12              MR. WALSH:  Request 10 concerns the North Babylon
13   property and the transfer.  I haven't received a single
14   document responsive to that request nor have I received
15   anything for Request No. 11 which talks about the
16   consideration in which that was given for the transfers that
17   are alleged in the complaint.
18              12, I haven't received anything concerning the
19   maintenance of the North Babylon account.  Request 13 through
20   16 referred -- are with respect to the Lantana, Florida
21   property.  I haven't received anything.  That property is
22   listed for sale.  I haven't gotten anything.
23              THE COURT:  All right.  Go ahead.
24              MR. WALSH:  17 through 18 concerns the 2016 BMW that
25   was purchased.  Request 19 and 20 talk about the fair
```

Case 2:18-cv-01600-MKB-JO   Document 136   Filed 08/20/19   Page 8 of 14 PageID #: 1351
7

1  consideration they gave to PCA or the transfers that are
2  alleged in the complaint. 21 through 23 concerns any interest
3  in PCA or any other business -- any other entity involved in
4  the coin business.
5           THE COURT: And you haven't received anything on
6  that?
7           MR. WALSH: With respect to that, Your Honor,
8  they've produced bank statements for an entity CNS Consulting
9  Agency.
10          THE COURT: But does that respond to the inquiry?
11          MR. WALSH: Not entirely. It doesn't tell me --
12          THE COURT: What are you missing?
13          MR. WALSH: Well, it doesn't tell me who is the
14 owner of that entity.
15          THE COURT: Well, but this isn't an interrogatory.
16 This is a demand for records.
17          MR. WALSH: I understand.
18          THE COURT: So what records haven't they provided?
19          MR. WALSH: Okay. Shareholder agreement and other
20 corporate documents.
21          THE COURT: For PCA?
22          MR. WALSH: For the new entity, this new entity.
23          THE COURT: Okay.
24          MR. WALSH: Or PCA. Either.
25          THE COURT: Okay. I don't think that there is a

8

1  sufficient record of non compliance or other willfulness to
2  justify at this point striking the answer or finding them in
3  default primarily because I'm not convinced that lesser
4  sanctions won't suffice.  That said -- I'm sorry.  Bring me up
5  to date on the payment of your fees for the -- nothing?
6          MR. WALSH:  Nothing.
7          THE COURT:  What have you sent them in terms of the
8  bill of costs?
9          MR. WALSH:  I sent them an email, several emails and
10 a letter.
11         THE COURT:  So submit a bill of costs promptly as
12 well as your -- I'm granting your motion for sanctions.  So
13 submit a bill of costs for today's motion as well.  Please
14 make them reasonable.  I'll certainly give the defendants an
15 opportunity to respond as to the amount including the amount
16 of hours and the hourly rate but their failure to provide
17 discovery in response to my previous order and their failure
18 to appear as required today I think warrants an award of
19 costs.
20         In terms of other relief, in addition to ordering
21 the defendants to provide all outstanding discovery item by
22 item as set forth on the record of today's proceeding, which
23 I'll require them to do within one week, I will impose
24 remedial sanctions for the repeated failures to comply up
25 until today but not dispositive relief.

9

1   To some extent -- I want to hear your views on this.
2   I think that an appropriate remedy is preclusion of evidence
3   on the matters to which the request for discovery pertains but
4   I recognize that there may be other areas which your lack of
5   discovery impedes your ability to present a case as opposed to
6   impedes your ability to prepare for theirs.
7   So what would you propose in terms of preclusion of
8   evidence and to the extent that the lack of information
9   impedes your ability to present a case what would you propose?
10  MR. WALSH: I would focus, Your Honor, on Requests
11  19 and 20 concerning the fair consideration given to PCA by
12  the defendants for the items that were paid to them as alleged
13  in the second amended complaint.
14  THE COURT: So preclude them from providing --
15  MR. WALSH: Any testimony or documentary evidence
16  concerning consideration given.
17  THE COURT: I think that's a properly tailored
18  sanction and I will so order it.
19  Is there any remedy other than that that you're
20  seeking? I know you're seeking dispositive relief. I'm
21  denying that request based on the current record. I don't
22  think that -- I'm not saying that it might not be warranted at
23  some point.
24  MR. WALSH: As you instructed several weeks ago I
25  want to get to the merits of the case and I want the discovery

