

**Danielle J. Marlow**
Partner
Direct Dial: (516) 880-7205
Email: dmarlow@moritthock.com

September 4, 2019

**Via ECF**
The Honorable Judge Margo K. Brodie
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Stevens Baldo Lighty, PLLC v. Anthony J. Delluniversita, et al.,***
**Civil Action No.: 2:18-cv-1600**

Dear Judge Brodie:

    Moritt Hock & Hamroff LLP ("MHH") was recently retained to represent Defendants Paul A. Delluniversita ("Paul"), Kelly Walsh ("Kelly"), and Gail A. Delluniversita ("Gail," and collectively, the "Non-Debtor Defendants").[1] We write in response to Plaintiff Stevens Baldo Lighty, PLLC's ("Plaintiff") August 30, 2019 letter seeking a pre-motion conference to (i) file a motion for leave to amend the Second Amended Complaint; and (ii) file a motion for the turn-over of funds. As detailed below, the Non-Debtor Defendants consent to Plaintiff's motion for leave to amend, and oppose the motion for turn-over.

    As a preliminary matter, Counsel for Plaintiff has made an unfortunate practice of setting forth Plaintiff's version of the "facts" as if these facts were uncontroverted and established -- even where such a recitation is not relevant to the subject matter at hand.[2] The trial of this matter will be scheduled in due course, and counsel's recitation of the purported facts should be reserved for trial – not repeatedly and needlessly submitted in correspondence. Suffice it to say that Non-Debtor Defendants in no manner agree with Plaintiff's version of the facts, and

---

[1] MHH does not represent Defendants Anthony J. Delluniversita or Anthony P. Delluniversita.

[2] For example, counsel's discussion of discovery matters is completely irrelevant, as such matters are being handled by Magistrate Judge Orenstein, and do not relate to Plaintiff's present application. In any event, as will likewise be detailed in correspondence to Magistrate Orenstein, since being retained last month, we have worked diligently with the Non-Debtor Defendants to produce all outstanding discovery. To date, we have produced over 2,400 pages of documents on behalf of the Non-Debtor Defendants (in addition to the hundreds of pages produced on their behalf by prior counsel). The documents produced consist of, *inter alia,* tax returns, bank statements, copies of checks, W-2 statements, deeds, mortgage records, records of expenses, trust agreements, certificates of incorporation, and other corporate documents.



maintain that a prolonged discussion concerning the merits of this case is inappropriate at this juncture.[3]

**Motion for Leave To Amend**

As noted by counsel for Plaintiff, the Non-Debtor Defendants consent to Plaintiff's application for an extension of time until September 30, 2019 to amend the Complaint.

**Motion for Turn-Over**

Plaintiff seeks a pre-motion conference to set a briefing schedule for a contemplated motion for the turn-over of funds held in two accounts at Mass Mutual that purportedly received "illicit" transfers.[4]

As an initial matter, the contemplated turn-over motion suffers from the procedural defect that a necessary party – Mass Mutual – is not party to this action. While there is some difference of opinion among courts as to whether an application for a turn-over of assets must be brought by means of a separate special proceeding or a motion, the Courts in this District are in agreement that in either case, the Court in question must have personal jurisdiction over the third party from whom turn-over is sought. *See Gen. Elec. Capital Corp. v. Easter Bus. Sys.*, No. 15-CV-6924, 2016 WL 3582061 (E.D.N.Y. June 28, 2016); *LaBarbera v. Audax Const. Corp.*, 971 F.Supp.2d 273 (E.D.N.Y. 2013). Here, Massachusetts Mutual Life Insurance Company is both incorporated in Massachusetts and has its principle place of business in Massachusetts; it thus would be incumbent upon Plaintiff to show that Mass Mutual is subject to personal jurisdiction in New York.

Further, Plaintiff would only potentially be entitled to turn-over of accounts in the name of Debtor Anthony J. Delluniversita, not Non-Debtor Gail Delluniversita.[5] At least one of the

---

[3] Just by way of example, C & S Consulting Agency, Inc. ("C & S"), the alleged "previously undisclosed entity" that Plaintiff claims is a successor to judgment debtor PCA Collectibles, Inc. ("PCA") was never concealed, but, in fact, was formed in 2014 – almost a full year before entry of the *Malvino* judgment – and has been in operation ever since. C & S has a different name, ownership structure, and customer base from PCA, and also has different assets, bank accounts, and employees, among other differences. C & S thus is in no manner the successor to PCA.

[4] Counsel for Plaintiff represents that Judge Azrack froze these accounts, but in fact, these accounts were frozen upon stipulated consent of the parties. *See* ECF Doc. No. 41.

[5] To succeed on a claim under New York Civil Practice Law and Rules ("CPLR") § 5225(b), "First, it must be shown that the judgment debtor 'has an interest' in the property the creditor seeks to reach. ***Where this first step is satisfied***, the trial court must, second, then make one of two findings: it must find either that the judgment debtor is 'entitled to the possession of such property,' *or* it must find that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is. Only after both steps of the analysis are demonstrated may



Mass Mutual accounts (the OSLXXXXXXX67 account) is in Non-Debtor Gail's name alone; it is thus not subject to turn-over.[6]

In addition, Plaintiff's contemplated turn-over motion clearly would require determination of numerous disputed factual issues. The accounts in question are annuities set up in contemplation of the retirement of Anthony J. and Gail Delluniversita – both of whom are in their 60s. As Plaintiff acknowledges, these accounts were opened back in *2012,* and almost all the payments to these annuities were made *prior* to entry of the *Malvino* judgment. Second Amended Complaint (ECF Doc. No. ¶¶ 73-74). To show that transfers to these retirement annuity funds were in fact made, as alleged, "to avoid the fraud judgment obtained in the *Malvino* case," Plaintiff will have to show that somehow these retirement accounts were set up to avoid a judgment, when they were set up years before that judgment was entered. Put simply, Plaintiff will need to prevail on what are clearly contested issues of fact. This will likely result in a "mini-trial" that will be a waste of judicial resources, particularly in light of the fact that the entire action will likely be ready for trial in 2020.

In sum, the proposed "turn-over" motion is both procedurally and substantively baseless, and would be a waste of the resources of this Court and the parties.

Respectfully submitted,

Danielle J. Marlow

cc:    Kenneth G. Walsh (via ECF)

---

the trial court order the transferee to turn over the property to the judgment creditor." *Beauvais v. Allegiance Securities, Inc.,* 942 F.2d 838, 840 (2d Cir. 1991) (emphasis added).

[6] Counsel for Plaintiff's assertion that the initial deposits into the Mass Mutual accounts were "fraudulent" under CPLR 5205(c) because "those accounts were opened within 90 days of the commencement of the *Malvino* action" is likewise baseless. In fact, CPLR § 5205(c)(5) merely provides that "Additions to an asset described in paragraph two of this subdivision shall not be *exempt* from application to the satisfaction of a money judgment if (i) made after the date that is ninety days before the interposition of the claim on which such judgment was entered" -- meaning that such deposits within 90 days of the commencement of the action are not immune from satisfaction of the judgment, not that they are presumed fraudulent.