## ANTHONY P. DELLUNIVERSITA
Attorney at Law
2 W Main Street, Suite SE3A
Bay Shore, New York 11706
Tel: (631) 251-7570     Fax: (716) 919-1480
Email: anthony@apdlaw1.com

September 11, 2019

Hon. Magistrate Judge
James Orenstein
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Stevens Baldo Lighty, PLLC v. Anthony J. DellUniversita et al.
  Civil Action No.: 2:18-cv-1600

Judge Orenstein:

  Pursuant to Your Honor's September 6, 2019 Order, defendant, Anthony P. Delluniversita, respectfully opposes the plaintiff's motion to amend the second amended complaint (SAC).

  Motions for leave to amend pleadings are governed by Fed. R. Civ. P. 15, which provides that "[t]he court should freely give leave [to amend], in the court's discretion, when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Amaya v. Roadhouse Brick Oven Pizza, Inc., 285 F.R.D. 251, 253 (E.D.N.Y. 2012). Motions to add parties are governed by Fed. R. Civ. P. 21, which states that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; see also Rosas v. Alice's Tea Cup, LLC, 127 F. Supp. 3d 4, 13 (S.D.N.Y. 2015) (citing standard under Rule 21). Rule 21 motions are afforded the "same standard of liberality afforded to motions to amend pleadings under Rule 15." Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 79 (E.D.N.Y. 2011). Leave to amend a complaint should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." Hosking v. New World Mortg., Inc., 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009)

**Plaintiff's Proposed Amendment Would be Futile**

  An amendment is futile if "the proposed claim could not withstand a Fed. R. Civ. P 12(b)(6) motion to dismiss." Salazar v. Browne Realty Assocs., L.L.C., 796 F. Supp. 2d 378, 383 (E.D.N.Y. 2011).

Plaintiff has not yet proposed a third amended complaint "TAC" but has alluded to facts that would be alleged in the TAC.[1] The facts that plaintiff's counsel presents in his pre-motion conference letter are blatantly misrepresented. Mr. Walsh's continued attempts to submit to this court facts that he knows are misleading, misrepresented and in many instances false, must be addressed and must cease.

The basis of his pre-motion conference letter is that, "documents provide evidence that C & S operates as the successor to the entity in the fraud resulting in the underlying judgment and conduit for transferring fraudulently obtained funds to family members." (D.E. 137). In fact, the documents provide evidence of a business formed in 2014, before the entry of judgment, has a different name, had only one owner, Paul Delluniversita, different assets and customer base.[2]

Mr. Walsh states, "Within days of May 20, 2015, when the court in the Malvino action issued its findings that the defendants ran a fraudulent investment scheme, Anthony J.s name was taken off his joint bank accounts." (D.E. 137). This is an attempt to mislead the court. Anthony J.'s name was taken off his joint bank account with his wife, which has nothing to do with C & S as additional party. Even more troubling is the assertion that the "Defendants" were found to run a fraudulent investment scheme." Mr. Walsh knows that Paul Delluniversita was a defendant in the Malvino action, and that Paul DellUniverstia was found not liable on all counts and found to have no knowledge of the underlying fraud in the Malvino action.[3] Mr. Walsh's next statement, "shortly thereafter, he and Paul ceased operating the company through which they committed the fraud and moved its "business" to C& S," is another blatant misrepresented fact. Mr. Walsh knows that Paul DellUniversita was found not to have committed any fraud and was found to have no knowledge of any fraudulent scheme.

The plaintiff's counsel has deliberately presented facts he knows are not true and has presented these facts in a manner that intended to mislead the court. Considering the alleged facts presented by Mr. Walsh that would likely form the basis of his TAC are false, any proposed amendment would not survive a 12(b)(6) motion and respectfully should be determined to be futile.

**Bad Faith**

Amendments should only be denied for legitimate reasons such as "undue delay, bad faith or dilatory motive on the part of the movant." <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2008).

Plaintiff's counsel's motives for filing a TAC are dilatory and in bad faith. Counsel knows the filing of a TAC will add litigation costs for all defendants to answer allegations. Additionally, counsel's motive in adding C & S is to continue to dump unreasonable discovery

---

[1] Kenneth Walsh's pre-motion conference letter does not attach a proposed third amended complaint with any new allegations or causes of action but merely states the intention to add C & S Consulting Agency, Inc., as a party.
[2] The company plaintiff's counsel alleges C&S is a successor in interest to is PCA Collectibles Inc., which was owned by Anthony J. DellUniversita and Paul DellUniversita. Mr. Walsh conveniently omits the fact that Anthony J. also owned PCI Coin Grading Inc., without Paul Delluniversita's knowledge; Anthony J.'s ownership of PCI and PCA was the deciding factor in the underlying Malvino action.
[3] Please see Judge Ramos's Findings of Fact and Conclusions of Law, D.E. 87 and 88, ¶¶ 34 and 53.

demands, again raising litigation costs. Based on the foregoing counsel's application to amend the second amended complaint should be denied

    Thank you.

                                                     Respectfully,

                                                     /s Anthony P. DellUniversita

                                                     _____
                                                     Anthony P. DellUniversita- (APD 9294)
                                                     Attorney for Defendants
CC: Kenneth Walsh                          2 W. Main Ste- Suite SE3A
Ecf                                                   Bay Shore, New York 11706
                                                     (631) 251-7570