**LAW OFFICE OF KENNETH G. WALSH**
100 S. Bedford Road, 3rd FL.
Mt. Kisco, New York 10549
(929) 241-7307

September 12, 2019

<u>Via ECF</u>

Magistrate Judge James Orenstein
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Stevens Baldo & Lighty, PLLC v. Anthony J. Delluniversita et al.*,
2:18-CV-1600-MKB-JO (E.D.N.Y.)

Dear Judge Orenstein:

In accordance with the Court's Order of September 11, 2019 and your Individual Practice Rules, Plaintiff respectfully reply's to Defendant Anthony J. Delluniversita's letter of September 6, 2019. It is respectfully submitted that Anthony J. Delluniversita's letter requesting a stay of proceedings against him is unwarranted, if he is to proceed *pro se*. This is the third application by defendants in the past two and half months requesting a stay of these proceedings. D.E. 105 & 114. They have also requested additional time to respond to discovery or find substitute counsel. *See* D.E. 115 & 123. All of which have been denied because the Court recognized that these were merely delay tactics. In light of Mr. Delluniversita's representations to the Court, a guardian ad litem should be appointed to represent him in this proceeding.

Contrary to Mr. Delluniversita's claims that he "wish[es] to resolve this legal matter", he and his family have attempted to put his assets beyond the reach of his creditors. Disclosures made this past month has shown that these efforts were commenced while the *Albert P. Malvino, Representative of the Estate of Bonnie Pereida, Deceased v. Paul A. Delluniversita, et al.*, No.2:12-cv-401 (S.D.TX.) ("Malvino Action") and continue to this day.

Discovery produced by Paul over the past few weeks shows that he created a new entity C & S Consulting Agency Inc. ("C & S") in the spring of 2014.[1] C & S banks at Chase. This account has two debit cards: one for Paul and one for Mr. Delluniversita. The banking activity for these cards are telling. Mr. Delluniversita is buying coins and other purchases associated with operating their coin business. Paul buys bagels.

Gail previously worked at PCA Collectibles Inc. ("PCA"), the corporate vehicle which defrauded Ms. Pereida in the Malvino Action. Defense counsel and Gail have stated that she maintained the files and cleaned the offices at PCA earning approximately $366 per week. Now

---

[1] C & S was created two months after Paul was deposed in the Malvino Action and five months before the bench trial in Texas.

Paul's production shows that Gail works at C & S, doing the same filing and cleaning, but earning $5,000 a week.[2] It appears that the profits from C & S are now being paid to Gail, instead of Mr. Delluniversita.

Plaintiff believes it is appropriate that the Court appoint a guardian ad litem to protect Mr. Delluniversita's interest under Rule 17 of the Federal Rules of Civil Procedure. The Second Circuit has stated that "[a]though we do not find that Rule 17(c) requires courts to inquire into the necessity of appointing a guardian ad litem absent verifiable evidence of mental incapacity, we also note that nothing in the rule prevents a district court from exercising its discretion to consider *sua sponte* the appropriateness of appointing a guardian ad litem for a litigant whose behavior raises a significant question regarding his or her mental competency." *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2003). Mr. Delluniversita's September 6, 2019 letter states that "***I am not able to competently and adequately defend the allegations or comprehend what exactly is going on, has taken place or will occur.***" Emphasis added. Mr. Delluniversita's letter admits that he is not capable of comprehending what is going on in this proceeding or has the ability to adequately defend the allegations in this matter. This letter does not merely invite the appointment of a guardian ad litem under Rule 17(c), it demands that one be appointed, especially because his family has essentially abandoned him in this litigation. D.E. 138 (Counsel for Paul and Gail have expressly stated they do not represent him.)

Plaintiff would welcome an independent counsel's review of what transpired with the defendants' business and financial matters. If the Court is inclined to appoint a guardian ad litem *sua sponte* to step in to defend Mr. Delluniversita, a stay of this proceeding would be entirely appropriate. Plaintiff afforded substitute counsel for Paul, Gail and Kelly Walsh time to get up to speed on the matter; the same courtesy should be extended to the guardian ad litem. Plaintiff would gladly share with the guardian what we have uncovered over the past 18 months about the defendants' operations and finances. However if a stay is granted, the Court's April 5, 2019 Case Management and Scheduling Order would have to be adjusted accordingly, so as not to prejudice Plaintiff and the other defendants.

Respectfully submitted,

Kenneth G. Walsh

Cc: Anthony J. Delluniversita
 PCA Collectibles, Inc.

---

[2] Defense counsel has marked every document confidential preventing their disclosure at this time.