

**Danielle J. Marlow**
Partner
Direct Dial: (516) 880-7205
Email: dmarlow@moritthock.com

September 13, 2019

**Via ECF**

The Honorable Magistrate Judge James Orenstein
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    ***Stevens Baldo Lighty, PLLC v. Anthony J. Delluniversita, et al.,***
             **Civil Action No.: 2:18-cv-1600 (the "Action")**

Dear Judge Orenstein:

      Moritt Hock & Hamroff LLP ("MHH") was recently retained to represent Defendants Paul A. Delluniversita ("Paul"), Kelly Walsh ("Kelly"), and Gail A. Delluniversita ("Gail," and collectively, the "Non-Debtor Defendants").[1] We write to respectfully request reconsideration of that portion of Your Honor's order dated July 24, 2019 (the "Order") "preclud[ing] defendants from offering any exhibit or testimony in evidence, or making any argument, in support of the proposition that any or all of them provided fair consideration to PCA Collectibles, Inc." (ECF Doc. No. 121).[2] As detailed below, during the short time MHH has been retained, the Non-Debtor Defendants have produced practically all of the document discovery sought in Plaintiff Stevens Baldo Lighty, PLLC's ("Plaintiff's") motion to compel and are working diligently to produce the remaining discovery. In addition, MHH produced Gail for deposition on September 5, 2019, and have agreed to produce Paul for deposition on

---

[1] MHH does not represent Defendants Anthony J. Delluniversita ("Anthony J.") or Anthony P. Delluniversita ("Anthony P.").

[2] The motion to compel was only directed to Defendant Anthony P. Delluniversita, who MHH does not represent (and who was also prior counsel for the Non-Debtor Defendants), and Paul; it did not allege any misconduct by Kelly or Gail. *See* ECF Doc. Nos. 101-102, 117. It is therefore respectfully submitted that Kelly and Gail should not have been sanctioned. Notwithstanding the foregoing, we have worked to produce all outstanding discovery for all Non-Debtor Defendants.



**Moritt Hock & Hamroff LLP**
ATTORNEYS AT LAW

The Honorable Magistrate Judge James Orenstein
United States District Court, Eastern District of New York
September 13, 2019
Page 2

September 17, 2019. Notably, counsel for Plaintiff has acknowledged MHH's efforts in phone conversations between counsel and confirmed that he has "no complaint" about our efforts to produce the outstanding document discovery. We therefore respectfully request that the Court reconsider and vacate the preclusion sanction set forth in the Order.[3]

### A. Non-Debtor Defendants Never Willfully Disregarded Their Production Obligations And Have Produced The Outstanding Document Discovery

On July 13, 2019, prior counsel Anthony P. produced a number of categories of the requested documents on behalf of the Non-Debtor Defendants. Specifically, Anthony P. produced, *inter alia*:

- Paul's bank account statements;
- Paul and Kelly's tax returns for 2016, 2017, and 2018;
- Gail and Anthony J.'s tax returns for 2012, 2015, 2016, and 2017;
- Bank account statements for Gail and Anthony J. (with some gaps);
- Bank account statements for Gail (with some gaps);
- Gail's W-2 Statements for 2013 and 2015; and
- Certain documents regarding Gail's expenses.[4]

The Non-Debtor Defendants were under the impression that Anthony P. had produced all required document discovery. They never purposefully disregarded their disclosure obligations. In fact, it only came to their attention that they had not fully complied with their discovery obligations when Anthony P. was disqualified as their counsel and they retained MHH to represent them in the Action.

On August 5, 2019, we filed an appearance on behalf of Paul and Kelly, and on August 14, 2019, we filed an appearance on behalf of Gail. Since being retained, we have worked diligently with the Non-Debtor Defendants to produce the outstanding discovery. To obtain the requested documents, the Non-Debtor Defendants have reviewed their files, have

---

[3] The Non-Debtor Defendants have not opposed but, rather, have paid the bill of costs submitted by counsel for Plaintiff. *See* ECF Doc. No. 122.

[4] It is our understanding that these documents were produced on July 13, 2019 instead of July 9, 2019 because the accountants' offices were closed through July 10, 2019.



