**LAW OFFICE OF KENNETH G. WALSH**
100 S. Bedford Road, 3rd FL.
Mt. Kisco, New York 10549
(929) 241-7307

September 17, 2019

Via ECF

Magistrate Judge James Orenstein
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Stevens Baldo & Lighty, PLLC v. Anthony J. Delluniversita et al.*,
2:18-CV-1600-MKB-JO (E.D.N.Y.)

Dear Judge Orenstein:

In accordance with the Court's Order of September 13, 2019 and your Individual Practice Rules, Plaintiff respectfully reply's to Defendants Paul A. Delluniversita ("Paul"), Kelly Walsh ("Kelly") and Gail A. Delluniversita's ("Gail", collectively, "Non-Debtor Defendants") letter of September 13, 2019, requesting reconsideration of the Court's July 24, 2019 "preclude[ing] defendants from offering any exhibits or testimony in evidence, or making any argument in support of the proposition that any or all of them provided fair consideration to PCA Collectibles, Inc." D.E. 121. The Court's July 24, 2019 ruling should not be disturbed, for three reasons: First, this application is untimely and procedurally defective under the Local Rules and Your Honor's Individual Practice Rules. Second, defendants cannot meet their burden of persuasion under controlling Second Circuit precedent—compliance after the fact is insufficient to vacate the Court's prior discovery ruling. Third, defendants willfully disregarded their discovery obligations to prejudice Plaintiff and to compromise their ability to comply with the Case Management and Scheduling Order. D.E. 68.

## I.    *Defendants' Failure to Comply with the Court's Rules*

A motion for reconsideration or reargument must be served within fourteen days (14) days after entry. *See* Local Civil Rule 6.3. The order the Non-Debtor Defendants' seek relief from was entered 49 days prior to their application. *See, e.g. Otto v. Town of Washington*, 71 F. App'x 91, 92 (2d Cir. 2003) (motion for reconsideration filed 10 days late deemed untimely); *Davis v. U.S. Dep't of Homeland Sec.*, No 11-CV-203 ARR VMS, 2013 WL 6145749, at *1 (E.D.N.Y. Nov. 20, 2013) (*pro se* plaintiff's motion for reconsideration filed over one month late denied as untimely). The application is untimely, counsel filed it 49 days after entry.[1]

Instead of making the proper motion in a timely fashion, the Non-Debtor Defendants made the following filings: Paul requested an additional thirty days to obtain new counsel. D.E.

---

[1] The application is also too long under Your Honor's Individual Practice Rules.

123. The Non-Debtor Defendant's new counsel at Morrit Hock & Hamroff, LLP ("MHH")
never requested that Local Civil Rule 6.3 be extended. They did represent to the Court that they
would "explore the prospect of a settlement." This application seeks the opposite.

## II.     Defendants Cannot Meet their Burden of Persuasion under Second Circuit Authority

Even if the application was timely, Non-Debtor Defendants cannot meet the standard.
"Reconsideration is an extraordinary remedy to be employed sparingly in the interest of finality
and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.,* 399 F.
Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal quotation marks omitted). The moving party must
identify "an intervening change of controlling law, the availability of new evidence, or the need
to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc.
v. YLL Irrevocable Trust,* 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).
"A motion seeking such relief is addressed to the sound discretion of the district court…" *Aczel
v. Labonia,* 584 F.3d 52, 61 (2d Cir. 2009). The Non-Debtor Defendants do not show any of
this, they simply argue that they have now turned over all the outstanding discovery. However,
that is not sufficient under Second Circuit precedent.

On July 2, 2019, defendants were ordered to turn-over all outstanding discovery. D.E.
109. They did not. On July 12, 2019, Plaintiff filed a motion for sanctions against Paul and
Anthony J. Delluniversita ("Judgment Debtor")[2]. D.E. 117. The motion was heard at a status
conference on July 24, 2019. Defendants failed to appear in person or through counsel and the
Court entered its preclusion order. D.E. 121. Contrary to MHH's position, all the defendants,
including their clients were warned about their discovery obligations prior to the imposition of
the preclusion order. *See* D.E. 109 (on July 2, 2019) & the July 12, 2019 Order denying Motion
for Extension of Time. D.E. 115 ("Failure to comply will result in the imposition of sanctions
pursuant to Federal Rules of Civil Procedure 37, including possible recommendation that the
court strike the defendants answer and enter a default judgment against them."). On July 24th all
the defendants failed to appear before the court and the preclusion order was entered as a result
of the Plaintiff's application and their failure to appear. Today, Paul testified that he was advised
his discovery obligation in April, May or June. His new counsel was producing documents
before and after today's deposition. Finality dictates that Non-Debtor Defendants' application be
denied.

