**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

STEVENS BALDO & LIGHTY, PLLC,  :
                                :
                    Plaintiff,  :    Case No. 2:18-CV-1600 (MKB) (JO)
                                :
        v.                      :
                                :
ANTHONY J. DELLUNIVERSITA, et al., :
                                :
                    Defendants. :

---

## OBJECTIONS TO SEPTEMBER 19, 2019 ORDER BY MAGISTRATE JUDGE JAMES ORENSTEIN DENYING NON-DEBTOR DEFENDANTS' MOTION FOR RECONSIDERATION OF HIS JULY 24, 2019 PRECLUSION ORDER

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure ("FRCP"), Defendants Paul A. Delluniversita, Kelly Walsh, and Gail A. Delluniversita, individually and as the trustee of the Gail A. Delluniversita Living Trust (the "Non-Debtor Defendants), by and through counsel Moritt Hock and Hamroff LLP ("MHH"), hereby object to the September 19, 2019 order by Magistrate Judge James Orenstein (ECF Doc. No. 153) denying their motion for reconsideration (the "Motion for Reconsideration") of his July 24, 2019 order "preclud[ing] defendants from offering any exhibit or testimony in evidence, or making any argument, in support of the proposition that any or all of them provided fair consideration to PCA Collectibles, Inc." (ECF Doc. No. 121, hereinafter the "Preclusion Order"). As demonstrated below, the Motion for Reconsideration should have been granted because the Preclusion Order was procedurally improper, unwarranted and unduly harsh under the governing law. Non-Debtor Defendants' motion for reconsideration of the Preclusion Order therefore should have been granted.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a fraudulent conveyance action brought by Plaintiff, assignee of a judgment, against the judgment debtors, Anthony J. Delluniversita ("Anthony J."), PCI Coin Grading, Inc., and PCA Collectibles, Inc. ("PCA" and collectively, the "Debtor Defendants"),[1] Non-Debtor Defendants, and Anthony P. Delluniversita ("Anthony P."), also a non-debtor.[2]    Plaintiff amended his complaint three times, filing a First Amended Complaint on November 2, 2018 (ECF Doc. No. 18), a Second Amended Complaint on March 22, 2019 (ECF Doc. No. 56), and a Third Amended Complaint on September 23, 2019 (ECF Doc. No. 154).

The initial discovery planning conference was conducted on April 5, 2019, and on that date, Magistrate Judge Orenstein set the following schedule (ECF Doc. No. 67):

| | |
|---|---|
| Deadline for all Rule 26(a)(1) disclosures: | April 5, 2019 |
| First request for production of documents and first request for interrogatories due by: | May 8, 2019 |
| Deadline for joinder of additional parties and amendment of pleadings: | July 1, 2019 |
| Status Conference (with joint status report due two business days in advance): | September 17, 2019 |
| All discovery, including all expert disclosures under Rule 26(a)(2), if any, to be completed by: | November 5, 2019 |
| Pretrial Conference (ex parte statements of settlement position due via email two business days in advance): | November 15, 2019 |
| Dispositive motion process started by: | November 29, 2019 |
| Joint pretrial order due by: | January 6, 2020 |

---

[1] Anthony P. previously represented all Defendants; he now only represents himself.

[2] This case was originally assigned to Judge Joan M. Azrack and Magistrate Judge A. Kathleen Tomlinson.

On April 26, 2019, Plaintiff served document requests upon Defendants Paul Delluniversita ("Paul") and Gail Delluniversita ("Gail") (attached hereto as Exhibits A and B, respectively), as well as Debtor Defendant Anthony J.  On May 9, 2019, Anthony P., as counsel for Paul, served objections and responses to the requests addressed to Paul (attached hereto as Exhibit C and at ECF Doc. No. 102-1) along with certain responsive documents.  In particular, in response to Document Request No. 9, which sought "All documents concerning any Fair Consideration YOU claim that YOU provided to PCA for the checks drawn on PCA's TD Bank Account," Paul produced his W-2 forms and stated that the W-2s demonstrated that Paul "was an employee of PCA, and the checks issued to him were in his employee capacity."  On June 21, 2019, Anthony P., as counsel for Gail, served objections and responses to the requests addressed to Gail (attached hereto as Exhibit D) along with certain responsive documents, including certain W-2 forms and checks issued to Gail for her work as an employee of PCA.

