UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

STEVENS BALDO & LIGHTY, PLLC,                        Civil Action No. 2:18-CV-01600

        Plaintiff/Counterclaim Defendant,

                                                 **ANSWER WITH
AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS**

        -against-

ANTHONY J. DELLUNIVERSITA,
PAUL A. DELLUNIVERSITA, KELLY WALSH,
ANTHONY P. DELLUNIVERSITA,
GAIL A. DELLUNIVERSITA, INDIVIDUALLY
AND AS THE TRUSTEE OF THE GAIL A.
DELLUNIVERSITA LIVING TRUST, PCI COIN
GRADING, INC., PCA COLLECTIBLES, INC., and
C & S CONSULTING AGENCY INC.,

        Defendants/Counterclaim Plaintiffs.
-------------------------------------------------------------------X

        Defendants Paul A. Delluniversita ("Paul"), Kelly Walsh ("Kelly"), Gail A. Delluniversita ("Gail"), individually and as the trustee of the Gail A. Delluniversita Living Trust, and C & S Consulting Agency Inc. ("C & S," and collectively, the "Non-Debtor Defendants"), answers the third amended complaint (the "Third Amended Complaint") of plaintiff Stevens Baldo & Lighty, PLLC (the "Plaintiff") and asserts their Counterclaims as follows:

        1.      Non-Debtor Defendants deny the allegations contained in Paragraph 1 of the Third Amended Complaint except admit that the United States District Court, Southern District of Texas, Corpus Christi Division entered a judgment solely against Anthony J. Delluniversita, PCI Coin Grading, Inc., and PCA Collectibles, Inc. in the amount of $1,073,868.00 plus costs, attorney fees, and post-judgment interest in the action known as *Albert P. Malvino, Representative of the Estate of Bonnie Pereida, Deceased v. Paul A. Delluniversita, et al.*, Civil

Action No. 2:12-cv-401 (the "Texas Action"), which Court specifically exonerated Paul of any liability in connection with the allegations asserted therein.

2.      Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Third Amended Complaint and respectfully refer the Court to the Third Amended Complaint, the contents of which speak for themselves.

3.      Non-Debtor Defendants deny the allegations contained in Paragraph 3 of the Third Amended Complaint.

4.      Non-Debtor Defendants deny the allegations contained in Paragraph 4 of the Third Amended Complaint.

5.      Non-Debtor Defendants deny the allegations contained in Paragraph 5 of the Third Amended Complaint.

6.      Non-Debtor Defendants deny the allegations contained in Paragraph 6 of the Third Amended Complaint.

7.      Non-Debtor Defendants deny the allegations contained in Paragraph 7 of the Third Amended Complaint.

8.      Non-Debtor Defendants deny the allegations contained in Paragraph 8 of the Third Amended Complaint.

9.      Non-Debtor Defendants deny the allegations contained in Paragraph 9 of the Third Amended Complaint.

10.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Third Amended Complaint.

11.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Third Amended Complaint except admit that Defendant Anthony J. Delluniversita resides at 56 Easton Avenue, North Babylon, New York 11703.

12.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Third Amended Complaint except admit that Defendant Paul A. Delluniversita ("Paul") resides at 18 Gate Lane, West Islip, New York.

13.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Third Amended Complaint.

14.     Non-Debtor Defendants admit the allegations contained in Paragraph 14 of the Third Amended Complaint.

15.     Non-Debtor Defendants admit the allegations contained in Paragraph 15 of the Third Amended Complaint.

16.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Third Amended Complaint.

17.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Third Amended Complaint.

18.     Non-Debtor Defendants deny the allegations contained in Paragraph 18 of the Third Amended Complaint.

19.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Third Amended Complaint.

20.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Third Amended Complaint except admit that the United States District Court, Southern District of Texas, Corpus Christi Division determined, in the Texas Action, that "Paul serve[d] as PCA's president, but he [was] only a 'figurehead' or 'paper' president and his only responsibility [was] to make sure that the salespersons [were] on the phone."

21.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Third Amended Complaint.

22.     Non-Debtor Defendants deny the allegations contained in Paragraph 22 of the Third Amended Complaint except admit that Defendant Anthony J. Delluniversita resides at 56 Easton Avenue, North Babylon, New York.

23.     Non-Debtor Defendants neither admit nor deny the allegations contained in Paragraph 23 of the Third Amended Complaint which set forth a conclusion of law to which no response is warranted, except admit that Non-Debtor Defendants are citizens of the State of New York and deny knowledge or information sufficient to form a belief as to Plaintiff's citizenship.

