

**Danielle J. Marlow**
Partner
Email: dmarlow@moritthock.com

October 17, 2019

**VIA ECF**
The Honorable Margo K. Brodie
United States District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Stevens Baldo & Lighty, PLLC v. Anthony J. Delluniversita, et al.*
              <u>Case No. 2:18-cv-01600-MBK-JO</u>

Dear Judge Brodie:

      This Firm represents defendants Paul A. Delluniversita, Kelly Walsh, Gail A. Delluniversita, individually and as the trustee of the Gail A. Delluniversita Living Trust, and C & S Consulting Agency Inc. (collectively, the "Non-Debtor Defendants"). This Firm respectfully submits, on behalf of all Non-Debtor Defendants, except C &S Consulting Agency. Inc.,[1] the enclosed Reply in Further Support of the Objections filed with respect to Magistrate Judge Orenstein's September 19, 2019 Order. This Firm respectfully requests that Your Honor exercise the discretion afforded under Federal Rules of Civil Procedure Rule 72 to consider the enclosed Reply given the gravity of the preclusion order which is the subject of the objections filed. *See Han v. Fin. Supervisory Serv.*, No. 17-Civ-4383, 2018 WL 791353, at *1, note 1 (S.D.N.Y. Feb. 8, 2018) (declining to strike reply papers); *Nolasco v. United States*, 358 F. Supp. 2d 224, 227 (S.D.N.Y. 2004) (considering reply papers submitted).

                                                                           Respectfully submitted,

                                                                           Danielle J. Marlow

cc:    All Parties (via ECF)

---

[1] Plaintiff only added C& S Consulting Agency Inc. as a party to this action in the Third Amended Complaint filed with this Court on September 23, 2019. Accordingly, C & S Consulting Agency Inc. is not subject to the preclusion order issued by Magistrate Judge Orenstein on July 24, 2019.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STEVENS BALDO & LIGHTY, PLLC,

        Plaintiff,

v.

ANTHONY J. DELLUNIVERSITA, et al.,

        Defendants.

Case No. 2:18-CV-1600 (MKB) (JO)

---

# REPLY IN FURTHER SUPPORT OF OBJECTIONS TO SEPTEMBER 19, 2019 ORDER BY MAGISTRATE JUDGE JAMES ORENSTEIN DENYING NON-DEBTOR DEFENDANTS' MOTION FOR RECONSIDERATION OF HIS JULY 24, 2019 PRECLUSION ORDER

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure ("FRCP"), Defendants Paul A. Delluniversita ("Paul"), Kelly Walsh, and Gail A. Delluniversita ("Gail"), individually and as the trustee of the Gail A. Delluniversita Living Trust (the "Non-Debtor Defendants), by and through counsel Moritt Hock and Hamroff LLP ("MHH"), hereby submit this reply in further support of their objections (ECF Doc No. 158) to the September 19, 2019 order by Magistrate Judge James Orenstein (ECF Doc. No. 153) denying their motion for reconsideration (the "Motion for Reconsideration") of his July 24, 2019 order "preclud[ing] defendants from offering any exhibit or testimony in evidence, or making any argument, in support of the proposition that any or all of them provided fair consideration to PCA Collectibles, Inc." (ECF Doc. No. 121, hereinafter the "Preclusion Order"). As demonstrated in their moving submissions and further below, the Motion for Reconsideration should have been granted because the Preclusion Order was unduly harsh under the governing law, and Plaintiff has not

1

demonstrated any significant delay or prejudice.

## PRELIMINARY STATEMENT

As Plaintiff admits, Non-Debtor Defendants already produced hundreds of documents and produced Defendant Kelly Walsh for deposition before the Preclusion Order was entered. Further, since entry of the Preclusion Order, Non-Debtor Defendants have produced thousands of additional pages of documents (including categories of documents not previously requested), and have produced both Gail and Paul for deposition. *See* ECF Doc No. 148 (Parties' Joint Status Report), ¶¶ 14, 16, 18. Indeed, Non-Debtor Defendants' compliance was such that already as of September 17, 2019, Plaintiff acknowledged that "There are no discovery disputes between Plaintiff and Non-Debtor Defendants that require judicial intervention." All this was done almost two months before the close of discovery. What is more, Non- Debtor Defendants reimbursed Plaintiff's costs. Plaintiff thus cannot and has not shown any prejudice – which is the *sine qua non* of preclusion. The harsh Preclusion Order -- entered at a hearing where neither Non-Debtor Defendants nor their counsel were even present -- therefore should have been vacated.