```
                                                              10
 1   to do that.  I don't want to engage in discovery disputes with
 2   the defendants.  I just want to get it.  I just want to get it
 3   and tee this case up for summary judgment.
 4              THE COURT:  So is there any further relief that
 5   you're seeking in terms of the discovery sanctions?
 6              MR. WALSH:  No.
 7              THE COURT:  So to sum up I'm going to grant in part
 8   the motion for sanctions.  I'm denying the request for
 9   dispositive relief.  The defendants shall within one week --
10   so by July 31st provide all responsive documents and records
11   within their possession, custody or control responsive to all
12   outstanding discovery requests without objections which have
13   been waived.  To the extent that -- I'm sorry.
14              Each -- they must respond to each outstanding
15   discovery request individually designating the items
16   specifically responsive to that request.
17              To the extent that there are any items, any
18   responsive items that they claim no longer to have the
19   defendant in whose custody, possession or control the
20   documents or records were previously before their disposition
21   that defendant must provide an affidavit describing in detail
22   the disposition of the missing items.
23              To the extent that the response is the defendant has
24   never had responsive items they must say so in an affidavit.
25              I am going to pursuant to Rule 37 preclude all of
```

```
                                                              11
 1   the defendants from offering in evidence any testimony or
 2   exhibit supporting the proposition that there was fair
 3   consideration for PCA.
 4           And going back to providing discovery, to the extent
 5   that any information sought by the discovery requests is in
 6   the hands of a third party, whether it's an accountant or the
 7   IRS or a bank or anyone else, defendants must identify with
 8   specificity the third party custodian and execute an
 9   authorization for that custodian to release the pertinent
10   documents.
11           Do you have anything else for today?
12           MR. WALSH:  Your Honor, there's a housekeeping
13   measure.  You've set a schedule for depositions.
14           THE COURT:  Yes.
15           MR. WALSH:  I have not heard about the condition of
16   Anthony J. Delluniversita and my client, Lynn Stevens, has a
17   conflict on Friday to have his -- his wife passed away a month
18   or so ago and they're having a church service.
19           THE COURT:  I'm not getting into --
20           MR. WALSH:  I'll --
21           THE COURT:  I'm not getting the deposition schedule
22   again.  You folks failed to do the simple task that --
23           MR. WALSH:  Your --
24           THE COURT:  Don't interrupt.
25           MR. WALSH:  Sorry.
```

```
                                                              12
 1              THE COURT:  You guys have had plenty of opportunity
 2   to act like lawyers and agree on a schedule.  You've been
 3   unable to do so.  There's plenty of blame to go around on this
 4   one.
 5              MR. WALSH:  Your Honor --
 6              THE COURT:  I'm not finished.  I gave you plenty of
 7   warning about how I would handle it.  It didn't change your
 8   conduct.  So I gave you a schedule.  That schedule sticks.  If
 9   you can agree on changing it by all means do so.  If you can't
10   agree then a party that fails to produce a witness is required
11   can't produce that witness at trial.  The party that fails to
12   question when given an opportunity to do so waives that.  I'm
13   not getting into this any further.
14              Anything else for today?
15              MR. WALSH:  May I make a protective order?
16              THE COURT:  You can file on the docket any motion
17   that you like.  I'm not going to rule on it on a new motion in
18   your adversary's absence.
19              Have a good day.
20   (Proceedings concluded at 10:21 a.m.)
21                           * * * * *
22
23
24
25
```

```
 1      I certify that the foregoing is a court transcript from
 2   an electronic sound recording of the proceedings in the above-
 3   entitled matter.
 4
 5                              _____
 6                                    Shari Riemer, CET-805
 7   Dated:   August 20, 2019
```

13

      1      I certify that the foregoing is a court transcript from
      2   an electronic sound recording of the proceedings in the above-
      3   entitled matter.
      4
      5                              _____
      6                                    Shari Riemer, CET-805
      7   Dated:   August 20, 2019