The Honorable Magistrate Judge James Orenstein
United States District Court, Eastern District of New York
September 13, 2019
Page 3

traveled to the relevant banks to obtain the requested bank statements (several of which were requested for 6 years' prior), and have also worked to obtain documents from their accountants and other third parties.

To date, we have produced over 2,600 pages of documents on behalf of Paul, Kelly, and Gail (in addition to the hundreds of pages produced on their behalf by prior counsel). The documents produced consist of, *inter alia,* tax returns, bank statements, copies of checks, W-2 statements, deeds, mortgage records, records of expenses, trust agreements, certificates of incorporation, and other corporate documents. An index of the documents produced to date by our firm is attached hereto as Exhibit A. We have also made Gail available for deposition (she was deposed on September 5, 2019), and have agreed to make Paul available for deposition on September 17, 2019. In sum, in the approximately four weeks since being retained, we have worked to promptly produce the outstanding discovery.[5]

In light of the fact that the Non-Debtor Defendants never willfully disregarded their discovery obligations and have now complied with almost all outstanding discovery demands, we respectfully request that the Court reconsider and vacate that portion of the July 24, 2019 Order precluding them from offering any exhibit or testimony in evidence, or making any argument, in support of the proposition that any or all of them provided fair consideration to PCA Collectibles, Inc. ("PCA").

### B. Preclusion is an "Extreme Sanction" That is Only Warranted in Rare Cases

It is well-settled that preclusion is an "extreme sanction" that should not be given lightly. *See Titan Indus. Corp. v. Federal Ins. Co.,* No. 94 Civ. 726, 1995 WL 438843, at *3 (S.D.N.Y. July 25, 1995) (describing preclusion as an "extreme sanction"). Preclusion is highly disfavored because it interferes with the Court's paramount goal and overriding public policy to decide cases on their merits. *Id.* Accordingly, preclusion is only appropriate in those rare and extreme cases where a party is highly prejudiced by misconduct and less drastic sanctions are insufficient to rectify the prejudice. *See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.,* 694 F.3d 155, 159 (2d Cir. 2012) (the harsh remedy of preclusion

---

[5] The items outstanding are Gail's W-2 forms for 2012 and 2014-2015 and her tax returns for 2012, which she is seeking from the IRS (as neither she nor her accountant are in possession of them), and bank statements for 2015 and earlier for two savings accounts which she has requested from the relevant financial institutions, and should be provided by the banks early next week.



The Honorable Magistrate Judge James Orenstein
United States District Court, Eastern District of New York
September 13, 2019
Page 4

should only be imposed in "extreme circumstances," and only after consideration of less drastic sanctions); *Lujan v. Cabana Mgmt., Inc.,* 284 F.R.D. 50, 68 (E.D.N.Y. 2012) (preclusion is a "harsh remedy" to be imposed only in "rare situations"); *Ebewo v. Martinez,* 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) ("[c]ourts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with discretion and caution").

The Second Circuit has identified four factors to consider on a motion to preclude evidence pursuant to Rule 37: (1) the explanation for any failure to comply, (2) the importance of the testimony of the precluded witnesses or evidence, (3) any prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony or evidence, and (4) the possibility of a continuance. *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 296 (2d Cir. 2006). In considering possible sanctions, courts have "assess[ed] the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by" the alleged misconduct. *Wide World Polymers, Inc.,* 694 F.3d at 159.

Prejudice is generally not found where the discovery in question has been provided. *See Pall Corp. v. 3M Purification Inc.,* 279 F.R.D, 209, 2013 (E.D.N.Y. 2011) (denying motion for sanctions where "3M does not dispute that almost all of the documents it sought during discovery have now been produced, with the exception of a handful of documents that Pall has listed on its most recent privilege log"). This is particularly the case where the disclosure is provided prior to the close of discovery and/or prior to depositions. *See Polanco v. Active Ret. Cmty., Inc.,* 14-CV-4145, 2015 WL 12564206, *10 (E.D.N.Y. Dec. 21, 2016) (denying motion to preclude where document in question was produced prior to the close of all discovery); *Pall Corp. v. 3M Purification Inc., supra.* (denying preclusion where documents at issue were produced prior to resumed depositions).