## III.     Defendants Willfully Disregarded their Discovery Obligations to Prejudice Plaintiff under the Case Management and Scheduling Order

Plaintiff respectfully submits that the Non-Debtor Defendants willfully failed to fulfill
their production obligations. The docket sheet in this proceeding indicates that they have resorted
to every delay tactic available to avoid their discovery obligations and to avoid litigating this
matter on the merits.[3] The reason being is that the Delluniversita family has continued to engage
in fraudulent transfers to place assets beyond the reach of Plaintiff, a judgment creditor. This has
resulted in prejudice to the Plaintiff. Not only has a $1.3M judgment not been paid, but

---

[2] To this day, Anthony J. Delluniversita has failed to respond any discovery requests.

[3] *See* D.E. Nos. 98, 105, 114, 123 & 142.

defendants delay in producing their discovery until after the deadline for amending pleadings and joining additional parties has required Plaintiff and the Court to deal additional applications to extend the Court's Scheduling Order and the Non-Debtor Defendants have not yet produced everything. According to the second page of the Non-Debtor Defendants' application, they claim Attorney Anthony P. Delluniversita ("Attorney Delluniversita") produced a number of items on Saturday, July 13, 2019. This was 12 days *after the deadline* for the parties to join additional parties and amend the pleadings. [4]

Defendants' prior counsel, family member and co-defendant never wanted Plaintiff to disclose the fact that Paul and his father, the Judgment Debtor moved their coin scheme to a new entity to continue their fraudulent practices. Now that the new entity is up and running, Paul has been issuing the Judgment Debtor's share of the profits to Gail. Remarkably, Gail has gone from a $366 a week employee while at PCA Collectibles, Inc. ("PCA") to one earning over $5,000 per week at C & S Consulting Agency Inc. ("C & S")—yet she knows nothing about the numismatic industry, she merely cleans the office. Defendants' non-compliance was designed to frustrate the collection of the judgment and multiple the proceedings.

Defendants claim that they are now in compliance and should be relieved of the Court's July 24th Order. Well that is not accurate. Gail has not be deposed in this matter. She was examined in supplementary proceeding pending in the state court, not this case.[5] Counsel was given less than three hours to examine her because she became combative. Defense counsel made Paul available for three and a half hours today. Document production is far from complete: tax returns and W2 have yet to be produced by the Non-Debtor Defendants. Nothing has been produced by the Judgment Debtor. This couple with the fact that Gail could not testify to basic questions concerning why her joint tax returns, filed with the Judgment Debtor did not disclose all the income they were filtering through her accounts and what the basis was for a $350,000 write off for PCA was on their 2015 tax returns. Defendants are far from fulfilling their discovery obligations.

The tax returns produced by Gail on September 5, 2019, now show that the Delluniversitas have been using the corporate form to perpetrate their fraudulent coin scheme and when issues arise, they simply off-load it or create another so as to avoid paying creditors. They did it with Sunrise Numismatic Inc. in 2013 writing off $93,578 and moving the operation to PCA. But Gail could not testify as to what this was all about, she said I would have to speak to her husband, the Judgment Debtor, who is not available. Today, Paul confirmed that he issued PCA checks to C & S prior to the entry of the judgment in the Malvino Action. On a number of questions he suggested that I speak to his father—who is *non compos mentis*.

The application for reconsideration should be denied. The Court should not indulge defendants delay tactics any longer. The Non-Debtor Defendants' untimely application and belated and incomplete compliance does not serve as a basis to vacate the Court's July 24, 2019 Order.

---

[4] Defendants' limited production was made after a hearing to determine penalty and/or sanctions before Judge Paul J. Baisley, Jr. in Supreme Court Suffolk County on Gail's civil contempt.

[5] Annexed hereto as Exhibit A is the coversheet of this examination.

Respectfully submitted,

Kenneth G. Walsh

Cc:  Anthony J. Delluniversita
      PCA Collectibles, Inc.

EXHIBIT A

1

1

2    SUPREME COURT OF THE STATE OF NEW YORK

3    COUNTY OF SUFFOLK

4    -----------------------------------------X

5    ALBERT P. MALVINO, REPRESENTATIVE OF
     THE ESTATE OF BONNIE PEREIDA, DECEASED,
6
             Plaintiff,
7

8         -against-        Index No.
                           601594/2018
9
     PAUL A. DELLUNIVERSITA AND
10   PCA COLLECTIBLES, INC., et al.,

11           Defendants.

12   -----------------------------------------X

13            September 5, 2019
              12:11 p.m.
14
              400 Garden City Plaza
15            Garden City, New York

16

17       VIDEO RECORDED DEPOSITION of GAIL A.

18   DELLUNIVERSITA, a Defendant herein, taken by the

19   Plaintiff, pursuant to Article 31 of the Civil

20   Practice Law and Rules of Testimony, and Order

21   and Agreement, held at the above-mentioned time

22   and place, before Edward Leto, a Notary Public

23   of the State of New York.

24

25