On June 20, 2019, counsel for Plaintiff filed a motion to compel addressed to Anthony J. (ECF Doc. No. 101), and on June 24, 2019, counsel for Plaintiff filed a motion to compel addressed to Paul (ECF Doc. No. 102, and collectively, the "Motions to Compel").  Notably, counsel for Plaintiff did not file any motion to compel with respect to Gail or Kelly.  Anthony P., as counsel for Anthony J. and Paul, opposed the motions by letter responses dated June 25, 2019 and June 26, 2019, respectively.  ECF Doc. Nos. 103 and 104.

Magistrate Judge Orenstein held a hearing on the Motions to Compel on July 2, 2019.  By minute entry that same date, Magistrate Judge Orenstein ordered that "[t]he defendants shall disclose all records responsive to the outstanding requests by July 9, 2019" and that Anthony P. "shall withdraw as counsel no later than July 22, 2019."  ECF Doc. No. 109.

By letter motion dated July 10, 2019, Anthony J. and Paul sought an extension of time to

3

comply with the Court's July 2, 2019 order on the grounds, *inter alia*, that (i) the tax returns sought were in possession of the accountants, whose offices were closed due to the July 4th holiday; and (ii) counsel for Plaintiff refused to enter into a confidentiality order, which was necessary in light of the tax returns, bank statements, and other sensitive personal financial information sought. ECF Doc. No. 115. By order dated July 12, 2019 ("July 12, 2019 Order"), Magistrate Judge Orenstein denied the motion for an extension, stating as follows:

> The motion for an extension is denied. The defendants shall produce all information and records responsive to the plaintiff's outstanding discovery requests forthwith, and in no event later than July 15, 2019. Failure to comply will result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 37, including a possible recommendation that the court strike the defendants' Answer and enter a default judgment against them.

*See* July 12, 2019 Order. That same day, counsel for Plaintiff filed a motion for sanctions against Anthony J. and Paul pursuant to FRCP Rule 37(b)(2)(A) for their purported failure to comply with the Court's July 12, 2019 Order (the "Motion for Sanctions").

On July 12, 2019, the same day that Anthony J.'s and Paul's motion for an extension of time was denied, and before the July 15, 2019 deadline set by the Court, Non-Debtor Defendants and Debtor Defendant Anthony J., by and through their counsel, Anthony P., produced hundreds of pages of documents in response to Plaintiff's document requests, including:

- Paul's bank account statements;
- Paul and Kelly's tax returns for 2016, 2017, and 2018;
- Gail and Anthony J.'s tax returns for 2012, 2015, 2016, and 2017;
- Bank account statements for Gail and Anthony J. (with some gaps);
- Bank account statements for Gail (with some gaps);
- Gail's W-2 Statements for 2013 and 2015; and
- Certain documents regarding Gail's expenses.

In sum, Non-Debtor Defendants and Debtor Defendant Anthony J. produced hundreds of pages of documents in response to Plaintiff's requests. This was despite the fact that several responsive

4

documents, including certain tax returns and bank statements for up to 6 years' prior, were in the possession of third parties such as accountants and relevant banks.

Notwithstanding Non-Debtor Defendants' efforts to comply with their discovery obligations, Magistrate Judge Orenstein scheduled a hearing on Plaintiff's Motion for Sanctions for July 19, 2019, which was subsequently adjourned to July 24, 2019.  On July 23, 2019, Anthony P. withdrew as counsel for Non-Debtor Defendants and Anthony J. (ECF Doc. No. 119), as specifically mandated by Magistrate Judge Orenstein. *See* ECF Doc. No. 109.