24.     Non-Debtor Defendants neither admit nor deny the allegations contained in Paragraph 24 of the Third Amended Complaint which set forth a conclusion of law to which no response is warranted.

25.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Third Amended Complaint.

26.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Third Amended Complaint.

27.     Non-Debtor Defendants deny the allegations contained in Paragraph 27 of the Third Amended Complaint.

28.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Third Amended Complaint.

29.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Third Amended Complaint.

30.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Third Amended Complaint.

31.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Third Amended Complaint. To the extent Paragraph 31 of the Third Amended Complaint contains allegations about the terms of the referenced document, the text of that document provides the best evidence of such terms, and no response to such allegations is warranted.

32.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Third Amended Complaint.

33.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Third Amended Complaint.

34.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Third Amended Complaint.

35.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Third Amended Complaint. To the extent Paragraph 35 of the Third Amended Complaint contains allegations about the terms of

the referenced document, the text of that document provides the best evidence of such terms, and no response to such allegations is warranted.

36.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Third Amended Complaint.

37.     Non-Debtor Defendants deny the allegations contained in Paragraph 37 of the Third Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Anthony J. Delluniversita and PCI contained in Paragraph 37 of the Third Amended Complaint.

38.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Third Amended Complaint.

39.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Third Amended Complaint.

40.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Third Amended Complaint.

41.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Third Amended Complaint.

42.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Third Amended Complaint.

43.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Third Amended Complaint.

44.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Third Amended Complaint.

45.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Third Amended Complaint.

46.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Third Amended Complaint except that to the extent Paragraph 46 of the Third Amended Complaint contains allegations about the terms of the Complaint filed in the Texas Action, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

47.     Non-Debtor Defendants deny the allegations contained in Paragraph 47 of the Third Amended Complaint.

48.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Third Amended Complaint.

49.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Third Amended Complaint except deny that Anthony P. Delluniversita represented Paul at trial in the Texas Action and admit that Anthony P. Delluniversita represented Paul at his deposition in the Texas Action.

50.     Non-Debtor Defendants deny the allegations contained in Paragraph 50 of the Third Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Anthony J. Delluniversita.

51.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Third Amended Complaint.

52.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Third Amended Complaint. To the extent Paragraph 52 of the Third Amended Complaint contains allegations about the terms of

the referenced documents, the text of those documents provide the best evidence of such terms, and no response to such allegations is warranted.

53.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Third Amended Complaint.

54.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Third Amended Complaint.

55.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Third Amended Complaint except that to the extent Paragraph 55 of the Third Amended Complaint contains allegations about the terms of the referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

56.     Non-Debtor Defendants deny the allegations contained in Paragraph 56 of the Third Amended Complaint.

57.     Non-Debtor Defendants deny the allegations contained in Paragraph 57 of the Third Amended Complaint.

58.     Non-Debtor Defendants deny the allegations contained in Paragraph 58 of the Third Amended Complaint.

59.     Non-Debtor Defendants admit the allegations contained in Paragraph 59 of the Third Amended Complaint.

60.     Non-Debtor Defendants deny the allegations contained in Paragraph 60 of the Third Amended Complaint except that to the extent Paragraph 60 of the Third Amended Complaint contains allegations about the terms of the referenced document, the text of that

document provides the best evidence of such terms and no response to such allegations is warranted.

61.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Third Amended Complaint.  To the extent Paragraph 61 of the Third Amended Complaint contains allegations about the terms of the Findings of Fact and Conclusions of Law issued in the Texas Action, the text of that document provides the best evidence of such terms, and no response to such allegations is warranted.

62.     Non-Debtor Defendants deny the allegations contained in Paragraph 62 of the Third Amended Complaint.

63.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Third Amended Complaint.  To the extent Paragraph 63 of the Third Amended Complaint contains allegations about the terms of the referenced documents, the text of those documents provides the best evidence of such terms, and no response to such allegations is warranted.  Non-Debtor Defendants further object to Plaintiff's derogatory reference to Anthony J. Delluniversita as "Big Anthony."

64.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Third Amended Complaint except that to the extent Paragraph 64 of the Third Amended Complaint contains allegations about the terms of the referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

65.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Third Amended Complaint.

9

66.     Non-Debtor Defendants deny the allegations contained in Paragraph 66 of the Third Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Anthony J. Delluniversita or Anthony P. Delluniversita contained in Paragraph 66 of the Third Amended Complaint.