## ARGUMENT

In a vain attempt to demonstrate some type of prejudice – in the face of Non-Debtor Defendants' acknowledged compliance with their discovery obligations -- Plaintiff makes the sweeping claim that Non-Debtor Defendants "were frustrating plaintiff's ability to prosecute their claims at every turn." Plaintiff's Opp, p. 1. No support is provided for this bald accusation. Indeed, it is belied by the acknowledgement that Non-Debtor Defendants already had produced hundreds of pages of documents and a witness for deposition *before* entry of the

2

Preclusion Order,[1] and that by September 17, 2019, Non-Debtor Defendants' compliance was such that there were no discovery issues to be addressed by the Court. Likewise disingenuous is Plaintiff's claim that the Scheduling Order had to be altered in light of Defendant's alleged delays. In fact, the Scheduling Order has not been altered since being set back in April 2019, when a tight seven (7) month timeframe was set for the completion of discovery. Further, Defendants agreed to give Plaintiff additional time to amend. Thus, by Plaintiff's own admission, there has been compliance on the part of Non-Debtor Defendants, no delay of the discovery schedule, and no prejudice to Plaintiff.[2]

Plaintiff's version of the timeline is also significantly skewed. Plaintiff does not deny that the first scheduling conference in this matter was conducted on April 5, 2019. Any delays in holding the initial scheduling conference was due to the facts, *inter alia,* that Plaintiff amended

---

[1] Plaintiff claims that "Defendants produced less than 250 responsive documents prior to the Court's Order of July 24, most of which was nonresponsive to the 1,000 fraudulent conveyances in this matter." Plaintiff's Opp., p. 1. This disingenuous, as Plaintiff himself admittedly did not seek documents regarding the alleged fraudulent conveyances because he himself already had checks, bank statements and other documents regarding same. *See* ECF Doc. No. 97 (April 5, 2019 Hearing Tr.), p. 5. ("We have the bank records and what not. It's -- we're ready to go to depositions pretty quickly."). Put simply, Plaintiff already had what he wanted in support of his fraudulent conveyance claims and, thus, sought other documents, such as documents regarding Defendant's personal finances in support of his efforts to enforce the judgment. *See* ECF Doc. Nos. 158-1 and 158-2 (Plaintiff's document requests, which primarily seek personal financial information -- not documents regarding the alleged fraudulent conveyances).

[2] Plaintiff goes into a detailed discussion of Plaintiff's one-sided version of the facts – which is both irrelevant to and inappropriate on this motion, and a gross misrepresentation of the actual record. Suffice it to say that there were not 1,000 fraudulent conveyances as Plaintiff claims but, rather, payments made by PCA Collectibles, Inc. ("PCA") to, *inter alia,* employees and vendors in the regular course of business when no judgment had yet been entered. Notably, neither Gail nor Kelly were defendants in the Texas action, and the judgment in the Texas action *completely exonerated* Non-Debtor Defendant Paul of all wrongdoing, including of any knowledge or participation in the fraud alleged in the Texas action. *See* ECF Doc. No. 87, ¶¶ 10, 13, ECF Doc. No. 88, ¶¶ 34, 53. Plaintiff's allegations to the contrary are thus patently false, if not spurious. Likewise baseless are Plaintiff's allegations with respect to Paul's company C & S Consulting Agency Inc. ("C & S"). As Plaintiff's counsel knows – because the relevant evidence has been produced to him and he has had the opportunity to conduct deposition examinations on this issue – the name, telephone number, ownership, employees, assets, bank accounts, and goodwill of C & S are all different than PCA. C & S thus in no manner the successor in interest to or otherwise associated with PCA as Plaintiff suggests.

3

his complaint twice, and the case was transferred to a new judge. At the initial scheduling conference on April 5, 2019, the Court set November 5, 2019 as the discovery deadline, and November 15, 2019 as the pre-trial conference in this matter. ***None of these dates have been adjourned*** – because discovery has been proceeding apace. Indeed, in the September 17, 2019 Joint Status Report submitted by the parties (ECF Doc. No. 148), Plaintiff admitted that "Since MHH's appearance, counsel has produced thousands of pages of documents on behalf of Non-Debtor Defendants" (¶ 13), and that "At this time, there are no discovery disputes between Plaintiff and Non-Debtor Defendants that require judicial intervention." (¶ 19).