The Honorable Magistrate Judge James Orenstein
United States District Court, Eastern District of New York
September 13, 2019
Page 5

### C. Preclusion is Overly Harsh In This Case Because Prior Non-Compliance Was Unintentional, Non-Debtor Defendants Produced Outstanding Documents Prior to the Close of Discovery and Depositions, and Plaintiff Was Not Prejudiced by the Production Delay

Here, we respectfully submit that consideration of the relevant factors demonstrates that preclusion is an overly harsh sanction. Prior to entry of the July 24, 2019 Order, some of the requested discovery was already produced. Further, since being retained and learning of any production deficiencies, we have worked diligently to collect and produce the outstanding discovery. A substantial cause of the delay was the fact that the Non-Debtor Defendants did not have the requested documents and information in the possession of accountants, financial institutions, or other third parties. The Non-Debtor Defendants have worked vigorously to contact these accountants and financial institutions and obtain the requisite documents and information. As a result of these efforts, we believe practically all outstanding document discovery has been produced. *See* Footnote 5 *supra*. Critically, prior production deficiencies were neither willful nor in bad faith – both of which are required to impose a preclusion remedy. *See, e.g., Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 140 (2d Cir. 2007). Further, since no advance notice of the potential sanction of preclusion was provided, the extreme sanction of preclusion is respectfully unwarranted. *See World Wide Polymers, Inc.,* 694 F.3d at 160 ("[p]arties must be given notice and an opportunity to respond before a cause of action, or potential remedy, is dismissed as a sanction for failure to comply with court orders").

With respect to prejudice to Plaintiff, in light of the fact that the requested documents have been provided well in advance of the close of discovery, we respectfully submit there has been no prejudice to Plaintiff. In fact, the Non-Debtor Defendants produced practically all outstanding documents to Plaintiff *before* depositions were held and *before* the close of discovery.[6] *See* Footnote 5 *supra*. No tactical advantage was sought or achieved by the delay in providing the requested discovery. We have worked diligently to rectify any delay or deficiency, and the Non-Debtor Defendants, as represented by MHH, have and will continue to work to complete discovery within the time frames set by the Court. Further, as noted herein, the Non-Debtor Defendants reimbursed the costs incurred by counsel for Plaintiff; Plaintiff therefore has not suffered prejudice as a result of bringing any application.

---

[6] Gail has agreed to resume her deposition at a later date once the few outstanding items remaining have been produced.



Preclusion is therefore unwarranted. *See Passlogix, Inc. v. 2FA Tech, LLC*, 708 F. Supp. 2d 378, 421 (S.D.N.Y. 2010) ("[p]reclusion is a harsh sanction preserved for exceptional cases where a ... party's failure to provide the requested discovery results in prejudice to the requesting party").

While Plaintiff has suffered no prejudice as a result of any production delay, precluding the Non-Debtor Defendants from offering any exhibit or testimony in evidence to show that they provided fair consideration to PCA will result in significant prejudice to them. In terms of Kelly and Gail, preclusion is overly harsh because neither individual violated a discovery obligation. *See* Footnote 3 *supra*. In terms of Paul, preclusion is also overly harsh because, as noted, Paul has produced the outstanding discovery sought by Plaintiff. If that Order is not lifted, Paul will be unable to present substantial evidence that the payments he received from PCA were for fair consideration – including his provision of services to PCA. We submit that this is too harsh a penalty under the circumstances. *See World Wide Polymers, Inc.*, 694 F.3d at 159.

In sum, we respectfully submit that in light of the Non-Debtor Defendants' diligence in providing the requested discovery, and the lack of prejudice on the part of Plaintiff, the sanction of preclusion is unwarranted under the present circumstances. We therefore respectfully request that the Court reconsider and vacate the part of its July 24, 2019 Order precluding the Non-Debtor Defendants from offering evidence that they provided fair consideration to PCA.