On July 24, 2019, the Court held a hearing on Plaintiff's Motion for Sanctions.  Neither Non-Debtor Defendants nor Debtor Defendant Anthony J. appeared at this conference on their own or through counsel given that Anthony P. had withdrawn as their counsel the day before and they had not secured new counsel yet.  ECF Doc. No. 121.  As noted in a *pro se* letter that Paul submitted to the Court, Non-Debtor Defendants and Anthony J. were encountering difficulty in locating replacement counsel and getting such counsel up to speed on the matter.  ECF Doc. No. 123.

Despite the fact that Non-Debtor Defendants and Debtor Defendant Anthony J. were unrepresented and not in attendance, Magistrate Judge Orenstein proceeded with the hearing on July 24, 2019.  A transcript of the July 24, 2019 proceedings is attached as Exhibit E.  During that hearing, Magistrate Judge Orenstein acknowledged that Non-Debtor Defendants and Anthony J. would be prejudiced by their lack of representation, but stated his belief that this prejudice could be ameliorated by providing them with a transcript of the proceedings.  *See* Exhibit E at p. 3 ("[t]o minimize the resulting prejudice from the lack of representation of today's proceeding I'll order the defendants collectively to secure the minutes of today's proceeding and to certify compliance within 30 days").  During the July 24, 2019 hearing,

5

counsel for Plaintiff set forth his one-sided view as to what discovery materials – requested for the first time in April 2019 – allegedly had yet to be produced, but conceded that certain documents, including tax returns and bank account statements, had been produced. *Id.* at pp. 4-5. In light of this acknowledged production, Magistrate Judge Orenstein noted that "I don't think that there is a sufficient record of non-compliance or other willfulness to justify at this point striking the answer or finding them in default primarily because I'm not convinced that lesser sanctions won't suffice." *Id.* at p. 8. Nevertheless, despite this express acknowledgement of Non-Debtor Defendants' and Anthony J.'s at least partial compliance, and express recognition that lesser sanctions were more than adequate, at the July 24, 2019 hearing, Magistrate Judge Orenstein issued a number of sanctions against all of the defendants, including (i) requiring that the defendants reimburse Plaintiff for the costs incurred in bringing the Motion for Sanctions;[3] and (ii) "preclud[ing] defendants from offering any exhibit or testimony in evidence, or making any argument, in support of the proposition that any or all of them provided fair consideration to PCA Collectibles, Inc." ECF Doc. No. 121.

Magistrate Judge Orenstein issued this order with respect to all defendants even though the Motion to Compel that precipitated the Motion for Sanctions was *only* directed to Anthony J. and Paul; it did not allege any misconduct by Kelly or Gail. *See* ECF Doc. Nos. 101-102, 117. Magistrate Judge Orenstein further issued this order even though both Paul and Gail timely produced hundreds of pages of responsive documents, including evidence that they provided fair consideration to PCA for payments received, and even though documents were produced before any depositions went forward.

On August 5, 2019, MHH filed an appearance on behalf of Paul and Kelly, and on August 14, 2019, MHH filed an appearance on behalf of Gail. Since being retained, MHH has

---

[3] In a demonstration of good faith, Non-Debtor Defendants paid these costs.

worked diligently with Non-Debtor Defendants to produce any outstanding discovery. To obtain the outstanding discovery (and several additional categories of documents subsequently requested by counsel for Plaintiff), Non-Debtor Defendants have, *inter alia,* repeatedly requested statements from various banks (several of which were requested for 6 years' prior) and repeatedly reached out to their accountants, insurance broker, the IRS, and other third parties.