67.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Third Amended Complaint except that insofar as Paragraph 68 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

68.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Third Amended Complaint except that insofar as Paragraph 68 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

69.     To the extent Paragraph 69 of the Third Amended Complaint contains allegations about the terms of the referenced document, the text of that document provides the best evidence of such terms, and no response to such allegations is warranted.

70.     Non-Debtor Defendants deny the allegations contained in Paragraph 70 of the Third Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Anthony J. Delluniversita.

71.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Third Amended Complaint

except admit that 806 East Windward Way, Apartment 203, Lantana, Florida was listed for sale with Lang Realty.

72.     To the extent Paragraph 72 of the Third Amended Complaint contains allegations about the terms of the referenced document, the text of that document provides the best evidence of such terms, and no response to such allegations is warranted.

73.     Non-Debtor Defendants deny the allegations contained in Paragraph 73 of the Third Amended Complaint.

74.     Non-Debtor Defendants deny the allegations contained in Paragraph 74 of the Third Amended Complaint.

75.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Third Amended Complaint.

76.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Third Amended Complaint.

77.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Third Amended Complaint.

78.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Third Amended Complaint.

79.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Third Amended Complaint except that to the extent Paragraph 79 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

80.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Third Amended Complaint.

81.     Non-Debtor Defendants deny the allegations contained in Paragraph 81 of the Third Amended Complaint.

82.     Non-Debtor Defendants deny the allegations contained in Paragraph 82 of the Third Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Anthony J. Delluniversita contained in Paragraph 82 of the Third Amended Complaint.

83.     Non-Debtor Defendants deny the allegations contained in Paragraph 83 of the Third Amended Complaint.

84.     Non-Debtor Defendants deny the allegations contained in Paragraph 84 of the Third Amended Complaint except that insofar as Paragraph 84 of the Third Amended Complaint contains allegations about Findings of Fact and Conclusions of Law in the Texas Action, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

85.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Third Amended Complaint.

86.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Third Amended Complaint.

87.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Third Amended Complaint except admit that Anthony J. Delluniversita does not have a joint bank account with Gail A. Delluniversita at this time.

88.     Non-Debtor Defendants deny the allegations contained in Paragraph 88 of the Third Amended Complaint.

89.     Non-Debtor Defendants deny the allegations contained in Paragraph 89 of the Third Amended Complaint.

90.     Non-Debtor Defendants deny the allegations contained in Paragraph 90 of the Third Amended Complaint.

91.     Non-Debtor Defendants deny the allegations contained in Paragraph 91 of the Third Amended Complaint.

92.     Non-Debtor Defendants deny the allegations contained in Paragraph 92 of the Third Amended Complaint.

93.     Non-Debtor Defendants deny the allegations contained in Paragraph 93 of the Third Amended Complaint.

94.     Non-Debtor Defendants deny the allegations contained in Paragraph 93 of the Third Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Anthony J. Delluniversita and Anthony P. Delluniversita contained in Paragraph 94 of the Third Amended Complaint.

95.     Non-Debtor Defendants deny the allegations contained in Paragraph 95 of the Third Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Anthony J. Delluniversita contained in Paragraph 95 of the Third Amended Complaint.

96.     Non-Debtor Defendants deny the allegations contained in Paragraph 96 of the Third Amended Complaint.

97.     Non-Debtor Defendants deny the allegations contained in Paragraph 97 of the Third Amended Complaint except that insofar as Paragraph 97 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

98.     Non-Debtor Defendants deny the allegations contained in Paragraph 98 of the Third Amended Complaint.

99.     Non-Debtor Defendants deny the allegations contained in Paragraph 99 of the Third Amended Complaint.

100.    Non-Debtor Defendants deny the allegations contained in Paragraph 100 of the Third Amended Complaint except that insofar as Paragraph 100 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

101.    Non-Debtor Defendants deny the allegations contained in Paragraph 101 of the Third Amended Complaint except that insofar as Paragraph 101 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

102.    Non-Debtor Defendants deny the allegations contained in Paragraph 102 of the Third Amended Complaint except that insofar as Paragraph 102 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

103.    Non-Debtor Defendants deny the allegations contained in Paragraph 103 of the Third Amended Complaint except that insofar as Paragraph 103 of the Third Amended

Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

104. Non-Debtor Defendants deny the allegations contained in Paragraph 104 of the Third Amended Complaint except that insofar as Paragraph 104 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

105. Non-Debtor Defendants deny the allegations contained in Paragraph 105 of the Third Amended Complaint except that insofar as Paragraph 105 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

106. Non-Debtor Defendants deny the allegations contained in Paragraph 106 of the Third Amended Complaint except that insofar as Paragraph 106 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

107. Non-Debtor Defendants deny the allegations contained in Paragraph 107 of the Third Amended Complaint except that insofar as Paragraph 107 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

108. Non-Debtor Defendants deny the allegations contained in Paragraph 108 of the Third Amended Complaint except that insofar as Paragraph 108 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

109.     Non-Debtor Defendants deny the allegations contained in Paragraph 108 of the Third Amended Complaint except that insofar as Paragraph 109 of the Third Amended Complaint contains allegations about a referenced document, the text of that document provides the best evidence of such terms and no further response to such allegations is warranted.