Plaintiff's discovery requests were first served at the end of April. Plaintiff extended Defendant's time to respond to mid-June. (ECF Doc No. 100). Plaintiff does not deny that on May 9, 2019, prior counsel served objections and responses to the requests addressed to Paul, along with certain responsive documents, and on June 21, 2019, prior counsel served objections and responses to the requests addressed to Gail, along with certain responsive documents. On July 12, 2019, prior counsel made a more substantial production totaling several hundred pages on behalf of Anthony J. Delluniversita ("Anthony J."), Paul, and Gail.[3] There was thus at most a few week delay in prior counsel's production of documents. While not complete, that production did contain a number of the tax returns, bank account statements and other financial information Plaintiff was seeking. ECF Doc No. 158-5 (7/24/2019 Tr.), at pp. 4-5.[4] Put simply, Non-Debtor Defendants made efforts to comply prior to issuance of the Preclusion Order, and any deficiencies were remediated through additional document productions.

It is important to note that as documented in submissions to the Court, Anthony J., prior

---

[3] As Plaintiff admits, prior counsel also produced Defendant Kelly Walsh for deposition June 4, 2019.

[4] Plaintiff's claim that the documents produced on July 12, 2019 were "nonresponsive" because they were went back several years is disingenuous, as the documents produced are clearly responsive to Plaintiff's requests, which requested documents dating back until January 1, 2011 (*see* ECF Doc Nos. 158-1 158-2).

4

counsel's father, and Gail's husband, suffered a series of strokes in mid-June, 2019, which led him to be hospitalized for an extended period of time well into July, 2019. Indeed, Anthony J.'s medical condition and hospitalization were the bases for prior counsel's requests for a stay. *See* ECF Doc. Nos. 105, 114. Notwithstanding this medical issue (as well the fact that several responsive documents were in the possession of third parties), Non-Debtor Defendants did endeavor to make a substantial production in July 2019. Non-Debtor Defendants also endeavored to retain new counsel, but those efforts were made difficult in light of the need to attend to Anthony J.'s medical condition, and were likewise complicated by potential new counsel's need to review and get up to speed on the lengthy history of the case. *See* ECF Doc No. 123.

Pursuant to Magistrate Orenstein's orders, prior counsel withdrew from the matter on July 23, 2019. As noted in the letter submitted by Paul *pro se* to the Court (ECF Doc. No. 123), Non-Debtor Defendants encountered significant difficulty in identifying new counsel. Indeed, they spoke to at least two other attorneys prior to successfully retaining MHH in August 2019.

After MHH was retained, by letter dated August 5, 2019, Plaintiff agreed to give present counsel until September 13, 2019 to get up to speed on the case and agreed to "extend the other existing deadlines accordingly." *See* ECF Doc. No. 129. In that same agreement, Non-Debtor Defendants agreed to give Plaintiff until September 13, 2019 to amend his complaint (and Non-Debtor Defendants subsequently gave Plaintiff even more time to amend). *Id.* As acknowledged by Plaintiff, since being retained, MHH (i) has produced thousands of documents on behalf of Non-Debtor Defendants; (ii) has produced Gail for deposition; and (iii) has produced Paul for deposition. *See* ECF Doc. No. 148, ¶¶ 14, 16, 18. Indeed, as Plaintiff acknowledged on September 17, 2019, "At this time, there are no discovery disputes between Plaintiff and Non-

5

Debtor Defendants that require judicial intervention."[5]

In sum, as acknowledged by Plaintiff, there was both a substantial production of documents and the production of Defendant Kelly Walsh for deposition in June and July of 2019, and by mid-September – almost two months before the close of discovery – substantially all discovery, including the production of thousands of pages of documents, and the depositions of all three Non-Debtor Defendants, had already been completed.[6] Indeed, Plaintiff was able to amend his complaint a third time based on the provision of this discovery. ECF Doc No. 154. This was all accomplished with Non-Debtor Defendants changing counsel and present counsel needing to get up to speed on the case, and without any extension of the discovery deadline.