Respectfully submitted,

Danielle J. Marlow

cc: All Parties (via ECF)

# EXHIBIT A

## Documents Produced by MHH

| Bates No. | Description |
|---|---|
| **GAIL DOCUMENTS** | |
| | **Joint Checking Account (Gail and Anthony J.) at TD Bank (Account Number 792-3359926)** |
| GD 1316-1438 | TD Bank Statement(s); 2010 (December) - 2011 (December) |
| GD 1213-1315 | TD Bank Statement(s); 2011 (December) - 2012 (December) |
| GD 1812-2063 | TD Bank Statement(s); 2012 (July) - 2015 (April) |
| GD 1439-1449 | TD Bank Statement(s); 2015 (December) - 2016 (February) |
| GD 1156-1212 | TD Bank Statement(s); 2015 (May-December) |
| GD 1472-1473 | TD Bank Statement(s); 2016 (April-May) |
| GD 1456-1457 | TD Bank Statement(s); 2016 (February-March) |
| GD 1464-1465 | TD Bank Statement(s); 2016 (March-April) |
| GD 1481-1482 | TD Bank Statement(s); 2016 (May) |
| GD 2406 | TD Bank Statement; 2016 (May) (DUPLICATE - SEE GD 1481-1482) |
| | **Gail Only Savings Account at TD Bank (Account Number 8919127574)** |
| GD 1085-1086 | TD Bank Statement(s); 2010 (April-June) |
| | **Gail Only Checking Account at TD Bank (Account Number 432-5018227)** |
| GD 1151-1152 | TD Bank Statement(s); 2015 (December 7-17) |
| GD 1153-1155 | TD Bank Statement(s); 2015 (December) - 2016 (January) |
| GD 1474-1480 | TD Bank Statement(s); 2016 (April-May) |
| GD 1539-1619 | TD Bank Statement(s); 2016 (December) - 2017 (December) |
| GD 1458-1463 | TD Bank Statement(s); 2016 (February-March) |
| GD 1450-1455 | TD Bank Statement(s); 2016 (January-February) |
| GD 1466-1471 | TD Bank Statement(s); 2016 (March-April) |
| GD 1483-1526 | TD Bank Statement(s); 2016 (May-December) |
| GD 1628-1740 | TD Bank Statement(s); 2017 (December) - 2019 (May) |
| GD 1128-1134 | TD Bank Statement(s); 2019 (April 18-June 17) |
| GD 1061-1066 | TD Bank Statement(s); 2019 (February) |
| GD 1127 | TD Bank Statement(s); 2019 (June 18-24) |
| GD 1141-1142 | TD Bank Statement(s); 2019 (June 18-27) |
| GD 1135-1140 | TD Bank Statement(s); 2019 (May-June) |

## Documents Produced by MHH

| Bates No. | Description |
|---|---|
| GD 1143-1144, GD 1123-1126 | TD Bank Statement(s); 2019 (June-July) |
| | |
| | **Gail Only Checking Account at Chase Bank (Account Number 195817320)** |
| GD 2194-2399 | Chase Bank Statement(s); 2013 (March) - 2019 (August) |
| | |
| | **Trust Account at TD Bank (Account Number 6752998783)** |
| GD 1087-1088 | TD Bank Statement(s); 2015 (in Gail's name only) |
| GD 2064-2097 | TD Bank Statement(s); 2015 (August) - 2019 (June) |
| GD 1145-1150 | TD Bank Statement(s); 2015 (October) - 2016 (June) (DUPLICATE - SEE GD 2067-2072) |
| GD 1527-1538 | TD Bank Statement(s); 2016 (July) - 2017 (December) |
| GD 1620-1627 | TD Bank Statement(s); 2018 |
| GD 1059-1060 | TD Bank Statement(s); 2019 (January-March) |
| GD 1741-1742 | TD Bank Statement(s); 2019 (January-March) (DUPLICATE - SEE GD 1059-1060) |
| | |
| | **Trust Account at Chase (Account Number 3045844080)** |
| GD 2098-2193 | Chase Bank Statement(s); 2015 (August) - 2019 (July) |
| GD 1057-1058 | Chase Bank Statement(s); 2019 (July-August) |
| | |
| | **Tax Documents - Gail** |
| GD 1071-1074 | W2 Statement for 2013; from PCA Collectibles to Gail Delluniversita |
| GD 2400-2402 | W2 Statement for 2016-2018; from C&S Consulting to Gail Delluniversita |
| GD 1067-1070 | W2 Statement for 2017; from C&S Consulting to Gail Delluniversita |
| GD 2409-2435 | Tax Returns for 2013 by Gail and Anthony Delluniversita |
| GD 1780-1811 | Tax Returns for 2014 by Gail and Anthony Delluniversita |
| GD 1743-1779 | Tax Returns for 2017 by Gail and Anthony Delluniversita |
| | |
| | **Other** |
| GD 1035-1036 | Delray Property: Special Warranty Deed dated November 23, 2010 |
| GD 1041-1042 | Lantana Property: 2018 Real Estate Property Tax Bill |
| GD 1033-1034 | Lantana Property: Special Warranty Deed dated October 7, 2005 |