To date, MHH has produced approximately 3,000 pages of documents on behalf of Non-Debtor Defendants (in addition to the hundreds of pages produced on their behalf by prior counsel). The documents produced consist of, *inter alia,* tax returns, bank statements, copies of checks, W-2 statements, deeds, mortgage records, records of expenses, trust agreements, certificates of incorporation, and other corporate documents. An index of the documents produced by MHH was provided to Magistrate Judge Orenstein in support of the Motion for Reconsideration. *See* ECF Doc. No. 147. MHH also made Gail available for deposition on September 5, 2019, and made Paul available for deposition on September 17, 2019. In sum, since being retained, MHH worked with Non-Debtor Defendants to (i) promptly produce all outstanding discovery; (ii) produce several categories of documents not initially requested; and (iii) make both Gail and Paul available for deposition. Non-Debtor Defendants' efforts to comply prior to entry of the July 24, 2019 Preclusion Order, and their efforts to promptly rectify any deficiencies upon retaining new counsel, demonstrates that any discovery delays were neither intentional not willful.

In light of the facts, *inter alia,* that (i) Anthony P., as prior counsel for Non-Debtor Defendants, produced a number of documents in his clients' possession prior to the July 15, 2019 deadline set by Magistrate Judge Orenstein; (ii) Plaintiff was neither forced to proceed with depositions without the full benefit of requested document discovery, nor was otherwise

prejudiced; and (iii) MHH, as new counsel for Non-Debtor Defendants, worked diligently to produce outstanding documents and schedule depositions upon entering the case, Non-Debtor Defendants filed their Motion for Reconsideration on September 13, 2019, asking the Court to rescind the Preclusion Order. ECF Doc. No. 147.[4] Non-Debtor Defendants emphasized that the Preclusion Order was unduly harsh given that (i) Non-Debtor Defendants were neither represented nor heard at the hearing where the Court issued the Preclusion Order; (ii) Non-Debtor Defendants made a substantial document production before the Court issued the Preclusion Order and were working to obtain outstanding documents not currently in their possession; (iii) as counsel for Plaintiff acknowledged, Non-Debtor Defendants, since retaining MHH, promptly rectified any deficiencies and, as admitted by counsel for Plaintiff, did a "good job in a short period of time" to produce outstanding documents; and (iv) Plaintiff was not prejudiced by the delay because discovery was not scheduled to close until November and Plaintiff was not forced to engage in depositions without the benefit of responsive documents.

Despite acknowledging the Court's admitted preference to adjudicate matters on the merits, and notwithstanding all of the foregoing arguments, by order dated September 19, 2019, Magistrate Judge Orenstein refused to vacate the Preclusion Order. ECF Doc. No. 153.[5] The Preclusion Order constitutes a significant obstacle to Non-Debtor Defendants' ability to defend the case on the merits, as it eliminates a key defense against Plaintiff's claim that payments received from PCA constitute fraudulent conveyances because they allegedly were not provided in return for fair consideration. As demonstrated, the Preclusion Order constitutes a drastic sanction that was neither warranted on the present record, nor supported by the governing law.

---

[4] The motion was timely filed as the Court granted MHH's application, filed on consent, to extend existing deadlines until September 13, 2019. ECF Doc. No. 130.

[5] The transcript of the proceedings before Magistrate Judge Orenstein on September 19, 2019 is attached as Exhibit F.

## ARGUMENT

### I.     STANDARD OF REVIEW

Under FRCP Rule 72(a), a district court judge may modify or set aside any portion of a magistrate judge's order on a non-dispositive matter to the extent that the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).   A magistrate judge's findings may be considered "clearly erroneous" where "'on the entire evidence,' the Court is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie,* 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Pisacane v. Enichem Am., Inc.,* No. 94 Civ. 7843 (JFK) (NRB), 1996 WL 391865, at *2 (S.D.N.Y. July 12, 1996).