110.     Non-Debtor Defendants deny the allegations contained in Paragraph 110 of the Third Amended Complaint.

111.     Non-Debtor Defendants deny the allegations contained in Paragraph 111 of the Third Amended Complaint.

112.     Non-Debtor Defendants deny the allegations contained in Paragraph 112 of the Third Amended Complaint.

113.     Non-Debtor Defendants deny the allegations contained in Paragraph 113 of the Third Amended Complaint.

114.     Non-Debtor Defendants deny the allegations contained in Paragraph 114 of the Third Amended Complaint.

115.     Non-Debtor Defendants deny the allegations contained in Paragraph 115 of the Third Amended Complaint.

## **FIRST CAUSE OF ACTION**

116.     Non-Debtor Defendants incorporate and reallege herein by reference its responses to the foregoing Paragraphs 1 to 115 as if set forth in full herein.

117.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Third Amended Complaint.

118.     Non-Debtor Defendants deny the allegations contained in Paragraph 118 of the Third Amended Complaint.

119.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Third Amended Complaint.

120.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Third Amended Complaint.

121.     Non-Debtor Defendants deny the allegations contained in Paragraph 121 of the Third Amended Complaint and deny that Plaintiff is entitled to the relief that it seeks.

## SECOND CAUSE OF ACTION

122.     Non-Debtor Defendants incorporate and reallege herein by reference its responses to the foregoing Paragraphs 1 to 121 as if set forth in full herein.

123.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Third Amended Complaint.

124.     Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Third Amended Complaint.

125.     Non-Debtor Defendants deny the allegations contained in Paragraph 125 of the Third Amended Complaint.

126.     Non-Debtor Defendants deny the allegations contained in Paragraph 126 of the Third Amended Complaint.

127.     Non-Debtor Defendants deny the allegations contained in Paragraph 127 of the Third Amended Complaint and deny that Plaintiff is entitled to the relief that it seeks.

## THIRD CAUSE OF ACTION

128.     Non-Debtor Defendants incorporate and reallege herein by reference its responses to the foregoing Paragraphs 1 to 127 as if set forth in full herein.

129.    Non-Debtor Defendants deny the allegations contained in Paragraph 129 of the Third Amended Complaint.

130.    Non-Debtor Defendants deny the allegations contained in Paragraph 130 of the Third Amended Complaint.

131.    Non-Debtor Defendants deny the allegations contained in Paragraph 131 of the Third Amended Complaint.

132.    Non-Debtor Defendants deny the allegations contained in Paragraph 132 of the Third Amended Complaint.

133.    Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Third Amended Complaint.

134.    Non-Debtor Defendants deny the allegations contained in Paragraph 134 of the Third Amended Complaint and deny that Plaintiff is entitled to the relief that it seeks.

## FOURTH CAUSE OF ACTION

135.    Non-Debtor Defendants incorporate and reallege herein by reference its responses to the foregoing Paragraphs 1 to 134 as if set forth in full herein.

136.    Non-Debtor Defendants deny the allegations contained in Paragraph 136 of the Third Amended Complaint.

137.    Non-Debtor Defendants deny the allegations contained in Paragraph 137 of the Third Amended Complaint.

138.    Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Third Amended Complaint.

139.    Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Third Amended Complaint.

140.    Non-Debtor Defendants deny the allegations contained in Paragraph 140 of the Third Amended Complaint.

141.    Non-Debtor Defendants deny the allegations contained in Paragraph 141 of the Third Amended Complaint and deny that Plaintiff is entitled to the relief that it seeks.

## FIFTH CAUSE OF ACTION

142.    Non-Debtor Defendants incorporate and reallege herein by reference its responses to the foregoing Paragraphs 1 to 141 as if set forth in full herein.

143.    Non-Debtor Defendants deny the allegations contained in Paragraph 143 of the Third Amended Complaint.

144.    Non-Debtor Defendants deny the allegations contained in Paragraph 144 of the Third Amended Complaint.

145.    Non-Debtor Defendants deny the allegations contained in Paragraph 145 of the Third Amended Complaint and deny that Plaintiff is entitled to the relief that it seeks.