There was thus no prejudice on the part of Plaintiff, as is required to impose such a severe sanction as the Preclusion Order. On the other hand, the prejudice to Non-Debtor Defendants is extensive. By prohibiting Non-Debtors Defendants from arguing fair consideration as a defense to Plaintiff's fraudulent conveyance claims, the Preclusion Order denies them of a key defense, which could potentially be dispositive. Under the governing, law, in light of the lack of prejudice on the part of Plaintiff, the extreme sanction of preclusion is not warranted. *See World Wide Polymers, Inc.*, 694 F.3d at 160 (reversing preclusion, noting that preclusion is an inappropriate sanction for mere lateness in providing discovery where such "failing does not

---

[5] In light of Plaintiff's counsel's representation in the September 17, 2019 Joint Status Report that "At this time, there are no discovery disputes between Plaintiff and Non-Debtor Defendants that require judicial intervention," Plaintiff's suggestion in his opposition brief that there is discovery outstanding is disingenuous at best. As Non-Debtor Defendants informed counsel for Plaintiff, there were certain W-2 forms not in their possession, which were subsequently sought and obtained from the IRS and produced, and Non-Debtor Defendants are no longer in possession of documents regarding the BMW vehicle in question, which was sold years ago.

[6] Plaintiff suggests that the breadth of MHH's production indicates that the prior production was insubstantial, but it is important to note that Plaintiff subsequently sought additional documents not previously requested, including hundreds of pages of bank statements and checks regarding C & S, which MHH has provided. In addition, in an abundance of caution, MHH produced again some documents previously produced.

6

involve an attempt to place the other side at an unfair disadvantage"); *Passlogix, Inc. v. 2FA Tech, LLC*, 708 F. Supp. 2d 378, 421 (S.D.N.Y. 2010) ("Preclusion is a harsh sanction preserved for exceptional cases where a . . . party's failure to provide the requested discovery results in prejudice to the requesting party.").

Indeed, Plaintiff has claimed that with the Preclusion Order, he can move for summary judgment simply by presenting evidence of the alleged fraudulent conveyances at issue (the checks), and is entitled to prevail because Non-Debtor Defendants cannot claim that the checks were issued in exchange for fair consideration, such as Non-Debtor Defendants' provision of services to PCA. As acknowledged by counsel for Plaintiff during the September 19, 2019 hearing, the Preclusion Order is "wonderful for my client." 9/19/2019 Tr. (ECF Doc No. 158-6), at p. 9. It is respectfully submitted that such a tremendous, potentially dispositive advantage should not be granted to Plaintiff just because Non-Debtor Defendants were a few weeks late in producing certain documents – which documents have long since been produced, well before the close of discovery, and Non-Debtor Defendants have reimbursed Plaintiff's costs.

What is more, as noted in our moving submissions, Judge Orenstein issued the Preclusion Order at the hearing on July 24, 2019 when Non-Debtor Defendants were neither present nor represented. Notably, Non-Debtor Defendants were in-between counsel at the time. As argued, this is a due process violation. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980) (sanctions "should not be assessed lightly or without fair notice and an opportunity for a hearing on the record."); *Martin v. Brown,* 63 F.2d 1252, 1262 (3d Cir. 1995) ("[t]he Due Process Clause of the Fifth Amendment requires a federal court to provide notice and an opportunity to be heard before sanctions are imposed on a litigant or attorney"). In light of all the circumstances described above, including that there was no willful refusal to produce discovery, no significant

7

delay, no prejudice, and Non-Defendants were neither present nor represented when Magistrate Judge Orenstein issued the Preclusion Order, the Preclusion Order should be vacated.

## CONCLUSION

For all the foregoing reasons, and the reasons set forth in Non-Debtor Defendants' opening submissions, Non-Debtor Defendants object to the September 19, 2019 order by Magistrate Judge Orenstein denying the Motion for Reconsideration of his July 24, 2019 Preclusion Order, and respectfully submit that the Preclusion Order should be vacated so that the Court can ultimately issue a decision in this case based on the merits.

Dated: Garden City, New York
October 17, 2019

MORITT HOCK & HAMFOFF LLP

By: /s/ *Danielle J. Marlow*
Michael Cardello III, Esq.
Danielle. J. Marlow, Esq.
Kelly D. Schneid, Esq.
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000

*Attorneys for Non-Debtor Defendants*

2059004v1

8