## Documents Produced by MHH

| Bates No. | Description |
|---|---|
| GD 1047-1048 | Lantana Property: Special Warranty Deed dated October 7, 2005 (DUPLICATE - SEE GD 1033-1034) |
| GD 1043-1046 | Lantana Property: Title Documents dated October 11, 2005 |
| GD 1037-1040 | Lantana Property: Title Documents dated November 23, 2010 |
| GD 1053-1056 | Lantana Property: mortgage document (Chase Bank record dated 7/8/19; account holders Anthony Delluniversita and Gail Delluniversita) |
| GD 1028-1032 | North Babylon Property: Bargain and Sale Deed dated May 21, 2015 |
| GD 1075-1084, GD 1102-1122 | North Babylon, Lantana and Delray Property: Expenses |
| GD 1049-1052; GD 2407-2408; GD 2436-2474 | North Babylon Property: Line of Credit (Chase Bank records dated 3/24/12-12/23/12; 9/18/16-8/16/19; Account Holder Gail Delluniversita- Account Number 4400716758) |
| GD 2403-2405 | Trust: Amendment to Gail Delluniversita Living Trust Agreement dated August 28, 2017 |
| GD 1012-1027 | Trust: Gail Delluniversita Living Trust Agreement dated 5/21/2015 |
| GD 1100-1101 | Car: Certificate of Title for used 2008 Suzuki automobile registered to G.A. Delluniversita, issued 6/8/09 |
| GD 1098-1099 | Letter dated 5/28/19 from Anthony P. Delluniversita to Hon. James Orenstein |
| GD 1001-1011 | Mass Mutual Account Statement(s); 2018 (January) - 2019 (June); account holder Gail Delluniversita |
| GD 1089-1097 | TD Bank deposit receipts for various accounts (11/30/10; 2/16/11; 2/14/11; 2/8/11; 2/3/11; 2/10/11; 3/1/11; 2/4/11; 2/16/11) |

## Documents Produced by MHH

| Bates No. | Description |
|---|---|
| **PAUL DOCUMENTS** | |
| | **C&S Consulting** |
| PD 1425-1426 | C & S Consulting Business Depository Certificate |
| PD 1109-1113, PD 1300-142 | C & S Consulting Corporate documents |
| PD 1974-2163 | Chase Bank Statement(s)for TD Bank Account #432-1763751; 2015 (November) - 2017 (August); account holder C & S Consulting |
| PD 1114-1259 | Chase Bank Statement(s) for TD Bank Account #432-1763751; 2017 (August) - 2018 (December); account holder C & S Consulting |
| PD 1260-1284 | Check Nos. 1157, 1160, 1224, 1237, 1309, 1329, 1398, 1400, 1446, 1454, 1467, 1469, 1480, 1515, 1531, 1554, 1556, 1564, 1632, 1639, 1640, 1711, 1726, 1793, 1797. |
| PD 1427-1428 | Check Nos. 1257, 1649 |
| PD 1429-1973 | All checks written from C&S from August 2017 to present |
| | **Tax Documents - Paul** |
| PD 1001-1040 | 2013 Paul Delluniversita tax return |
| PD 1041-1065 | 2014 Paul Delluniversita tax return |
| PD 1066-1108 | 2015 Paul Delluniversita tax return |
| | **Other** |
| PD 1285-1299 | Intentionally Omitted |
| PD 2164-2168 | Mortgage and Deed Records concerning 142 Prairie Drive, North Babylon, NY (rented out) |
| PD 2169-2170 | Mortgage and Deed Records concerning 18 Gate Lane, West Islip, NY (residence) |