### II.     THE PRECLUSION ORDER WAS UNWARRANTED ON THE PRESENT FACTS AND UNDER THE GOVERNING LAW

It is well-settled that preclusion is an extreme sanction that should not be given lightly. *See Titan Indus. Corp. v. Fed. Ins. Co.,* No. 94 Civ. 726, 1995 WL 438843, at *3 (S.D.N.Y. July 25, 1995) (describing preclusion as an "extreme sanction").   Preclusion is highly disfavored because it interferes with the Court's paramount goal and overriding public policy to decide cases on their merits. *Id.* Accordingly, preclusion is only appropriate in those rare and extreme cases where a party is highly prejudiced by misconduct and less drastic sanctions are insufficient to rectify the prejudice. *See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.,* 694 F.3d 155, 159 (2d Cir. 2012) (the harsh remedy of preclusion should only be imposed in "extreme circumstances" and only after consideration of less drastic sanctions).

The Second Circuit has identified four factors to consider on a motion to preclude evidence pursuant to FRCP Rule 37: (1) the explanation for any failure to comply, (2) the

9

importance of the testimony of the precluded witnesses or evidence, (3) any prejudice suffered

by the opposing party as a result of having to prepare to meet the new testimony or evidence, and

(4) the possibility of a continuance. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir.

2006). *See also Titan Indus. Corp.* 1995 WL 438843, at *3 ("[t]he court must consider the

extent of the failure by the [] offending party, its explanation for the failure, the degree of

prejudice to the moving party and the availability of corrective measures short of preclusion").

In assessing whether sanctions should be imposed, "it can be important for the district court to

assess the relative roles of attorney and client in causing the delay, as well as whether a tactical

benefit was sought by the [misconduct]" and "[w]hen an attorney's misconduct or failing does

not involve an attempt to place the other side at an unfair disadvantage, any sanction should

ordinarily be directed against the attorney rather than the party . . . ." *Wide World Polymers,*

*Inc.,* 694 F.3d at 160.

Critically, prejudice is generally not found where the outstanding document discovery has

been provided. *See Pall Corp. v. 3M Purification Inc.,* 279 F.R.D. 209, 213 (E.D.N.Y. 2011)

(denying motion for sanctions where "3M does not dispute that almost all of the documents it

sought during discovery have now been produced, with the exception of a handful of documents

that Pall has listed on its most recent privilege log"). This is particularly the case where the

disclosure is provided prior to the close of discovery and/or prior to depositions. *Polanco v.*

*Active Ret. Cmty., Inc.,* 14-CV-4145, 2015 WL 12564206, at *10 (E.D.N.Y. Dec. 21, 2016)

(denying motion to preclude where document in question was produced prior to the close of all

discovery); *Pall Corp.,* 279 F.R.D. at 213 (denying preclusion where documents at issue were

produced prior to resumed depositions).

Here, consideration of the relevant factors demonstrates that preclusion is an overly harsh

and unwarranted sanction that is neither just, nor commensurate with any previously existing, but rectified, discovery deficiencies.[6]

With respect to the first factor, any non-compliance was not substantial, and Non-Debtor Defendants have a legitimate explanation for any prior (but since rectified) non-compliance. Prior to entry of the July 24, 2019 Preclusion Order, Non-Debtor Defendants had produced responsive documents – requested for the first time at the end of April – in their possession. Further, a number of the other outstanding documents yet to be produced at the time were largely in the hands of accountants, financial institutions, or other third parties. Non-Debtor Defendants have worked vigorously to contact these accountants and financial institutions and obtain the requisite documents and information. As a result of these efforts, the outstanding document discovery has been produced. Put simply, given that Non-Debtor Defendants have a clear, reasonable explanation for prior production deficiencies, and remedied them promptly, it is clear that any discovery deficiency was neither willful nor in bad faith – both of which are required to impose a preclusion sanction. *See, e.g., Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 140 (2d Cir. 2007) (dismissal inappropriate "[w]here the party makes good faith efforts to comply and is thwarted by circumstances beyond his control"). Under these present facts, where there is a legitimate explanation for any failure to comply, the harsh sanction of preclusion is simply not justified.[7]

---

[6] As noted, no motion to compel was even brought against Gail and Kelly, yet they were precluded.