## SIXTH CAUSE OF ACTION

146.    Non-Debtor Defendants incorporate and reallege herein by reference its responses to the foregoing Paragraphs 1 to 145 as if set forth in full herein.

147.    Non-Debtor Defendants deny the allegations contained in Paragraph 147 of the Third Amended Complaint.

148.    Non-Debtor Defendants deny the allegations contained in Paragraph 148 of the Third Amended Complaint.

149.    Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Third Amended Complaint.

150.    Non-Debtor Defendants deny the allegations contained in Paragraph 150 of the Third Amended Complaint.

151.    Non-Debtor Defendants deny the allegations contained in Paragraph 151 of the Third Amended Complaint and deny that Plaintiff is entitled to the relief that it seeks.

## SEVENTH CAUSE OF ACTION

152.    Non-Debtor Defendants incorporate and reallege herein by reference its responses to the foregoing Paragraphs 1 to 151 as if set forth in full herein.

153.    Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Third Amended Complaint.

154.    Non-Debtor Defendants deny the allegations contained in Paragraph 154 of the Third Amended Complaint.

155.    Non-Debtor Defendants deny the allegations contained in Paragraph 155 of the Third Amended Complaint.

156.    Non-Debtor Defendants deny the allegations contained in Paragraph 156 of the Third Amended Complaint.

157.    Non-Debtor Defendants deny the allegations contained in Paragraph 157 of the Third Amended Complaint.

158.    Non-Debtor Defendants deny the allegations contained in Paragraph 158 of the Third Amended Complaint.

159.    Non-Debtor Defendants deny the allegations contained in Paragraph 159 of the Third Amended Complaint and deny that Plaintiff is entitled to the relief that it seeks.

## EIGHTH CAUSE OF ACTION

160.    Non-Debtor Defendants incorporate and reallege herein by reference its responses to the foregoing Paragraphs 1 to 159 as if set forth in full herein.

161.    Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Third Amended Complaint.

162.    Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Third Amended Complaint.

163.    Non-Debtor Defendants deny the allegations contained in Paragraph 163 of the Third Amended Complaint.

164.    Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the Third Amended Complaint.

165.    Non-Debtor Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Third Amended Complaint.

166.    Non-Debtor Defendants deny the allegations contained in Paragraph 166 of the Third Amended Complaint and deny that Plaintiff is entitled to the relief that it seeks.

167.    Non-Debtor Defendants deny the allegations contained in Paragraph 167 of the Third Amended Complaint and deny that Plaintiff is entitled to the relief that it seeks.

## PRAYER FOR RELIEF

168.    Non-Debtor Defendants deny that Plaintiffs are entitled to the relief that they seek in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

169.   The Third Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

170.   The Third Amended Complaint fails to plead fraud with the requisite particularity.

### THIRD AFFIRMATIVE DEFENSE

171.   Any funds received and transfers made were for fair and adequate consideration and/or on account of amounts properly owing to or from Non-Debtor Defendants.

### FOURTH AFFIRMATIVE DEFENSE

172.   Any funds received and transfers made were without knowledge of any fraud.

### FIFTH AFFIRMATIVE DEFENSE

173.   Non-Debtor Defendants lacked actual intent to hinder, delay or defraud either present or future creditors.

### SIXTH AFFIRMATIVE DEFENSE

174.   Defendant Gail, Defendant Kelly and Defendant C & S were never defendants in the Texas Action which resulted in a judgment against Defendants Anthony J. Delluniversita, PCA Collectibles, Inc., and PCI Coin Grading, Inc.

### SEVENTH AFFIRMATIVE DEFENSE

175.   The Texas Action did not result in a judgment against any of the Non-Debtor Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

176.     Non-Debtor Defendants never made a conveyance or were about to engage in a business or transaction for which the property remaining in his, her, or its hands after the conveyance was an unreasonably small capital.

## NINTH AFFIRMATIVE DEFENSE

177.     Non-Debtor Defendants never made a conveyance or incurred any obligation without fair consideration when he, she or its intended or believed that he, she, or it would incur debts beyond he, she, or its ability to pay upon maturation.