[7] Indeed, the facts here are in stark contrast to those in the cited cases, where notwithstanding extremely belated production, or failure to produce at all, preclusion was denied. *See World Wide Polymers, Inc.* 694 F.3d at 158 (expert report produced seven weeks after the deadline); *Titan Indus., Corp., supra* (belated production of numerous financial documents after fact discovery and during expert-witness discovery); *Polanco,* 2015 WL 12564206, at *6 (belated production of medical note 4 months after the close of discovery); *Pall Corp.,* 279 F.R.D. at 211-13 (substantial additional production only after 3 motions to compel, and after depositions). Here, the discovery sought was produced well in advance of the close of discovery; therefore, *a fortiori,* preclusion is not warranted.

With regard to the second factor, the precluded evidence is very important to Non-Debtor Defendants, as it demonstrates that the payments by PCA to them were for fair consideration rather than fraudulent conveyances as Plaintiff contends.  Both Paul and Gail have produced evidence that payments to them by PCA were for fair consideration -- including their provision of services to PCA.  Barring Paul and Gail from presenting this evidence would deprive them of a key defense against Plaintiff's fraudulent conveyance claims; indeed it could be outcome determinative and the functional equivalent of striking their answers which this Court recognized was premature.  In *World Wide Polymers, Inc.*, the Second Circuit held that the sanction of striking plaintiff's claim for damages, which similarly drastically affected plaintiff's ability to succeed on the merits, was a sanction "akin to dismissing the action altogether."  *World Wide Polymers, Inc.*, 694 F.3d at 159.  The Preclusion Order here arguably has the same function and effect.  Such a drastic sanction is too harsh under the circumstances here, where some evidence of the provision of fair consideration was timely provided, and there was no intentional refusal to produce the remaining documents.  Lesser sanctions should have been considered first.  *See World Wide Polymers, Inc.*, 694 F.3d at 160 (reversing preclusion where "the district court failed to provide any analysis as to why the first sanction meted out was one of the most severe sanctions possible"); *Passlogix, Inc. v. 2FA Tech, LLC*, 708 F. Supp. 2d 378, 421 (S.D.N.Y. 2010) (declining preclusion "as too harsh and unwarranted" as it would effectively bar defendant's ability to put forward a key defense.).  This is particularly the case in light of the fact that little advance notice of the potential sanction of preclusion was provided, and due to the withdrawal of their counsel, Defendants were not present during the hearing on the sanctions application.  The extreme sanction of preclusion – which here may have consequences akin to dismissal -- is thus all the more unwarranted, if not a due process violation.  *See World Wide*

12

*Polymers, Inc.,* 694 F.3d at 160 ("[p]arties must be given notice and an opportunity to respond before a cause of action, or potential remedy, is dismissed as a sanction for failure to comply with court orders").

With respect to the third factor, prejudice to Plaintiff, Plaintiff has suffered no prejudice due to any discovery issues. As of the date of entry of the Preclusion Order, Non-Debtor Defendants produced hundreds of pages of documents. Further, Non-Debtor Defendants completed their production months before the close of discovery and depositions were not conducted without the benefit of necessary document disclosure. In fact, Non-Debtor Defendants produced practically all outstanding documents to Plaintiff *before* depositions were held and months *before* the close of discovery. It is clear that no tactical advantage was sought or achieved by the delay in providing the requested discovery. Further, Non-Debtor Defendants reimbursed the costs incurred by counsel for Plaintiff in making his Motions to Compel. Plaintiff therefore has not suffered any modicum of prejudice as a result of bringing any application. Preclusion is therefore unwarranted. *See Passlogix, Inc.*, 708 F. Supp. 2d at 421 ("[p]reclusion is a harsh sanction preserved for exceptional cases where a … party's failure to provide the requested discovery results in prejudice to the requesting party"); *Titan Indus. Corp.* 1995 WL 438843, at *4 ("[a]bsent such a showing of prejudice, there is simply no occasion to consider the type of remedies [e.g. preclusion] suggested by defendant").