## TENTH AFFIRMATIVE DEFENSE

178.     Non-Debtor Defendants never made a conveyance or incurred an obligation that was fraudulent to a creditor.

## ELEVENTH AFFIRMATIVE DEFENSE

179.     Any attorney's fees sought or incurred by Plaintiff in this action are excessive and unreasonable.

## TWELFTH AFFIRMATIVE DEFENSE

180.     The Third Amended Complaint is barred in whole or in part by the doctrine of unclean hands and inequitable conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

181.     The Third Amended Complaint is barred in whole or in part by the doctrine of collateral estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

182.    Paul performed his duties in connection with PCA Collectibles, Inc. in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances.

## FIFTEENTH AFFIRMATIVE DEFENSE

183.    Paul did not neglect, fail to perform or otherwise violate his duties with respect to the management and disposition of corporate assets committed to his charge.

## SIXTEENTH AFFIRMATIVE DEFENSE

184.    Plaintiff is barred by the doctrine of collateral estoppel.

185.    As noted in the Findings of Fact and Conclusions of Law dated May 20, 2015 and issued by the Honorable Nelva Gonzales Ramos in the Texas Action, the United States District Court for the District of Texas determined that "Paul serves as PCA's president, but he is only a 'figurehead' or 'paper' president and his only responsibility is to make sure that salespersons are on the phone."

186.    As noted in the Findings of Fact and Conclusions of Law dated May 20, 2015 and issued by the Honorable Nelva Gonzales Ramos in the Texas Action, the United States District Court for the District of Texas determined that "Paul was unaware that Anthony [J.] was PCI's sole grader and testified that no one at PCA knew that Anthony owned PCI. Anthony testified that he did not inform Paul that he was PCI's sole grader because 'it was not his concern.'."

187.    As noted in the Findings of Fact and Conclusions of Law dated May 20, 2015 and issued by the Honorable Nelva Gonzales Ramos in the Texas Action, the United States District Court for the District of Texas determined that "Plaintiff cannot pierce PCI and PCA's respective

corporate veils to hold Paul personally liable because he was not aware of or involved in the scheme to defraud Pereida.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

188.    Plaintiff lacks standing to bring the claims asserted in this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

189.    The Absolute Sale and Assignment of Judgment between Albert P. Malvino, as representative of the Estate of Bonnie Pereida and Stevens Baldo & Lighty, PLLC is invalid because, among other reasons, it violates the prohibition against champerty.

**NON-DEBTOR DEFENDANTS' COUNTERCLAIMS**

1.    Non-Debtor Defendants, by their attorneys, Moritt Hock and Hamroff LLP, as and for their Counterclaims against Plaintiff state as follows:

**NATURE OF THE COUNTERCLAIMS[1]**

2.    These Counterclaims arise out of Counterclaim Defendant Stevens Baldo & Lighty, PLLC's ("SBL") vexatious, harassing and ultimately tortuous conduct against Non-Debtor Defendants.

3.    In connection with their efforts to collect on a money judgment issued against Anthony J. Delluniversita ("Anthony J."), PCA Collectibles, Inc. ("PCA"), and PCI Coin Grading, Inc. ("PCI") (collectively, the "Debtor Defendants") in the Texas Action (defined below), SBL and its counsel have crossed the threshold of permissible conduct, going well beyond zealous advocacy in pursuit of justice, demonstrating objectively bad-faith, extortionate conduct.

4.    SBL and its counsel have gone beyond the boundaries of acceptable advocacy,

---

[1] Unless otherwise defined herein, all capitalized terms used in the "Nature of the Counterclaims" shall have the meanings ascribed to them in the remainder of these Counterclaims.

including, *inter alia,* by purposefully making numerous misrepresentations in publicly filed documents, and by engaging in baseless and outright abusive discovery tactics, including but not limited to serving frivolous discovery demands against Non-Debtor Defendants and third parties which have no meritorious basis other than to exert pressure on Non-Debtor Defendants and forcing them to pay significant sums to settle the Texas Judgment – for which they were not found liable.

5.      By the above actions, set forth in greater detail below, SBL has engaged in abuse of process, defamation, and tortious interference with prospective advantage.

6.      These Counterclaims seek, among other things, relief for the damages resulting from such conduct.

## THE PARTIES

7.      At all relevant times hereafter mentioned, Defendant/Counterclaim Plaintiff Gail A. Delluniversita was and still is an individual and citizen of the State of New York residing in Suffolk County, New York.

8.      At all relevant times hereafter mentioned, Defendant/Counterclaim Plaintiff Paul A. Delluniversita was and still is an individual and citizen of the State of New York residing in Suffolk County, New York.

9.      At all relevant times hereafter mentioned, Defendant/Counterclaim Plaintiff Kelly Walsh was and still is an individual and citizen of the State of New York residing in Suffolk County, New York.