Finally, with respect to the fourth factor, no continuance is even required, as the outstanding discovery was produced well in advance of the November discovery cut-off, and Non-Debtor Defendants further made themselves available for deposition well in advance of the close of discovery and sufficiently after the production of documents.

Put simply, ***none*** of the relevant factors support imposing the Preclusion Order, including

the most important factor of prejudice to Plaintiff.  Non-Debtor Defendants further submit that distinctly lesser sanctions, if anything, were appropriate to address any identified non-compliance with discovery obligations, such as payment of fees and costs – the payment of which was in fact directed, and in fact was complied with.  Yet, the Motion for Reconsideration seeking to vacate the harsh Preclusion Order was denied.  We respectfully submit this was in error.

Magistrate Judge Orenstein based his decision denying the Motion for Reconsideration on his holding that "the movants failed to identify any factual matter that existed at the time of the original decision to impose a discovery sanction or any previously asserted legal argument that I overlooked, and I concluded that the sanction I imposed did not effect a manifest injustice."  ECF Doc. No. 153.  Based on the factors identified and discussed above, Non-Debtor Defendants respectfully disagree.  Neither the facts nor governing law support the Preclusion Order.  As demonstrated, at the time the Preclusion Order was entered, Non-Debtor Defendants had already made significant efforts to comply with their discovery obligations.  In fact, since having retained MHH, Non-Debtor Defendants promptly rectified any deficiencies – making clear there was no bad faith or willful refusal to comply.  Plaintiff has not suffered prejudice.  The Preclusion Order was thus unsupported by the facts and contrary to the governing law.

Further, Non-Debtor Defendants submit that it was a manifest injustice for Magistrate Judge Orenstein to issue the Preclusion Order on July 24, 2019 when no Defendants were present or represented, given that they were in-between counsel at the time.  Indeed, imposing the severe sanction of preclusion without providing due notice and an opportunity to be heard is a due process violation.  *See Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 766 (1980) (sanctions "should not be assessed lightly or without fair notice and an opportunity for a hearing on the record");

*Martin v. Brown*, 63 F.2d 1252, 1262 (3d Cir. 1995) ("[t]he Due Process Clause of the Fifth Amendment requires a federal court to provide notice and an opportunity to be heard before sanctions are imposed on a litigant or attorney").  For this reason alone the Preclusion Order should be vacated.  *See World Wide Polymers, Inc.,* 694 F.3d at 160 ("[p]arties must be given notice and an opportunity to respond before a cause of action, or potential remedy, is dismissed as a sanction for failure to comply with court orders").

In sum, in light of the facts, *inter alia,* that (i) Non-Debtor Defendants were not present at the hearing where the Magistrate Judge Orenstein issued the Preclusion Order, (ii) Non-Debtor Defendants' non-compliance was not substantial, not willful, and was promptly remedied, (iii) Plaintiff was not prejudiced, and (iv) lesser sanctions or corrective measures were available, imposed, and sufficient, the sanction of preclusion here was unwarranted, contravened governing law, and would result in manifest injustice.  Reconsideration of the Preclusion Order therefore should have been granted.

## **CONCLUSION**

For all the foregoing reasons, Non-Debtor Defendants object to the September 19, 2019 order by Magistrate Judge Orenstein denying the Motion for Reconsideration of his July 24, 2019 Preclusion Order, and respectfully submit that the Preclusion Order should be vacated so that the Court can ultimately issue a decision in this case based on the merits.

Dated:        Garden City, New York
                October 3, 2019


                                MORITT HOCK & HAMFOFF LLP


                                By: */s/  Danielle J. Marlow*
                                Michael Cardello III, Esq.
                                Danielle. J. Marlow, Esq.
                                Kelly D. Schneid, Esq.
                                400 Garden City Plaza
                                Garden City, New York 11530
                                (516) 873-2000

                                *Attorneys for Non-Debtor Defendants*

16

2033196v3