10.      At all relevant times hereafter mentioned, Defendant/Counterclaim Plaintiff C & S Consulting Agency Inc. was and still is a New York corporation with its principal place of

business located at 428 Myrtle Avenue, West Islip, New York 11795.

11.     At all relevant times hereafter mentioned, Plaintiff/Counterclaim Defendant Stevens Baldo & Lighty, PLLC was and still is a professional limited liability company created under the laws of Texas with its principal place of business at 550 Fannin Street, Suite 700, Beaumont, Texas.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over these Counterclaims and the parties by virtue of Counterclaim Defendants' action against Non-Debtor Defendants/Counterclaim Plaintiffs and pursuant to Federal Rules of Civil Procedure Rule 13, as well as 29 U.S.C. § 1332.

13.     Venue is proper in this Court because each Counterclaim Defendant has consented to venue by virtue of commencing its action against Counterclaim Plaintiffs.

## FACTUAL ALLEGATIONS

14.     In an action commenced in the United States District Court, Southern District of Texas, Corpus Christi Division known as *Albert P. Malvino, Representative of the Estate of Bonnie Pereida, Deceased v. Paul A. Delluniversita, et al.*, Civil Action No. 2:12-cv-401 (the "Texas Action"), the plaintiff therein sued Paul A. Delluniversita ("Paul"), Anthony J., PCA, and PCI for mail and wire fraud, violations of the Texas Deceptive Trade Practice Act, fraud, negligent misrepresentation and civil conspiracy in connection with the sale of certain coins (the "Texas Action").

15.     In the Texas Action, the presiding judge entered a judgment solely against Anthony J., PCA, and PCI in the amount of $1,073,868.00 plus costs, attorney fees, and post-

judgment interest (the "Judgment").

16. The presiding judge in the Texas Action distinctly absolved Paul of liability in connection with the claims asserted therein.

17. The remaining Non-Debtor Defendants, Gail A. Delluniversita ("Gail"), Anthony J.'s wife; Kelly Walsh, Paul's wife; and C & S Consulting Agency Inc. ("C & S") were neither named nor found liable in the Texas Action.

18. Upon securing the Judgment, the plaintiff in the Texas Action, Albert P. Malvino, Representative of the Estate of Bonnie Pereida, Deceased, further acknowledged that collection of the Judgment was doubtful.

19. In or around June 26, 2017, Malvino, the plaintiff in the Texas Action, assigned the Judgment to SBL.

20. As consideration for assigning the Judgment, SBL agreed to forgo payment of the attorney fees, costs, and expenses incurred in prosecuting the Texas Action.

21. In efforts to collect on the Judgment, Plaintiff retained the Law Offices of Kenneth G. Walsh.

22. The Judgment was domesticated in the State of New York in early 2018 in the action known as *Albert P. Malvino, Representative of the Estate of Bonnie Pereida, Deceased v. Anthony J. Delluniservita, et al.,* Index No. 601594/2018 (the "State Court Action").

23. In addition, Plaintiff has commenced this present action against the Debtors and Non-Debtor Defendants.

24. Plaintiff and its counsel have gone well beyond legitimate advocacy, and have abused the court system and this litigation to harm Non-Debtor Defendants through misuse of the litigation process.

25.     For example, Plaintiff and its counsel have taken every opportunity to abuse the court system to deride Non-Debtor Defendants and cast baseless aspersions upon them.

26.     The clear intent of this wrongdoing is to abuse litigation to damage Non-Debtors Defendants' reputations, business relationships, and livelihoods.

27.     For example, in the Third Amended Complaint in this very action, Plaintiff alleges that C & S "cleans" coins and engages in deceptive and fraudulent practices.

28.     There is no good faith basis for these allegations, and they clearly are made strictly to pressure and damage Paul and his company, C & S.

29.     Similarly, in the state court action, counsel for Plaintiff has falsely alleged that C & S "sell[s] coins [it doesn't] have to elderly people and then buy[s] the coins and doctor[s] up documents and assign[s] them a value grossly inflated."

30.     Again, there is no good faith basis for these allegations, they are defamatory *per se*, and they clearly are made strictly to pressure and damage Paul and his company C & S.

31.     In addition, Plaintiff and its counsel have repeatedly referred to Non-Debtor Defendants and Anthony J. Delluniversita as a "criminal enterprise." Again, there is no basis for this allegation, it is defamatory *per se,* and it has been intentionally made to damage Non-Debtor Defendants, their reputations, and their livelihoods.

32.     In addition, Plaintiff and its counsel have bombarded Non-Debtor Defendants with incessant and harassing discovery demands in an effort to both tortuously interfere with their business and needlessly drive up litigation costs.

33.     As just one example, Plaintiff has sought intrusive, unduly burdensome and harassing discovery of the confidential and proprietary business information of C & S, when such business information is in no manner relevant to this litigation. For example, Plaintiff has

sought "All documents relating to any sale of coins to any customer by C & S" from 2011 through the present, "All documents concerning the sales practices or instructions given to the sales personnel of C & S" from 2011 through the present, and "All phone records from C & S" from 2011 through the present – when such information has no possible relevant to this fraudulent conveyance action, and is sought merely to tortuously interfere with C & S' business and harass.

34.     Plaintiff and its counsel have also abused the litigation process by using litigation to interfere with Non-Debtor Defendants' business contacts, including by issuing harassing and unduly burdensome subpoenas to third parties with relationships to Non-Debtor Defendants, and serving process upon Non-Debtor Defendants publicly (and in fron of their children) in a transparent effort to humiliate and defame them.

35.     In addition, Plaintiff and its counsel have bombarded Non-Debtor Defendants with incessant emails, discovery demands and motion practice in an effort to drive up litigation costs.

36.     Further,  Plaintiff's counsel has employed threatening litigation tactics such as yelling and using profanity during phone calls, threatening repercussions if counsel for Non-Debtor Defendants do not withdraw appeals, motions and other filings made to protect their clients' interests, demanding that Non-Debtor Defendants appear for deposition less than 48 hours from when the request is made, demanding monetary payment for the grant of an adjournment (*see* NYSCEF Doc No. 120), and other improper and unethical tactics.

37.     By virtue of this wrongdoing, Plaintiff has damaged Non-Debtor Defendants by tortuously interfering with their business and employment, damaging their reputations, and forcing them to incur needless litigation costs.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Abuse of Process)

38.     Non-Debtor Defendants/Counterclaim Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

39.     SBL and Walsh have used legal process against Non-Debtor Defendants/Counterclaim Plaintiffs primarily to accomplish a purpose for which the process was not designed.

40.     Harm has been caused to Non-Debtor Defendants/Counterclaim Plaintiffs as a result.

41.     SBL and Walsh have engaged in multiple acts of abuse of process, as more fully described above.

42.     With this lawsuit, SBL and Walsh have sought improperly to pervert legal process in order to harass, threaten, and otherwise harm Non-Debtor Defendants/Counterclaim Plaintiffs.

43.     As a direct and proximate result of SBL's and Walsh's misconduct, Non-Debtor Defendants/Counterclaim Plaintiffs have been and will continue to be irreparably harmed, including but not limited to damage to their goodwill, damage to their reputation, damage to their business relationships, damage to their ability to procure further business, and loss of future new and existing prospective relationships.

44.     As a result of the foregoing, SBL and Walsh are entitled to permanent declaratory and injunctive relief as well as compensatory damages in an amount to be proven at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Defamation)

45.     Non-Debtor Defendants/Counterclaim Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

46.     As alleged above, in connection with the instant action and another action pending in the Supreme Court of the State of New York, Suffolk County, SBL and its counsel have made statements that are patently false and defamatory *per se.*

47.     As a result of these statements, Non-Debtor Defendants/Counterclaim Plaintiffs have been and will continue to be irreparable harmed, including but not limited to damage to their goodwill, damage to their reputation, damage to their business relationships, damage to their ability to procure further business, and loss of future new and existing prospective relationships.

48.     By reason of the foregoing, SBL and Walsh have defamed Non-Debtor Defendants/Counterclaim Plaintiffs, causing Non-Debtor Defendants/Counterclaim Plaintiffs to incur damages in the amount to be determined at trial.

49.     SBL and Walsh acted with actual malice, and their conduct amounted to a gross, wanton and willful disregard of Non-Debtor Defendants/Counterclaim Plaintiffs' rights and interests, evincing a high degree of moral culpability and entitling Non-Debtor Defendants/Counterclaim Plaintiffs to punitive damages in an amount to be determined at trial.

Dated: Garden City, New York
    October 14, 2019

MORITT HOCK & HAMROFF LLP
*Attorneys for Defendants Paul A.*
*Delluniversita, Kelly Walsh, Gail A.*
*Delluniversita, individually and as the*
*trustee of the Gail A. Delluniversita Living*
*Trust, and C & S Consulting Agency Inc.*

By: _____
        Michael Cardello III, Esq.
        Danielle J. Marlow, Esq.
        Kelly D. Schneid, Esq.
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000

2052826v1